FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR 18  AM 9: 54

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

Brett Kimberlin,
*Plaintiff*,

v.

Hunton & Williams LLC, *et al.*
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW Defendant William Hoge and moves this Court dismiss the above captioned matter for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In making this motion Mr. Hoge reserves his right to move for dismissal on other legal grounds such as failure to state a claim under Rule 12(b)(6). In support of his motion Mr. Hoge states as follows:

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

Because Plaintiff fails to allege any federal cause of action against Mr. Hoge and because there is no diversity of citizenship between Plaintiff and Mr. Hoge, the Court lacks original jurisdiction with respect to Mr. Hoge in this matter. Plaintiff's case against Mr. Hoge can only continue if the Court exercises supplemental jurisdiction.

Supplemental jurisdiction is allowed for claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. "Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). However, in the instant lawsuit all Plaintiff alleges is that Mr. Hoge has done something similar to what others may have done. He alleges no facts to suggest that Mr. Hoge actually communicated with any other Defendant in any way related to a federal cause of action or that he conspired with any of them. There is simply no basis for supplemental jurisdiction.

Even if there were a basis for supplemental jurisdiction, the Court should exercise it's discretion and decline it. Plaintiff has engaged in a course of abusive lawsuits against Mr. Hoge since August, 2013, by filing frivolous state and federal court proceedings. On 15 October, 2013, he filed a RICO suit against multiple defendants (the list expanded to 24 at one point) including Mr. Hoge. The Court dismissed that lawsuit with respect to Mr. Hoge. *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-03059-GJH, ECF No. 263 (D.Md. 2015). The instant matter is Plaintiff's second frivolous filing in this Court against Mr. Hoge.

## Conclusion

As in the previous RICO case, the Court should exercise its discretion and decline supplemental jurisdiction over the claims against Mr. Hoge. While Plaintiff probably wishes to avoid suing Mr. Hoge in a Maryland court because of Plaintiff's inability to testify there,[1] that is where he should bring any state law claims when there is not an accompanying federal question.

WHEREFORE, Mr. Hoge asks the Court to DISMISS the instant lawsuit with respect to Mr. Hoge for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for such other relief as the Court may find just and proper.

Date:  18 March, 2015

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

---

[1] Plaintiff has been convicted of perjury and is barred from testifying by Md. Cts. & Jud. P. § 9-104.

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March, 2015, I served a copy of this filing on Brett Kimberlin by First Class U. S. Mail.

William John Joseph Hoge