IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 28 A 10: 02

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

**BRETT KIMBERLIN,**

    Plaintiff,

v.

**HUNTON & WILLIAMS, et al.,**

    Defendants.

Case No.: GJH-15-00723

## ORDER

Pursuant to Maryland Rules 2-121(b) and 2-122, Plaintiff Brett Kimberlin has filed a Motion for Alternative Service on Defendants Aaron Barr, Bill Nickless, and Pat Ryan. ECF No. 36. For the reasons explained below, the Court DENIES Plaintiff's motion.

Plaintiff Brett Kimberlin commenced this action against Defendants on March 16, 2015. ECF No. 1. Plaintiff has not been able to effectuate service on Defendants Aaron Barr, Bill Nickless, and Pat Ryan. *See* ECF No. 36. The envelope that Plaintiff sent to Defendant Nickless was returned or refused as "unclaimed," but it is not clear where Plaintiff sent the envelope. *Id.* at ¶ 2. After Plaintiff attempted to serve Defendant Ryan at Berico Technologies, an attorney representing Defendant Berico Technologies called Plaintiff and stated that Defendant Ryan no longer worked at Berico Technologies. *Id.* Similarly, Plaintiff received a phone call from an occupant at the address Plaintiff had for Defendant Barr, notifying Plaintiff that Mr. Barr did not live there. *Id.* Plaintiff asked attorneys representing the other Defendants if they could provide addresses for Defendants Barr, Nickless, and Ryan and was told that they did not know where

the Defendants were located. *Id.* at ¶ 3. Plaintiff has also posted a notice on a blog that Plaintiff purports to be "visited regularly by defendants and attorneys involved in this case." *Id.* at ¶ 4.

All of Plaintiff's attempts to serve Defendants Barr, Nickless, and Ryan have been unsuccessful. *See id.* Plaintiff asserts that Defendants Barr, Nickless, and Ryan have evaded service and requests that the Court either consider these Defendants served as of a specific date or permit Plaintiff to serve the Defendants through their last known employers or attorneys representing those employers: PNNL for Defendant Nickless; Greg Hoglund for Defendant Barr; and Berico Technologies for Defendant Ryan. *Id.* at 3.

Under Fed. R. Civ. P. 4(e)(1), service may be made according to the rules of the state where the district court is located. Md. Rule 2-121 governs service of process in Maryland and provides:

> (a) Generally. Service of process may be made within this State or, when authorized by the law of this State, outside of this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery. Service outside of the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice.
>
> (b) Evasion of Service. When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.
>
> (c) By Order of Court. When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

> (d) Methods Not Exclusive. The methods of service provided in this Rule are in addition to and not exclusive of any other means of service that may be provided by statute or rule for obtaining jurisdiction over a defendant.

Md. Rule 2-121.

Here, Plaintiff has attempted to serve each of these three Defendants at their last known places of business or residence, but has failed to exhaust methods of service permitted in Maryland. Notice is a constitutionally protected due process that "must not be a mere gesture, but rather an effort reasonably calculated to effect actual notice. Actual notice is not necessary. Instead, notice satisfies due process where it either 1) 'is in itself reasonably certain to inform those affected' or 2) 'where conditions do not reasonably permit such notice, . . . the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.'" *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014) (citations omitted). In this case, Plaintiff has not demonstrated a diligent effort to identify Defendants Barr's and Ryan's current residences or places of employment. *See* ECF No. 36. Plaintiff only described one attempt to send notice to Defendant Nickless, but was unclear regarding where the notice was sent. *Id.* at ¶ 2. Furthermore, aside from calling attorneys representing other Defendants and posting on a website that Defendants may or may not visit, Plaintiff has not articulated efforts made to identify addresses in which Defendants Barr, Nickless, and Ryan can be served. *Id.* at ¶¶ 3–4. Before the Court will find that Defendants Barr, Nickless, and Ryan have evaded all forms of service such that alternative service under Md. Rule 2-121(b) is warranted, Plaintiff must exhaust all general methods of service under Md. Rule 2-121(a). If it becomes clear that the general methods of service are all ineffective, Plaintiff can renew his motion for alternative service detailing his additional efforts to serve the Defendants.

Accordingly, it is this 28th day of August 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Alternative Service on Defendants Aaron Barr, Bill Nickless, and Pat Ryan (ECF No. 36) is DENIED.

2. Plaintiff is directed to attempt to serve Defendants Barr, Nickless, and Ryan pursuant to Md. Rule 2-121(a).

3. Should those efforts fail, Plaintiff is permitted to renew his motion.

George Jarrod Hazel
United States District Judge

8/28/2015