**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BRETT KIMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:15-cv-00723-GJH |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTON & WILLIAMS LLP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
PACIFIC NORTHWEST NATIONAL LABORATORY'S MOTION TO DISMISS**

LISA B. ZYCHERMAN
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

MARK BARTLETT (*pro hac vice*)
markbartlett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue
Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Pacific Northwest National
Laboratory*

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ..............................................................................1

II.    ARGUMENT ....................................................................................................2

       A.    Rule 12(b)6) Standard........................................................................2

       B.    Plaintiff's Complaint Does Not Put PNNL On Notice Of The Allegations
             Against It....................................................................................................3

       C.    Plaintiff Fails To State A Claim For Conspiracy to Invade Privacy – Intrusion
             into Seclusion.........................................................................................4

       D.    Plaintiff Fails To State A Claim For Defamation ........................................6

       E.    The Intentional Infliction of Emotional Distress Claim Likewise Must Be
             Dismissed Because Plaintiff Cannot Allege Outrageous Conduct Or the
             Required Intent........................................................................................9

III.   CONCLUSION ....................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agora, Inc. v. Axxess, Inc.*,
    90 F. Supp. 2d 697 (D. Md. 2000), *aff'd*, 11 F. App'x 99 (4th Cir. 2001) ..............................8

*Alleco, Inc. v. Harry & Jeanette Weinberg Found. Inc.*,
    340 Md. 176 (1995) ..........................................................................................................4

*Bailer v. Erie Ins. Exch.*,
    344 Md. 515 (1997) ..........................................................................................................4

*Baltimore-Clark v. Kinko's, Inc.*,
    270 F. Supp. 2d 695 (D. Md. 2003) ................................................................................10

*Batson v. Shiflett*,
    325 Md. 684 (1992) ....................................................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................2, 3, 12

*Biospherics, Inc. v. Forbes, Inc.*,
    151 F.3d 180 (4th Cir. 1998) ...........................................................................................8

*Bishop v. Bd. of Educ. of Calvert Cnty.*,
    No. DKC 11-1100, 2011 WL 2651246 (D. Md. July 5, 2011),
    *aff'd*, 466 F. App'x 261 (4th Cir. 2012)..........................................................................9

*Contech Stormwater Solutions, Inc. v. Baysaver Techs.*,
    534 F. Supp. 2d 616 (D. Md. 2008) ................................................................................6

*D&G Flooring, LLC v. Home Depot U.S.A., Inc.*,
    346 F. Supp. 2d 818 (D. Md. 2004) ................................................................................6

*Edwards v. City of Goldsboro*,
    178 F.3d 231 (4th Cir. 1999) ...........................................................................................2

*Green v. Washington Suburban Sanitary Comm'n*,
    259 Md. 206 (1970) ..........................................................................................................6

*Haines v. Kerner*,
    404 U.S. 519 (1972) (per curiam)....................................................................................3

*Harris v. Jones*,
    281 Md. 560 (1977) ..........................................................................................................9

*Hatfill v. N.Y. Times Co.*,
  416 F.3d 320 (4th Cir. 2005) ...................................................................6

*Henry v. Nat'l Ass'n of Air Traffic Specialists*,
  836 F. Supp. 1204 (D. Md. 1993) ............................................................8

*Hollander v. Lubow*,
  277 Md. 47 (1976) ...................................................................................4

*Hopkins v. Lapchick*,
  129 F.3d 116 (4th Cir. 1997) (per curiam)..............................................8

*Johnson v. MV Transp. Inc.*,
  716 F. Supp. 2d 410 (D. Md. 2010) .........................................................9

*Kessler v. Bell Atl. Commc'ns & Constr. Servs., Inc.*,
  No. CIV JFM-98-3446, 2000 WL 708943 (D. Md. 2000) .....................10

*Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*,
  326 Md. 663 (1992) ...............................................................................10

*Lambeth v. Bd. of Comm'rs of Davidson Cnty.*,
  407 F.3d 266 (4th Cir. 2005) ...................................................................2

*McCauley v. Suls*,
  123 Md. App. 179 (1998) .........................................................................4

*Papasan v. Allain*,
  478 U.S. 268 (1986)..................................................................................3

*Piscatelli v. Smith*,
  424 Md. 294 (2012) ..................................................................................8

*Reaves v. Westinghouse Elec. Corp.*,
  683 F. Supp. 521 (D. Md. 1988) ..............................................................7

*Reuber v. Food Chem. News, Inc.*,
  925 F.2d 703 (4th Cir. 2009) ...................................................................5

*Rollins v. Verizon Md., Inc.*,
  No. RDB 09-2379, 2010 WL 4449361 (D. Md. Nov. 5, 2010)................9

*Simon v. Union Hosp. of Cecil County, Inc.*,
  15 F. Supp. 2d 787 (D. Md. 1998), *aff'd in relevant part*, 199 F.3d 1328
  (4th Cir. 1999)........................................................................................10

*Snyder v. Phleps*,
  562 U.S. 443 (2011)...............................................................................5, 9

*Tomey v. Baltimore Cnty.*,
No. L-09-390, 2010 WL 917589 (D. Md. Mar. 9, 2010)..........................................6

*Trundle v. Homeside Lending, Inc.*,
162 F. Supp. 2d 396 (D. Md. 2001) .......................................................................4

*Turner v. Kight*,
192 F. Supp. 2d 391 (D. Md. 2002), *aff'd*, 121 F. App'x 9 (4th Cir. 2005) ............................3

*United Black Firefighters v. Hirst*,
604 F.2d 844 (4th Cir. 1979) ...............................................................................3

*Veney v. Wyche*,
293 F.3d 726 (4th Cir. 2002) ...............................................................................3

*Villeda v. Prince George's Cnty.*,
219 F. Supp. 2d 696 (D. Md. 2002), *aff'd*, 70 F. App'x 720 (4th Cir. 2003) .........................11

*Whitehead v. Viacom*,
233 F. Supp. 2d 715 (D. Md. 2002), *aff'd*, 63 F. App'x 175 (4th Cir. 2003) .........................11

## Other Authorities

Federal Rule of Civil Procedure 8(a)(2) ...................................................................3, 6

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 2, 6, 12

Restatement (Second) of Torts § 409 (1979)...............................................................7

Defendant Pacific Northwest National Laboratory ("PNNL"),[1] improperly sued in this action, hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff Brett Kimberlin's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    PRELIMINARY STATEMENT

Plaintiff Brett Kimberlin has filed a sprawling lawsuit against twenty-one defendants. Plaintiff's claims against PNNL, however, are limited to the following allegations: (1) that PNNL's employee Bill Nickless conspired with PNNL to "defame, harass and bully Plaintiff"; (2) that in January 2015 Nickless tweeted "in BRETT's world every 12 yr old with an [sic] GRANDMA needs to be TAKEN BY OLDER MEN TO DISNEY WORLD (& kill Gram)"; (3) that Nickless claimed he was acting on behalf of PNNL; and (4) that PNNL did not respond to unspecified complaints regarding Nickless's tweets.   Compl. 34 (¶ 53).   None of these allegations are sufficient to state any of the asserted claims against PNNL because Plaintiff has not alleged – and cannot allege – the necessary elements required under Maryland law for the following reasons:

*First*, Plaintiff's intrusion claim against PNNL must fail because Complaint is devoid of any facts alleging that PNNL took any positive or intentional action to encroach on Plaintiff's seclusion, nor can PNNL be liable for conspiring with Nickless to commit the tort because, while arguably offensive in nature, Nickless's tweet is insufficient as a matter of law to constitute an unauthorized intentional intrusion of Kimberlin's private domain.

---

[1] Defendant PNNL is the name of the U.S. Department of Energy's (DOE) national laboratory in Richland, Washington.  PNNL is operated for DOE through a management contract with Battelle Memorial Institute (an Ohio company with 501(c) tax exempt status).  Battelle is the employer of all staff at PNNL, including Bill Nickless, and although Battelle has not been named in this lawsuit it voluntarily entered an appearance.

***Second***, PNNL cannot be held vicariously liable in defamation for Nickless's tweet because he was not acting within the scope of his employment when he made the tweet. Moreover, the tweet itself, while possibly insulting, is not defamatory because it was expressed as opinion, not fact, and is thus not actionable under libel law.

***Third***, Plaintiff's intentional infliction of emotional distress claim likewise must be dismissed because Plaintiff cannot allege outrageous conduct or the required intent.

Because no amendments or discovery can cure these legal flaws, the Complaint against PNNL should be dismissed with prejudice and without leave to amend.

## II.    ARGUMENT

The Complaint asserts three claims for relief against PNNL.   Count III alleges "Conspiracy to Invade Privacy – Intrusion into Seclusion," Count V alleges "Defamation," and the second Count VII of Kimberlin's Complaint alleges "Intentional Infliction of Emotional Distress."  All claims against PNNL may be properly dismissed under Fed. R. Civ. P. 12(b)(6).

### A.    Rule 12(b)6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  The Court must look to whether the plaintiff states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  In sum, "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* Despite that, the Court must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005), the Court is not required to accept as true "a legal conclusion couched as a factual allegation,"

*Papasan v. Allain*, 478 U.S. 268, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

### B.      Plaintiff's Complaint Does Not Put PNNL On Notice Of The Allegations Against It

As a preliminary matter, Plaintiff's allegations do not satisfy even the liberal pleading standards under the Federal Rules.  Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  While courts generally hold *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers, they should nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002), *aff'd*, 121 F. App'x 9 (4th Cir. 2005).  Here, Plaintiff's scant allegations against PNNL fall short of the standard set by Rule 8(a)(2).

Plaintiff does not make allegations specific to each defendant named in the action, but instead impermissibly groups the defendants together with each allegation, making it difficult for PNNL to ascertain the specific conduct in which it is alleged to have engaged.  *E.g.*, Compl. 43 (¶¶ 70-74), 59 (¶¶ 133-137).  Additionally, because Plaintiff, for the most part, does not specifically reference the dates corresponding to certain allegations, PNNL is left to guess the time frames applicable to the allegations.  *See id.*  Accordingly, because the allegations contained in Plaintiff's complaint do not provide sufficient notice to PNNL as required by Federal Rule 8(a)(2), the complaint should be dismissed in its entirety.

3

**C.     Plaintiff Fails To State A Claim For Conspiracy to Invade Privacy –
         Intrusion into Seclusion**

Plaintiff alleges that PNNL and "all Defendants" except Mantech conspired to invade his

privacy through "unreasonable intrusion" upon his seclusion.  Compl. 43 (¶ 70).  Other than a

vague reference to allegations "outlined" in the body of his Complaint, Plaintiff sets forth no

factual allegations in support of this claim.  *Id.*  Plaintiff otherwise generally alleges that the

purported intrusion caused him to suffer injury to his "reputation, business interests, and mental

well-being" resulting in "substantial," unspecified damages.  *Id.* ¶¶ 71-72.  Plaintiff's allegations

are insufficient, as a matter of law, to make such a claim against PNNL and, therefore, it must be

dismissed.

Maryland, which generally looks to the Restatement (Second) of Torts for the elements of

the privacy torts, recognizes a cause of action for unreasonable intentional intrusion by physical

or other means upon the seclusion or private affairs of another, where a reasonable person would

find the conduct highly offensive.  *Bailer v. Erie Ins. Exch.*, 344 Md. 515, 525-26 (1997);

*Hollander v. Lubow*, 277 Md. 47, 55 (1976); *see also Trundle v. Homeside Lending, Inc.*, 162 F.

Supp. 2d 396, 401 (D. Md. 2001).  To be actionable as an invasion of privacy, the intrusion must

have been intentional.  *McCauley v. Suls*, 123 Md. App. 179, 190 (1998).

PNNL cannot be liable for conspiring with Nickless to commit the tort where, as here,

Plaintiff has not sufficiently alleged that PNNL or Nickless invaded his privacy.  *Alleco, Inc. v.*

*Harry & Jeanette Weinberg Found. Inc.*, 340 Md. 176, 189 (1995) ("Conspiracy is not a separate

tort capable of independently sustaining an award of damages in the absence of other tortious

injury to the plaintiff.") (internal quotation marks and citation omitted).  Plaintiff alleges no facts

asserting that PNNL took any positive or intentional action to encroach on Plaintiff's seclusion.

Instead, Plaintiff bootstraps PNNL to his allegations that Nickless's tweet defamed or harassed him.

While arguably offensive in nature, Nickless's tweet is insufficient as a matter of law to constitute an unauthorized intentional intrusion or prying into Plaintiff's seclusion.  "The intrusion prong of invasion of privacy requires a positive act by a defendant, aside from publication," – which is all that Plaintiff alleges here – "that encroaches on a plaintiff's seclusion." *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 718 (4th Cir. 2009).  In *Snyder v. Phelps*, a case originating in Maryland, the U.S. Supreme Court concluded that a protestor's speech – even highly offensive speech – could not support an intrusion theory.  562 U.S. 443, 458-59 (2011).  In *Snyder*, the offensive speech, by members of the Westboro Baptist Church, consisted of posters and chanting hundreds of feet away from a funeral procession.  Nickless's tweet, even if offensive to Plaintiff, certainly did not impose upon a "captive audience" or intrude upon as private a space as a funeral – as was the case in *Snyder*.  Further, Kimberlin maintained his own public twitter account through which he received Nickless's tweet and, therefore, alleges no facts suggesting that Nickless tortiously entered a private domain.

As for Plaintiff's catchall "conspiracy" claim among the defendants, Plaintiff does not allege that PNNL had any knowledge that Team Themis, for example, created a proposal about the CIRC that purportedly "listed information about non-profits, and personal information about principals and staff of STC/VR, including Plaintiff and their friends and family."  Compl. 21 (¶ 18), Ex. LL Email (Nov. 11, 2010) (between Barr of HB/Gary Federal and Kremin of Berico).  "A civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the

plaintiff." *Green v. Washington Suburban Sanitary Comm'n*, 259 Md. 206, 221 (1970). Without any facts alleging that PNNL conspired with – or even knew – any defendant other than Nickless, there is no basis in the complaint to hold PNNL liable for conspiracy to intrude on Plaintiff's seclusion. Accordingly, this claim against PNNL must be dismissed.

### D.      Plaintiff Fails To State A Claim For Defamation

The only allegedly defamatory statement set forth in Plaintiff's Complaint is the tweet he purports Nickless published in January 2015 that "in BRETT's world every 12 yr old with an [sic] GRANDMA needs to be TAKEN BY OLDER MEN TO DISNEY WORLD (& kill Gram)." Compl. 34 (¶ 53). Plaintiff's defamation claim against PNNL must be dismissed because PNNL cannot be held vicariously liable for its employee's tweet where Nickless was not acting within the scope of his employment when he published the tweet. Moreover, the tweet itself is a non-actionable statement of opinion in the form of a crass insult that cannot be held to be defamatory as a matter of law.

To recover for defamation under Maryland law, a plaintiff must establish that: "(1) the defendant made a defamatory statement regarding the plaintiff to a third person; (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff suffered harm thereby." *Contech Stormwater Solutions, Inc. v. Baysaver Techs.*, 534 F. Supp. 2d 616, 629 n.11 (D. Md. 2008). The pleadings in a defamation claim must be sufficiently detailed to enable a defendant to appropriately respond.[2] *See Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005).

---

[2] Thus, to the extent the Complaint alludes to other tweets made by Nickless that Plaintiff otherwise claims are defamatory, such claims are easily dismissed pursuant to Rules 8 and 12(b)(6). *D&G Flooring, LLC v. Home Depot U.S.A., Inc.*, 346 F. Supp. 2d 818, 824 (D. Md. 2004) (Rule 8); *Tomey v. Baltimore Cnty.*, No. L-09-390, 2010 WL 917589 (D. Md. Mar. 9, 2010) (Rule 12(b)(6)).

Plaintiff appears to allege – without affirmatively stating as much – that PNNL is nevertheless vicariously libel for the statement of its employee, Nickless. This theory is deficient on its face. Employers may only be held liable for the defamatory statements or conduct of their employees where an employee was acting within the scope of his or her employment. Restatement (Second) of Torts § 409 (1979). Vicarious liability does not apply to defamatory statements made by an employee to a third person when the statement was made outside the scope of the employee's employment. *Reaves v. Westinghouse Elec. Corp.*, 683 F. Supp. 521 (D. Md. 1988).

Plaintiff fails to allege that Nickless, the author of the tweet, was acting within the scope of his employment with PNNL when he published the tweet. Plaintiff claims that Nickless "tweeted that he was acted on behalf of PNNL," Compl. 34 (¶ 53), but provides no detail as to when this alleged tweet was published, the actual content of the tweet, or whether PNNL ever verified that Nickless acted within the scope of his employment when he published the tweet at issue. Similarly, whether PNNL ignored Plaintiff's unspecified "complain[ts]," (*id.* ¶ 53), as Plaintiff alleges, is insufficient to make a claim that PNNL can be held liable for the purported defamatory speech of one of its employees. As Plaintiff avers, PNNL "focuses on government and military research for countering terrorism through cyber security," *id.* at 8 (¶ 18), and thus would have no reason to sanction or approve the idle Twitter flame wars that its employees may engage in with third parties. Moreover, Nickless avers in the attached Affidavit that his tweets at Plaintiff were entirely personal, wholly unrelated to his work for PNNL, were not approved by PNNL, and were not conducted within the scope of his employment with PNNL. Ex. A, Affidavit of Bill Nickless. In sum, Plaintiff cannot hold PNNL liable for any alleged defamatory injury caused by its employee.

Moreover, even if Plaintiff has stated a claim for vicarious liability, Nickless's tweet is a non-actionable statement of opinion and cannot, as a matter of law, form the basis of a defamation claim under Maryland law.  To determine whether a defamatory statement is opinion or fact, a court will consider whether the challenged statement can be objectively characterized as true or false, as well as the language of the statement, the specific context of the statement, and the broader social context in which the statement appears.  *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 702-03 (D. Md. 2000), *aff'd*, 11 F. App'x 99 (4th Cir. 2001).

The test for determining if a statement is a fact or opinion is whether an ordinary person would be likely to understand that the matter is an expression of the declarant's opinion or is a declaration of an existing fact.  *Piscatelli v. Smith*, 424 Md. 294, 315 (2012).  Despite the hypothetical verifiability of a challenged statement, the tenor, causal language and context of a statement as a whole can indicate that the statement represented the author's non-actionable, subjective point of view.  *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180 (4th Cir. 1998).  Moreover, statements constituting opinion may include insults and invectives, such as calling someone a "racist."  *Hopkins v. Lapchick*, 129 F.3d 116 (4th Cir. 1997) (per curiam).  The same is true of statements that employ obvious hyperbole.  *Henry v. Nat'l Ass'n of Air Traffic Specialists*, 836 F. Supp. 1204, 1216 (D. Md. 1993).

Nickless's purported tweet that "in BRETT's world every 12 yr old with an [sic] GRANDMA needs to be TAKEN BY OLDER MEN TO DISNEY WORLD (& kill Gram)," is, without dispute, a non-actionable statement of opinion.  The loose language (e.g., "in BRETT's world"), hyperbolic tone (e.g., "every 12 yr old"), and insulting tenor confirms that the statement is not one of fact.  Moreover, in the context of Twitter flame wars the statement can fairly be read as Nickless's point of view and not a factual statement.

8

Accordingly, the defamation claim should be dismissed for failure to state a claim.

**E.     The Intentional Infliction of Emotional Distress Claim Likewise Must Be Dismissed Because Plaintiff Cannot Allege Outrageous Conduct Or the Required Intent**

Plaintiff's intentional infliction of emotional distress claim likewise must be dismissed. Claims for intentional infliction of emotional distress are subject to a "very high" pleading standard in Maryland, and are only "rarely viable." *Rollins v. Verizon Md., Inc.*, No. RDB 09-2379, 2010 WL 4449361, at *8 (D. Md. Nov. 5, 2010).   While individual employees may be liable under this tort, liability cannot attach to an employer under a respondeat superior theory. *Bishop v. Bd. of Educ. of Calvert Cnty.*, No. DKC 11-1100, 2011 WL 2651246, at *9 (D. Md. July 5, 2011) (collecting Maryland authority in support of proposition that liability for intentional infliction of emotional distress cannot extend to a school board "because an intentional tortious action constitutes an abandonment of employment and is not 'done in furtherance of the beneficent purposes of the educational system'") (citation omitted), *aff'd*, 466 F. App'x 261 (4th Cir. 2012).   Accordingly, insofar as the only conduct Plaintiff complains of in connection with PNNL was the tweet published by its employee, Plaintiff has failed to sufficiently allege a claim against PNNL.

The elements of intentional infliction of emotional distress are: (a) the conduct must be intentional or reckless; (b) the conduct must be extreme and outrageous; (c) there must be a causal connection between the wrongful conduct and emotional distress; and (d) the emotional distress must be severe.  *Snyder*, 562 U.S. at 451; *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 414 (D. Md. 2010); *Harris v. Jones*, 281 Md. 560, 566 (1977).  The essential element of this tort is extreme and outrageous conduct.  Mere insults, indignities, threats, annoyances and petty oppressions or other trivialities – like the purported tweet at issue in Plaintiff's Complaint – do

not constitute extreme and outrageous conduct.  *Harris*, 281 Md. at 567 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

The Maryland Court of Appeals has emphasized that the tort of intentional infliction of emotional distress "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct."  *Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670 (1992) (citing *Batson v. Shiflett*, 325 Md. 684, 734-35 (1992)).  Liability for this tort has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); *Kessler v. Bell Atl. Commc'ns & Constr. Servs., Inc.*, No. CIV JFM-98-3446, 2000 WL 708943, at *2 (D. Md. 2000) (quoting *Batson* and noting that "[t]he Maryland Court of Appeals has rarely upheld such claims and only when the case involved 'truly egregious acts'"); *Simon v. Union Hosp. of Cecil County, Inc.*, 15 F. Supp. 2d 787, 799 (D. Md. 1998) ("Maryland courts are reluctant to mete out recovery under the tort of intentional infliction of emotional distress."), *aff'd in relevant part*, 199 F.3d 1328 (4th Cir. 1999).

The facts alleged here are worlds away from the truly egregious and vicious cases that give rise to successful emotional distress claims.  Nothing at all about the one tweet – which Plaintiff concedes was made by Nickless and not PNNL – could lead "an average member of the community" to "arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"  *See Batson*, 325 Md. at 735 (citing Restatement (Second) of Torts § 46 cmt. d (1977)).  Only exceedingly harsh and inhuman behavior can give rise to a cause of action for emotional distress under Maryland law.  *Baltimore-Clark v. Kinko's, Inc.*, 270 F. Supp. 2d 695, 701 (D. Md. 2003).  Twitter flame wars do not cut it.  *Id.* (dismissing claim because "major outrage is essential to the

tort; the mere fact that the actor knows that the other will regard the conduct as insulting or will have his feelings hurt, is not enough") (quoting *Weathersby*, 326 Md. at 607).   Indeed, the *Batson* court found that even where the defendant's "statements were ***defamatory***, this conduct in no way satisfies our exacting standard for 'extreme and outrageous conduct'" because uttering false statements "is not 'utterly intolerable in a civilized society.'"  325 Md. at 735-36 (emphasis added).

Plaintiff's emotional distress claim against PNNL must also fail on the independent ground that plaintiff has not even alleged that PNNL intended to cause emotional distress.  For a defendant's conduct to be either intentional or reckless, he must "desire[] to inflict severe emotional distress," upon the plaintiff, "where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Villeda v. Prince George's Cnty.*, 219 F. Supp. 2d 696, 702 (D. Md. 2002), *aff'd*, 70 F. App'x 720 (4th Cir. 2003).

It is not enough that a defendant intentionally or recklessly engaged in the activity that led to the alleged distress – here, allegedly engaging in a "campaign to defame, harass and bully Plaintiff" – but the defendant must also either intend to cause emotional distress or act with the knowledge that severe emotional distress will almost certainly follow.  In this case, there are no allegations at all regarding PNNL's intent to inflict emotional distress on plaintiff, nor could there be.  Indeed, the Complaint's ***only*** allegations regarding PNNL's intent are conflated in generalized allegations regarding unspecified "Defendants'" actions.  Compl. 59-60.  Such vague allegations are so conclusory that they are insufficient under even the most liberal pleading standards.  *See* Compl. 60 (¶ 134) (alleging, without elaboration, that "Defendants' stated

11

purpose to harm Plaintiff in every way imaginable, including death threats, harm to his family and business, and reputational harm"); s*ee also Whitehead v. Viacom*, 233 F. Supp. 2d 715, 720 (D. Md. 2002) (dismissing claim with prejudice because "[t]he court need not … accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events"), *aff'd*, 63 F. App'x 175 (4th Cir. 2003); *Twombly*, 550 U.S. at 562 (citing with approval finding of several circuit courts that "[i]n practice, 'a complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory'") (citation omitted).

Thus, the intentional infliction of emotional distress claim against PNNL must also be dismissed in its entirety.

### III.    CONCLUSION

For the foregoing reasons, it is clear that Plaintiff has not and cannot adequately plead the claims asserted against PNNL.  Defendant PNNL, therefore, respectfully requests that the Court grant its Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss the Complaint against PNNL in its entirety with prejudice.

DATED:  September 3, 2015

Respectfully submitted,

 /s/ Lisa B. Zycherman
LISA B. ZYCHERMAN
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

MARK BARTLETT (*pro hac vice*)
markbartlett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue
Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Pacific Northwest National Laboratory*

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to

Dismiss, Memorandum of Points and Authorities in Support, and all exhibits thereto, was served

upon all counsel of record on this 3rd day of September 2015 via use of the Court's ECF system.

I also caused a copy to be sent via first-class mail and electronic email to the following:

Brett Kimberlin
8100 beech tree Road
Bethesda, Maryland 20817
justicejtmp@comcast.net
*Pro Se Plaintiff*

William Hoge
20 Ridge Road
Westminster, Maryland  21157
himself@wjjhoge.com
*Pro Se Defendant*


    /s/ Lisa B. Zycherman
    Lisa B. Zycherman