# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Southern Division)

| | |
|---|---|
| BRETT KIMBERLIN, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 8:15-cv-000723 GJH |
| ) | |
| HUNTON & WILLIAMS, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GREG HOGLUND, STRATIO INFORMATION TECHNOLOGY, LLC (F/K/A HB GARY FEDERAL, LLC), AND MANTECH INTERNATIONAL CORPORATION

## TABLE OF CONTENTS

I. Introduction............................................................................................................1

INCORPORATED ARGUMENT ................................................................................................1

    A. Kimberlin's Claims Are Barred by the Statute of Limitations............................1

    B. Kimberlin Does Not Allege Cognizable Legal Injury ........................................1

    C. Kimberlin Fails to Plausibly Plead the Substantive Elements of his Claims ...................................................................................................................1

II. Statement Regarding Parties..................................................................................2

III. Standard of Review................................................................................................4

IV. Kimberlin Fails to State a Claim Upon Which Relief May Be Granted Under the Maryland Uniform Fraudulent Conveyances Act.............................................5

    A. Kimberlin is Not a Creditor of the HB Gary Defendants Because He Fails to Plausibly Allege Any Substantive Cause of Action..............................5

    B. Kimberlin Has Not Alleged Any Constructive Fraud Claim Under MUFCA Because He Does Not Allege that ManTech's Asset Purchase Was Without Fair Consideration. ........................................................6

    C. Kimberlin's Actual Fraud Allegations are Not Plausible and Lack the Required Particularity ..........................................................................................6

    D. Hoglund is Not a Proper Party to Kimberlin's Fraudulent Conveyance Claim...................................................................................................................10

V. Conclusion ............................................................................................................12



PALEY ROTHMAN
ATTORNEYS AT LAW

4800 HAMPDEN LANE
6TH FLOOR
BETHESDA, MD 20814
301-656-7603
301-654-7354 fax

www.paleyrothman.com

I.  **Introduction.**

The heated rhetoric and conspiracy theories that constitute Kimberlin's Complaint fail to state any claim against the HB Gary Defendants on which relief can be granted. As is set forth at length in the Motions to Dismiss filed by Defendants United States Chamber of Commerce (Docket No. 40) and Palantir Technologies, Inc. (Docket No. 50), which are incorporated and adopted by reference herein (the "Incorporated Motions"), Kimberlin has not suffered any compensable injury, failed to file his Complaint within the applicable limitation periods, and has not plausibly pled the elements of any of the statutory or tort causes of actions that he asserts. See Docket No. 40-1 at §§ 1-3; Docket No. 50-1 at § 3. Those claims must be dismissed.

Rather than burdening the Court with restating the same arguments set forth in the Incorporated Motions, the HB Gary Defendants, for purposes of judicial economy, adopt and direct the Court to the pertinent arguments set forth in the Incorporated Motions.[1] This Motion instead addresses the substance of Kimberlin's Count II for fraudulent conveyance against the HB Gary Defendants relating to the sale of the assets of "HB Gary/Federal" (as identified by Kimberlin in his Complaint) to ManTech. Like his other wild allegations, Kimberlin's fraudulent conveyance count fails to state a claim on which relief can be granted. Kimberlin does not allege that the sale of assets by any of the HB Gary Defendants to ManTech was without fair consideration. Nor does Kimberlin allege plausibly, much less with the required particularity, that any of the HB Gary Defendants engaged in actual fraud in conducting the asset sale. Rather, Kimberlin has pled the occurrence of a common commercial transaction in which one business purchases the assets, but not the liabilities, of another. Because Kimberlin

---

[1] The HB Gary Defendants request and reserve the right to adopt and incorporate arguments set forth in Motions to Dismiss filed by any other Defendant in this action.

has not plausibly alleged facts from which the Court could find that this transaction was fraudulent, his Count II fails to state a claim on which relief may be granted.

Only two factual allegations in the Complaint are about Defendant ManTech. The first, paragraph 9, alleges that ManTech is a cyber-security company and acquired HB Gary, Inc.'s assets in 2012. The second factual allegation, paragraph 49, alleges that ManTech purchased the assets of HB Gary, Inc. with knowledge that HB Gary, Inc. had been involved in illegal activities and structured the purchase to avoid liabilities. Based on those alleged facts, Kimberlin alleges that ManTech conspired to make a fraudulent conveyance. As set forth herein, Count 2 fails to state a claim for fraudulent conveyance and should be dismissed. No other claim in the Complaint is directed at ManTech.

## II. Statement Regarding Parties.[2]

Kimberlin's Complaint fails to properly or clearly identify the parties against whom his Complaint is asserted. The Complaint's caption lists as a party-defendant "HB Gary/Federal." The section of Kimberlin's Complaint regarding the parties to this action does not identify or provide any additional information about the "HB Gary/Federal" entity listed in the caption. See Complaint at ¶¶ 1-20. Kimberlin later identifies "HB Gary/Federal" as an amalgamation of two separate and legally-distinct entities which Kimberlin identifies as "HB Gary Federal" and "HB Gary." Complaint at pg. 16 ¶ 5.[3]

---

[2] This Statement is offered for clarification purposes due to the lack of proper party identification in Kimberlin's Complaint. Regardless of who the parties to the events alleged in the Complaint are, Kimberlin's Count II (along with each and every other count averred against the HB Gary Defendants in his Complaint) fails to state a claim on which relief may be granted.

[3] At page 12 of his Complaint, Kimberlin abandons the sequential numbering of his allegations and restarts his numbered paragraphs from the beginning at 1.

Kimberlin's Complaint is primarily aimed at alleged actions involving "Team Themis." Kimberlin identifies "HB Gary/Federal" as a defendant to five (5) different counts that are based on the alleged plan developed by Team Themis, which plan never came to fruition.[4] The exhibits to his Complaint identify "HB Gary Federal" as HB Gary Federal, LLC on documents relating to Team Themis. Complaint, at Exhibit E (alleged proposal to Hunton & Williams, LLP from Berico Technologies, LLC, Palantir Technologies, Inc., and HB Gary Federal, LLC); Exhibit RR (alleged teaming agreement between Berico Technologies, LLC and HB Gary Federal, LLC to submit a proposal to Hunton & Williams, LLP). HB Gary, Inc. is not listed as one of the parties submitting the proposal or participating in the teaming agreement. Complaint at Ex. E, RR.

Although Kimberlin seeks to treat the two legally-distinct entities of HB Gary Federal, LLC and HB Gary, Inc. as a single entity that he calls "HB Gary/Federal," he cannot by slight of hand or slip of allegation transform two entities into one. Given that the bulk of the Complaint is aimed at the alleged activities of Team Themis, this Motion is filed on behalf of HB Gary Federal, LLC.

The party whose assets were sold to ManTech, on the other hand, was HB Gary, Inc. See Exhibit 1 hereto, Form 10-Q dated May 4, 2012 filed by ManTech International Corporation, at pg. 27 ("On April 2, 2012, we completed the acquisition of certain assets of HBGary, Inc.").[5] HB Gary, Inc. subsequently changed its corporate name to Terracina

---

[4] The five counts involving Team Themis are: Count 1 (Conspiracy to Violate Civil Rights Act), Count 3 (Conspiracy to Invade Privacy – Intrusion Upon Seclusion), Count 6 (Commission of and Conspiracy to Commit RICO), Count 7 (Conspiracy to Interfere with Business Relations and Prospective Business Advantage), and Count 8 (Intentional Infliction of Emotional Distress).

[5] The Court may properly take judicial notice of documents filed with the Securities and Exchange Commission, *In re Municipal Mortg. & Equity, LLC, Securities and Derivative*

- 3 -

Ventures, Inc. ("Terracina"). Terracina has not been served with Kimberlin's Complaint and is not before the Court at this time.

### III. Standard of Review.

This Motion under Rule 12(b)(6) tests the legal sufficiency of Kimberlin's Complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). While the Court accepts Kimberlin's well-pleaded factual allegations as true, that deference "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In order to survive this Motion, Kimberlin must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Id.* at 679. The required well-pleaded facts in Kimberlin's Complaint must "raise a right to relief above the speculative level" and be more than "merely consistent" with the occurrence of the alleged fraudulent conveyance. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007). In assessing this Motion, the Court may consider documents that are "integral to" the Complaint and also may consider extrinsic facts that are susceptible to judicial notice. *Am. Chiro. Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004); *Brooks v. Arthur,* 626 F.3d 194, 200 (4th Cir. 2010).

Kimberlin's Count II alleges that the HB Gary Defendants engaged in actual fraud in conducting the asset sale. Complaint at ¶ 66. Allegations of fraud are subject not only to *Twombly*'s and *Iqbal*'s plausibility standard; but also to Fed. R. Civ. Proc. 9(b)'s particularity requirement. Under Fed. R. Civ. Proc. 9(b)'s standard, Kimberlin is required to "set forth 'the who, what, when, where, and how of the alleged fraud' before access to the discovery process

---

*Litigation*, 876 F.Supp.2d 616, 626 n.7 (D. Md. 2012), and may therefore consider this evidence in deciding this Motion. *Brooks,* 626 F.3d at 200.

should be granted.'" *Murphy v. Capella Educ. Co.*, 589 Fed. Appx. 646, 652 (4th Cir. 2014) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008)).

IV. **Kimberlin Fails to State a Claim Upon Which Relief May Be Granted Under the Maryland Uniform Fraudulent Conveyances Act.**

A. <u>Kimberlin is Not a Creditor of the HB Gary Defendants Because He Fails to Plausibly Allege Any Substantive Cause of Action.</u>

At the outset, Kimberlin's Count II must be dismissed because he does not plausibly allege any other substantive cause of action against the HB Gary Defendants and is, therefore, not a creditor of the HB Gary Defendants. As described in the Incorporated Motions, Kimberlin affirmatively alleges that he discovered his causes of action by March 11, 2011 (see Complaint at ¶ 46), rendering his claims time-barred, has not suffered any legally-cognizable injury, and does not plausibly allege the substantive elements of the causes of action he attempts to plead. Even if any of Kimberlin's claims survived the Motion to Dismiss stage (though they clearly should not), Kimberlin does not and cannot advance those claims against ManTech or HB Gary, Inc. (the parties to the conveyance). Kimberlin plainly is not and was not a creditor or either the buyer or seller to the asset purchase.

The Maryland Uniform Fraudulent Conveyances Act ("MUFCA") provides a claim only for creditors. Md. Code, Comm'l. Law Art., §§ 15-209, 15-210. A "creditor" is "a person who has any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." Md. Code, Comm'l. Law Art., § 15-201(d). Kimberlin has not plausibly alleged that he is a creditor of the HB Gary Defendants because his Complaint does not show that he "has any claim" against any of the HB Gary Defendants. *Id.* Accordingly, Kimberlin's Count II must be dismissed for lack of standing.

B. <u>Kimberlin Has Not Alleged Any Constructive Fraud Claim Under MUFCA Because He Does Not Allege that ManTech's Asset Purchase Was Without Fair Consideration.</u>

MUFCA provides constructive and actual fraud fraudulent conveyance claims. Each of MUFCA's four constructive fraud claims requires that the conveyance is made "without . . . fair consideration." Md. Code, Comm'l. Law Art., §§ 15-204, 15-205, 15-206, 15-208.

Kimberlin does not allege anywhere in his Complaint that the asset sale to ManTech did not provide for the payment of fair consideration for the purchased assets. Because Kimberlin has failed to plead, much less plausibly plead, this essential element of a MUFCA constructive fraud claim, his Count II must be dismissed.

Beyond the absence of any averment that the asset sale lacked fair consideration, Kimberlin has also completely failed to allege other elements of his MUFCA claim. He has not alleged that HB Gary, Inc. (which is not a party to this case) was insolvent at the time of the sale or was rendered insolvent by the sale. Md. Code, Comm'l. Law Art., § 15-204. He has not alleged that HB Gary, Inc. was engaged in business with unreasonably small capital, Md. Code, Comm'l. Law Art., § 15-205; in fact, Kimberlin alleges the opposite by averring that "Defendant HB Gary/Federal shuttered its operations" and was no longer engaging in any business. Complaint at ¶ 49. Nor has he alleged that HB Gary, Inc. intended or believed it would incur debts beyond its ability to pay after the closing of the asset sale. Md. Code, Comm'l. Law Art., § 15-206. Kimberlin has simply alleged <u>none</u> of the elements of a MUFCA constructive fraud claim.

C. <u>Kimberlin's Actual Fraud Allegations are Not Plausible and Lack the Required Particularity.</u>

Kimberlin also falls far short of pleading an actual fraud MUFCA claim. *See* Md. Code, Comm'l. Law Art., § 15-207. Although Kimberlin's actual fraud claim is subject to

both the *Twombly/Iqbal* plausibility standard and Fed. R. Civ. Proc. 9(b)'s particularity requirement, it meets neither test and must be dismissed.

The sole averments in Kimberlin's Complaint regarding the HB Gary Defendants' asset sale are as follows:

> 49. Upon information and belief, in 2012, Defendant HB Gary/Federal shuttered its operations in order to limit its liability regarding the Team Themis activity. It then intentionally sold its assets to Defendant Mantech to protect them from liability. Defendant Mantech purchased these assets on or about April 1, 2012, with full knowledge that HB Gary/Federal had been involved with the illegal Team Themis activities and knowingly structured its purchase to limit its purchase to assets and to avoid liabilities. . . . .
>
> . . .
>
> 66. Defendants HB Gary/Federal, Hoglund and Mantech conspired to and did fraudulently, knowingly and intentionally transfer assets belonging to HB Gary/Federal in order to shield them from legal process in this case, and created a sales agreement to specifically limit liability of Mantech for the illegal conduct alleged above by HB Gary/Federal.
>
> 67. Defendants HB Gary/Federal were advised by letter in March 2011 that they was [*sic*] facing legal action with regard to the illegal conduct alleged above. Upon receiving that letter, it [*sic*] initiated action to transfer assets to Defendant Mantech to keep them beyond the reach of Plaintiff, a future creditor, thereby causing him harm.

Complaint at ¶¶ 49, 66-67. These averments fall far short of what is required for actual fraud. There is no allegation of any misrepresentation made or concealment engaged in by any of the HB Gary Defendants. Kimberlin fails to identify any misleading, deceptive, or false statement or action by any of the HB Gary Defendants in connection with the asset sale, much less the "who, what, when, where, and how of the alleged fraud" as Fed. R. Civ. Proc. 9(b) requires. *Murphy*, 589 Fed.Appx. at 652 (internal quotation omitted).

In fact, the judicially-noticeable evidence of the Form 10-Q quarterly report filed with the U.S. Securities and Exchange Commission by ManTech (a publicly-traded corporation)

shortly after the asset sale demonstrates the exact opposite by plainly stating the terms of the transaction:

> On April 2, 2012, we completed the acquisition of certain assets of HBGary, Inc. (HBGary). The acquisition was completed through an asset purchase agreement (HBGary Purchase Agreement) dated February 27, 2012, by and among a subsidiary of ManTech International Corporation, HBGary, Inc., and the shareholders of HBGary.
>
> . . .
>
> ManTech funded the acquisition with cash on hand. The preliminary purchase price was $23.8 million and may increase or decrease depending on the finalization of the post-closing working capital adjustment.

Form 10-Q dated May 4, 2012, at pg. 17, attached as Exhibit 1. This was not a transaction that took place in the shadows through fraud or deceit; it was a transaction that was fully disclosed to the government and the general public. Nor is there any allegation by Kimberlin that the HB Gary Defendants are related parties, that HB Gary, Inc. retained any interest in the assets conveyed, and obviously there was significant consideration paid. Kimberlin must do more than plead facts "merely consistent" with a fraudulent conveyance, *Twombly*, 550 U.S. at 557, but fails to do so because nothing that he pleads in his Complaint plausibly suggests anything other than an arms-length transaction between commercial parties.

The fact that one purpose of the asset sale may have been to limit liability is insufficient to allege a fraudulent conveyance. In *Christian v. Minn. Mining & Mfg. Co.*, 126 F.Supp.2d 951 (D. Md. 2001), this Court rejected a claim that 3M engaged in a fraudulent conveyance when it sold its silicone implant division even though 3M "acknowledge[d] that the fear of future lawsuits factored into its decision to divest." *Id.* at 961. The Court in *Christian* also notably ruled that the presence in the asset purchase agreement of an indemnification clause limiting the buyer's post-sale liability did not give rise to a fraudulent

conveyance. *Id*. *Christian* makes clear that a motivation to avoid future liability does not give rise to a fraudulent conveyance.

Kimberlin's allegation that the HB Gary Defendants entered into the asset sale to protect HB Gary, Inc.'s assets from liability is nonsensical and implausible. Complaint at ¶¶ 49, 66. Any rights that Kimberlin may have would not be enforced by an *in rem* proceeding directly against HB Gary, Inc.'s assets, but would instead be enforced by obtaining an *in personam* money judgment against HB Gary, Inc. itself. Kimberlin's averment that the HB Gary Defendants "sold" the assets, Complaint at ¶ 49, is telling. A sale is merely the exchange of one set of assets for a different type of asset, money. Because Kimberlin does not, and cannot, allege facts demonstrating that the asset sale was for less than fair consideration, Kimberlin cannot plausibly allege that the asset sale was a fraudulent conveyance that hindered Kimberlin or any other creditor or potential creditor in any way.

Nor does the fact that ManTech allegedly took actions to limit its liability, see Complaint at ¶¶ 49, 66, give rise to a fraudulent conveyance. The general rule under Maryland law is that ManTech as the acquirer of another corporation's assets does not also acquire the predecessor's debts and liabilities. *Academy of IRM v. LVI Environmental Services, Inc.*, 344 Md. 434, 451, 687 A.2d 669, 677 (1997). Kimberlin would have this Court turn the general rule on its head by ruling that a fraudulent conveyance necessarily occurs when a successor avails itself of the traditional rule that a purchaser of assets does not also purchase liabilities. In the absence of plausible and particularized allegations of fraud, this is not the law of Maryland. *Id*.

Kimberlin does not allege any misrepresentation or concealment and does not allege well-pleaded facts from which the Court could find a fraudulent conveyance. Kimberlin's

averments amount to, at best, a claim that the HB Gary Defendants exchanged one set of assets (those formerly used in HB Gary, Inc.'s business) for a more liquid asset of cash. Again, there is no allegation that HB Gary, Inc. did not receive fair consideration for the sale of its assets.[6] This did not hinder creditors; if anything it made HB Gary, Inc. more susceptible to collection efforts by replacing potentially illiquid business assets with cash. Because Kimberlin fails to allege, much less allege with particularity, any actual fraudulent representation or concealment and fails to plausibly aver that the asset sale hindered any creditor, Kimberlin has not stated a MUFCA actual fraud claim.

D.  Hoglund is Not a Proper Party to Kimberlin's Fraudulent Conveyance Claim.

Even if Kimberlin's allegations stated a plausible fraudulent conveyance claim with respect to the asset sale, which they do not, Hoglund in his individual capacity is not a proper party to that claim.

The only allegation pertinent to Count II regarding Hoglund is that Hoglund conspired in the asset sale. Complaint at ¶ 66. First, Hoglund cannot conspire with HB Gary, Inc., as Maryland law is "well-settled" that an employee cannot conspire with his employer. *Marmott v. Md. Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986).

Further, Kimberlin does not claim that any of Hoglund's personal assets were transferred or that Hoglund received any of the assets that were sold. Accordingly, there is no relief that can be obtained against Hoglund on the fraudulent conveyance claim. MUFCA permits the Court to "have the conveyance set aside" or "levy on or garnish the property conveyed as if the conveyance was not made." Md. Code, Comm'l. Law Art., § 15-209(a)(1)-(2). It also permits the Court to "restrain the defendant from disposing of his property" and

---

[6] Exhibit 1 reflects a substantial preliminary sales price.

"appoint a receiver to take charge of the property." Md. Code, Comm'l. Law Art., § 15-210(b)(1)-(2). None of those forms of relief are applicable to Hoglund because Kimberlin has not alleged that any of Hoglund's property has been conveyed or that Hoglund received any of HB Gary, Inc.'s property.

Nor can Kimberlin seek damages from Hoglund for conspiracy (if one was even possible) relating to any fraudulent conveyance because Kimberlin's claims against any of the HB Gary Defendants have not matured through the entry of a judgment in his favor. *Van Royen v. Lacey*, 262 Md. 94, 99, 277 A.2d 13, 15 (1971) ("[A] general creditor, without a lien, has no legal right or interest in the debtor's property and cannot be legally injured by any action by way of conspiracy on the part of the debtor and others to dispose of his property in order to evade payment of his general obligations."). Kimberlin's status as a an *alleged potential* creditor lacking a judgment lien "is not, . . ., sufficient to maintain a suit for conspiracy to defraud." *Id.* at 17.[7]

---

[7] As set forth earlier, Kimberlin has no valid claims against any of the HB Gary Defendants and is not even a potential creditor.

## V. Conclusion.

For the reasons set forth above, and in the Incorporated Motions, each and every cause of action alleged by Kimberlin against the HB Gary Defendants should be dismissed for failure to state a plausible claim on which relief may be granted and failure to plead fraud with particularity.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, CHTD.

By:   /s D. Jack Blum
    Glenn M. Cooper, #00977
    Patricia M. Weaver, #10951
    D. Jack Blum, #07241

4800 Hampden Lane, Sixth Floor
Bethesda, Maryland 20814
Telephone: (301) 951-9360
Facsimile: (301) 654-7354
gcooper@paleyrothman.com
tweaver@paleyrothman.com
jblum@paleyrothman.com

*Attorneys for Defendants Greg Hoglund, Stratio Information Technology, LLC, and ManTech International Corporation*
