# Exhibit 1

# StopTheChamber.com

PO BOX 9576
Washington, D.C. 20016
info@velvetrevolution.us

February 28, 2011

Walfrido Martinez
Managing Partner
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006

Re: Document Hold Request for Potential Litigation In The Matter Of Hunton &
Williams/Themis/Chamber of Commerce Dirty Tricks Campaign

Dear Mr. Martinez:

This memorandum is to inform you about potential litigation in connection with the
Hunton & Williams/Themis/Chamber of Commerce dirty tricks campaign recently
exposed through the release of tens of thousands of emails on the Internet. Because of
your company's alleged involvement in circumstances that gave rise to this potential
litigation, I remind you of your legal obligation to preserve all documents that relate in
any way to this matter.

You have a duty to preserve evidence relevant to this action, even without a court order.
And because electronic data may be an irreplaceable source of discovery in this matter, it
is your duty to preserve all potentially relevant electronic data. Furthermore, it is your
duty to insure that a proper litigation notification is issued, and a litigation hold
implemented. Consistent with that duty, we request that your data be preserved and
maintained – in **native** format, and in accordance with the following safeguards:

I recommend that you take the following four steps to ensure that all data, including
electronic data, is preserved:

First, you should agree on one person to take the lead in preserving all information
potentially relevant to this matter. This person should ensure that these steps are taken in
their entirety, and that steps are not accidentally skipped because you both assume that
the other is taking care of it.

Second, you should contact former employees or suspended employees to ensure that
they understand the importance of preserving all potentially relevant evidence.

Third, you should develop a strategy for preserving all electronic data in your possession.

Fourth, if you automatically dispose of or recycle digital or paper files, digital back-up tapes, optical diskettes, or other storage media (possibly pursuant to a document retention policy), you should suspend such programs related to documents in this matter.

Fifth, if your document retention policy previously resulted in the destruction of electronically stored information that can still be reasonably recovered, please recover this information immediately.

## 1. ELECTRONIC DATA TO BE PRESERVED:

The following types of electronic data and/or the electronic data of your subsidiaries, divisions, agents, employees and relevant third-parties, vendors or contractors should be preserved in **native** format, in accordance with the steps set forth below:

 *All electronic mail and information about electronic mail (including message contents, header and logs of e-mail system usage) sent or received by any custodian relating to the subject matter of the litigation;

* All databases, including field and structural information as well as records, containing any information relating to the subject matter of the litigation;

* All logs of activity on any computer systems that have been used to process or store data containing information relating to the subject matter of the litigation;

 * All other electronic data containing information about, or relating to, the subject matter of the litigation, including but not limited to:

 All word processing files and file fragments;

 Electronic data created by applications which process financial, accounting and billing information;

All electronic calendar and scheduling program files and file fragments;

All electronic spreadsheet files and file fragments.

## 2. ON-LINE DATA STORAGE

With regard to online storage and/or direct access storage devices, including, but not limited to, any file server or data array (e.g. RAID, rootkit) physically or remotely attached to your client's computers through wired or wireless networking, we request that your client not modify or delete any existing electronic data files that meet the criteria set forth above, unless an exact mirror image has been made and will be preserved and kept accessible for purposes of this litigation.

### 3. OFF-LINE DATA STORAGE, BACKUPS AND ARCHIVES

With regard to all electronic media used for offline storage, such as magnetic tapes and cartridges, CDs, DVDs, USB devices (e.g. 'thumb drives'), hard drives and the like, used with any computer, file server or data array (e.g. RAID), whether physically or remotely attached to your client's computers through wired or wireless access that contain any electronic information relating to the subject matter of this litigation, we request that your client stop any activity that may result in the loss of such data. This request is intended to cover all removable electronic media used for data storage in any device, including those containing backup and/or archive data sets.

### 4. PRESERVATION OF REPLACED DATA STORAGE DEVICES

We request that your client preserve any electronic data storage devices and/or media that may contain data relating to the subject matter of the potential litigation.

### 5. FIXED DRIVES ON STAND-ALONE PERSONAL COMPUTERS AND NETWORK WORKSTATIONS

We request that your client not alter, delete or over-write relevant electronic data that existed on fixed drives attached to stand-alone microcomputers, network workstations and/or data arrays (e.g. RAID) at the time of filing of this action, or perform other procedures such as data compression and disk defragmentation or optimization routines that may impact such data, unless an exact mirror image has been made of such active files and directory listings (including hidden and/or deleted files) for all directories containing such files and that it completely restore any altered, deleted or over-written electronic files and file fragments and arrange to preserve all such data during the pendency of this litigation.

### 6. APPLICATIONS AND UTILITIES

We request that your client preserve copies of all applications and utilities that may be used to process electronic data discussed in this letter.

### 7. LOG OF SYSTEM MODIFICATIONS

We request that your client maintain an activity log of document modifications made to any electronic data processing system that may affect any system's capability to process any electronic data relating to the subject matter of the litigation.

### 8. PERSONAL COMPUTERS AND ALL OTHER DEVICES USED BY EMPLOYEES, INDEPENDENT CONTRACTORS AND OTHERS UNDER THE

**CONTROL OF YOUR CLIENT**

Please immediately take the following steps with regard to all fixed drives attached internally, externally, physically and/or remotely by wired or wireless access to any personal computers used by any custodian under your client's control:

* An exact mirror image must be made of all electronic data relating to the subject matter of the litigation;

* Full directory listings (including hidden and deleted files) for all directories and subdirectories must be written;

Please immediately take the following steps with regard to all removable drives attached internally, externally, physically and/or remotely by wired or wireless access to any personal computers used by any custodian under your client's control:

* All removable electronic media, such as floppy diskettes, magnetic tapes and cartridges, CDs, DVDs, USB devices (e.g. 'thumb drives') and the like that existed before the delivery of this letter and that contain relevant data should collected, maintained intact and kept available during the pendency of this litigation.

Please immediately take the following steps with regard to all other relevant devices used by any custodian under your client's control, whether it is internally, externally, physically and/or remotely attached by wired or wireless access to any system used by your client:

* All cellular phones, personal data assistants (e.g. Blackberry), voicemail messages, text messages (SMS or otherwise), instant messages and/or any other device that stores electronic information (e.g. RAM on printing devices or FAX machines) and the like that existed before the delivery of this letter and that contain relevant data should collected, maintained intact and kept available during the pendency of this litigation.

**9. EVIDENCE CREATED AFTER RECEIPT OF THIS LETTER**

Any relevant electronic data created after receipt of this letter should be preserved in a manner consistent with the directions in this letter.

10. **METADATA**

As it is relevant to all items cited hereinabove, your client is instructed to preserve **all metadata** and not to **alter, delete and/or over-write any metadata**.

**11. OTHER DATA**

There may be other categories of documents relevant to this issue. If you are unsure about the relevance of a document, be cautious and preserve it. Please do not discard any documents including email, Word documents, Excel documents, slide shows, photographs, videos, surveillance logs, surveillance reports and other data in any form relating to these topics or any other aspect of this matter. This request applies to documents now in your possession, as well as those you create or receive subsequent to this memorandum. Your obligation at this time is to identify and preserve relevant documents.

## 12. ERR OF THE SIDE OF RETAINING DOCUMENTS

We understand that these categories of information are broad; however, we do not know at this time which specific documents or categories of documents may be requested in the future. As a result, you must ensure that all documents of potential relevance are preserved. If you are not sure whether particular documents or records should be retained, please err on the side of caution; you must not destroy, discard, or delete those documents.

Please feel free to contact me to discuss any aspect of this letter.

Sincerely,

Kevin Zeese
Attorney at Law
301-996-6582