FILED ——— ENTERED
LOGGED _____ RECEIVED

SEP 0 8 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ——————— DEPUTY

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLC, *et al.*
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW Defendant William Hoge and moves this Court dismiss the above

captioned matter for failure to state a claim upon which relief can be granted pursuant to

Fed. R. Civ. P. 12(b)(6).  In support of his motion Mr. Hoge states as follows:

### I. PLAINTIFF'S COMPLAINT DOES NOT PROPERLY ALLEGE THAT MR. HOGE COMMITTED ANY TORT AGAINST PLAINTIFF

Plaintiff's Complaint (ECF No. 1) defies easy description.  Like his earlier, now-

dismissed suit against Mr. Hoge brought in this Court, *Kimberlin v. National Bloggers*

*Club , et al. (I)*, Case No. 13-CV-3059-GHJ (D.Md. 2015), it is not aimed at stating a claim

upon which relief can be granted.  The instant lawsuit is a hodgepodge of conclusory

allegations unsupported by any evidence, especially as it applies to Mr. Hoge.  In its

Memorandum Opinion dismissing Plaintiff's previous lawsuit against Mr. Hoge (*National*

*Bloggers Club (I)*, ECF No. 263), this Court used one form or another of the word "fail"

over 30 times to describe Plaintiff's deficient pleadings.  Plaintiff has done no better with

the Complaint (ECF No. 1) in the instant lawsuit.  If the Court were to apply the same

standard of review it used in *National Bloggers Club (I)*, Plaintiff's case should fail this

time for the same reasons as before.  *See National Bloggers Club*, ECF No. 263 at 3, 4.


## II. PLAINTIFF'S LAWSUIT IS BARRED BY *RES JUDICATA*


As was detailed in Mr. Hoge's motion to dismiss the second amended complaint in

*National Bloggers Club (I)* (ECF No. 149), Plaintiff had sued Mr. Hoge in an overlapping

state case, *Kimberlin v. Walker, et al.*, Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014).

That case was resolved in Mr. Hoge's favor by summary judgment on most counts and a

directed verdict on the two counts that went to trial.

As a reult, most of Plaintiff's claims against Mr. Hoge are barred by *res judicata*

under Maryland law.  "[T]he federal court for the District of Maryland must give to a prior

Maryland state court judgment whatever res judicata effect Maryland law or usage

provides[.]" *J. Aron and Co., Inc. v. Service Transp. Co.*, 515 F.Supp. 428, 438 (D.Md.

1981).

Under Maryland law, *res judicata* bars a second suit involving the same parties if

there exists a judgment on the merits in the prior suit.  *Alvey v. Alvey*, 225 Md. 386, 390

(1961).  The doctrine bars a subsequent lawsuit when

> (1) the parties in the present litigation are the same or in privity with the
> parties to the earlier litigation; (2) the claim presented in the current
> action is identical to that determined or that which could have been raised
> and determined in the prior litigation; and (3) there was a final judgment
> on the merits in the prior litigation.

*Chew v. Green, et al.*, Case No. 13-CV-02115-DKC (D.Md. 2014) ECF No. 52 at 14, citing

*Cochran v. Griffith Energy*, 426 Md. 134, 140 (2012).

   With respect to the first and third points of the formula given in *Cochran*, Plaintiff

and Mr. Hoge were adverse parties in *Kimberlin v. Walker, et al.*, and the judgments in

Mr. Hoge's favor were on the merits of that case.

   With respect to the second point, Plaintiff has not raised any claim in the instant

lawsuit that he could not have also included in this previous state case.  Under Md. Rule

2-341(a), Plaintiff could have amended his complaint in *Kimberlin v. Walker, et al.* without

leave up until 30 day prior to the scheduled trial date which was 11 August, 2014.  Thirty

days prior to that date was 12 July, 2014.

   Even if the complaint's allegations were well-pleaded, and they are not, any claims

stemming from acts on or before 12 July, 2014, could have been raised in *Kimberlin v.

Walker, et al.* and, thus,  are barred by *res judicata*.  Therefore, to the extent that any of

Plaintiff's claims are based on acts done on or before 12 July, 2014, he has failed to state a

case upon which relief can be granted, and the Court should dismiss such claims against

Mr. Hoge pursuant to Fed. R. Civ. P. 12(b)(6).  Given that the only specific act alleged to

have been done by Mr. Hoge after that date does not specifically relate to any of the

alleged torts (Complaint, ¶ 58 at 36), that dismissal should include all claims.

### III. PLAINTIFF HAS FAILED TO PROPERLY STATE A CLAIM FOR "CONSPIRACY TO INVADE PRIVACY—INTRUSION INTO SECLUSION"

In order to establish the tort of intrusion into seclusion, Plaintiff must allege with

specificity what Mr. Hoge did to invade his privacy.  Also, Plaintiff must state what

damages he suffered.  He has done neither.  Nor does he address proximate causation.

Thus, so far as Claim III is concerned, Plaintiff has failed to state a claim upon

which relief can be granted, and Claim III should be dismissed.

### IV. PLAINTIFF HAS FAILED TO PROPERLY STATE A CLAIM FOR "APPROPRIATION OF NAME, INTRUSION INTO SECLUSION, AND UNREASONABLE PUBLICITY"

Plaintiff has failed to make any non-conclusory allegations in support of his Claim

IV.  He has not alleged a single specific instance of Mr. Hoge engaging in appropriation of

his name for any commercial purpose.  He has not done so because he cannot.

Plaintiff has not alleged that Mr. Hoge has done any specific thing that ruined his

good name or diminished its commercial value.  Indeed, how does one diminish the "good

name" of a convicted perjurer, drug smuggler, and serial bomber?[1]  Other than dubious

---

[1] *See Kimberlin v. White*, 7 F.3d 527, 527, 528 (6th Cir. 1993).

product endorsements for certain explosives, what commercial value could there be in such a reputation?

Plaintiff tries to allege that Mr. Hoge has engaged in "creating fraudulent financial scams," but he does nothing to meet the pleading requirements of Fed. R. Civ. P. 9.

As to unreasonable publicity, Mr. Hoge does have a daily feature on his blog called *Team Kimberlin Post of the Day* which deals with the activities of Plaintiff and his associates. Including a reference to the subject of an article does not amount to a tort. Nor does truthfully reporting on someone's public activities. In reality, Plaintiff has not offered a single specific allegation of Mr. Hoge intruding into his seclusion or subjecting him to unreasonable publicity. All Plaintiff's allegations boil down to grumbling about Mr. Hoge's truthful reporting about him, reporting that is protected by the freedom of the press and freedom of speech clauses of the First Amendment. Plaintiff again fails to specify what damages he might have suffered, and he fails to show proximate causation.

Claim IV fails to state a claim upon which relief can be granted and should be dismissed.

## V. PLAINTIFF HAS FAILED TO PROPERLY PLEAD "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"

Plaintiff's second Claim VII is his usual claim for intentional infliction of emotional

distress.[2]  Plaintiff simply does not allege its elements.  Nothing in the Complaint

specifically alleges intentional or reckless behavior by Mr. Hoge that was extreme or

outrageous.  Plaintiff has not alleged, except in the most conclusory manner, any causal

connection between Mr. Hoge's actions and any distress he may have suffered.  Nor has he

established that any of his alleged distress was severe.  *See Harris v. Jones*, 281 Md. 560

(1977).

He certainly has failed to allege any conduct that was "extreme or outrageous."

*Batson v. Shiflett*, 602 A.2d 1191, 1216 (Md. 1992).  Again, Plaintiff's Complaint boils

down to grumbling that Mr. Hoge has engaged in reporting truthful information about

Plaintiff's past and current activities and has engaged in fair comment on matters of

public concern.  Such activity is protected by the freedom of speech and freedom of the

press clauses of the First Amendment.  It is neither outrageous nor extreme.  Moreover, in

cases involving speech such as this one, a public figure such as Plaintiff[3] cannot prevail on

---

[2] Plaintiff has included essentially the same faulty claim for intentional infliction of
emotional distress in four of the six civil actions he has filed against Mr. Hoge in the past
two years.  In the first case, *Kimberlin v. Walker, et al.* Case No. 380966V (Md. Cir.Ct.
Mont. Co. 2104) the intentional infliction of emotional distress claim was dismissed on
summary judgment.  The second case was *Kimberlin v. National Bloggers Club, et al. (I)*,
which this Court dismissed.  The instant suit is the third case.  The fourth case was
*Kimberlin v. National Bloggers Club, et al. (II)*, Case No. 403868V, (Md. Cir.Ct. Mont. Co.
2015), dismissed on 3 Spetember, 2015.  The other two civil actions were an unsuccessful
peace order petition filed by Kimberlin against Mr. Hoge and the unsuccessful appeal of
that petition's denial.

[3] Like Ted Kaczynski (the Unabomber), Plaintiff is a convicted serial bomber.  *Kimberlin
v. White*, 7 F.3d 527, 527, 528 (6th Cir. 1993).  Such notorious criminals are
unquestionably public figures.

an intentional infliction of emotion distress claim without establishing that the defendant acted with actual malice. *See Hustler v. Falwell*, 485 U.S. 46, 56 (1988). In reality, Plaintiff has failed to properly plead that Mr. Hoge acted with actual malice, much less published anything actionable at all.[4]

More fundamental, Plaintiff has not properly alleged that Mr. Hoge has committed any other tortuous conduct. Under Maryland law, "intentional infliction of emotional distress is an element of damage, not an independent tort." *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46 (1986). The Maryland Court of Appeals adds, "In Maryland, recovery of damages for emotional distress must arise out of tortious conduct." *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 71 A.3d 30, 58 (2013). Since all of Plaintiff's other alleged torts fail, he cannot recover for intentional infliction of emotional distress.

Given the essentially similar facts in the instant matter, *Walker, et al.*, and *National Bloggers Club (II)*, Plaintiff has failed to state a claim upon which relief can be granted, and his second Claim VII should be dismissed.

---

[4] This is not to say that Mr. Hoge has not reported about extreme or outrageous acts committed by Plaintiff. For example, Mr. Hoge has written about the bombing spree that resulted in Plaintiff's conviction as the Speedway Bomber. *See Kimberlin v. White*, 7 F.3d 527, 527, 528 (6th Cir. 1993). He has written about Plaintiff suits against the widow of a bombing victim attempting to prevent her from collecting damages he owed to her. *See Kimberlin v. U.S. Dept. of Justice, et al.*, 788 F.2d 434 (7th Cir. 1986) and *Kimberlin v. DeLong*, 637 NE2d 121 (Ind. 1994). Mr. Hoge has also written about Plaintiff's filing of a flimsy defamation lawsuit against a reporter who had been disabled by a stroke and is incompetent to defend herself, *Kimberlin v. National Bloggers Club (II)*.

## VI. CLAIMS 1 [*SIC*], II, V, VI AND FIRST CLAIM VII DO NOT MENTION MR. HOGE

Claims 1 [*sic*], II, V, VI, and first Claim VII do not mention Mr. Hoge and should be dismissed with respect to him.

## VII. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

Having failed to state a claim for any tort, Plaintiff is not entitled to any award of punitive damages.

## VIII. PLAINTIFF'S LAWSUIT IS DUPLICATIVE OF A CONCURRENT STATE LAWSUIT

On 17 March, 2015, this Court dismissed the federal claims against Mr. Hoge in *Kimberlin v. National Bloggers Club (I)*. The Court, deciding not to accept supplemental jurisdiction, dismissed that suit's state law claims without prejudice. Sure enough, Plaintiff filed the majority of those claims against most of the *National Bloggers Club (I)* defendants (including Mr. Hoge) in the Circuit Court for Montgomery County. *Kimberlin v. National Bloggers Club (II)*, Case No. 403868V (Md. Cir.Ct. Mont. Co. 2015). Exhibit A.[5] Because of the overlap of the allegations in that case and the instant one, Plaintiff is

---

[5] Exhibit A is an uncertified copy of the complaint in *National Bloggers Club (II)*. Mr. Hoge will supplement this filing with a certified copy as soon as it can be obtained.

concurrently suing Mr. Hoge for more-or-less the same acts in two different forums.

The courts should not permit such duplicative lawsuits to go forward. *See Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 329 F. Supp.2d 574, 579 (D.Md. 2004) and *Sprenger v. PSC*, 400 Md. 1, 926 A.2d 238, 257 (2007). All the claims against Mr. Hoge in the instant lawsuit are state law claims. Thus, this Court should dismiss those claims against Mr. Hoge, allowing Plaintiff to go forward in the courts of Maryland.

CONCLUSION

WHEREFORE, Mr. Hoge asks the Court to dismiss the instant lawsuit with respect to Mr. Hoge for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and to grant such other relief as it may deem just and proper.

Date:  4 September, 2015                    Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

## CERTIFICATE OF SERVICE

I certify that on the 4th day of September, 2015, I served a copy of this filing on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817, by First Class U. S. Mail and to all counsel of record by email.

William John Joseph Hoge