UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

BRETT KIMBERLIN,
    Plaintiff,

v.                                     No. 8:15-cv-00723 GJH

HUNTON & WILLIAMS,
    Defendants.

**MOTION TO ALLOW DISCOVERY**

Now comes Plaintiff Brett Kimberlin, and moves this Court to enforce or allow discovery by Plaintiff in this case prior to a ruling on Defendants' Motions to Dismiss. In the alternative, Plaintiff moves this Court to issue a scheduling order so discovery can commence. In support of this Motion, Plaintiff states the following:

1. This is a very important case, not just for Plaintiff but also for the country as a whole. In short, it involves the secret hiring by the most powerful corporate lobbying group in the country of military cyber security contractors to target law abiding Americans and their employing advocacy organizations in order to "eliminate" them. The Defendants have moved this Court to dismiss the case without allowing discovery or a trial in the hope that their illegal and nefarious conduct will forever be covered up. Such a result would not be in Plaintiff's or the public's interest.

2. The Defendants have argued in the various motions that Plaintiff has failed to state a claim or allege sufficient particularities to support his claims. Some of them have even mocked Plaintiff for not possessing the information he needs to support

the RICO charge. This information is in the possession of the Defendants, yet they want this Court to rule without it.

3. Over the past four weeks, Plaintiff has served all the Defendants with Requests for Interrogatories and/or Requests for Production of Documents. Several of the attorneys involved have told Plaintiff that they will not comply with the requests because this Court has not yet held a scheduling hearing under Local Rule 104(4), which states that a party shall not commence discovery until the Court issues a scheduling order. The attorney for PNNL stated that he would be filing a motion for stay pending a ruling on the Motion to Dismiss.

4. In the instant case, Plaintiff alleges a violation of RICO. Because RICO requires particularity, the Supreme Court has stated that discovery can commence prior to ruling on a motion to dismiss. See *Rotella v. Wood*, 528 U.S. 549, 560 (2000), --discovery can take place in RICO cases to supplement the particularity requirements, citing *Corley v. Rosewood Care Center*, 142 F.3d 1041, 1050-51 (7th Cir. 1998) (dismissal of RICO count reversed for failure to allow discovery to supplement particularity). Moreover, it is well established that discovery can take place in complex cases such as the instant case prior to a ruling on a motion to dismiss. *Forest River Inc,, v. Heartland Recreational Vehicles*, (ND Il 2012). See, e.g., *Allstate Ins. Co. v. Levy*, No. CV-10-1652 (FB)(VVP), 2011 WL 288511, at *1 (E.D.N.Y. Jan. 27, 2011) (—The pendency of the motion to dismiss does not provide an automatic basis to stay discovery.‖); *Integ. Systems & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (—It is well-settled that the issuance of a stay of discovery pending the outcome of a motion

to dismiss is by no means automatic.'‖); *DSM Desotech Inc. v. 3D Systems Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (―[T]he mere filing of the motion [to dismiss] does not automatically stay discovery.‖); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) (―[C]ourts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion.‖). *See also* Lori Andrus, *In the Wake of Iqbal*, 46 TRIAL 20, 29 (2010) (noting the many federal decisions rejecting the pendency of a motion to dismiss as a basis for granting a blanket discovery stay).

5. Discovery in the instant case will assist the Court and allow Plaintiff to provide additional particularity to the Claims contested by Defendants.

Wherefore, Plaintiff moves this Court to allow his discovery to proceed or issue a scheduling order so discovery can commence under the Local Rules, or any other order that will provide Plaintiff with discovery.

Respectfully submitted,

Brett Kimberlin

Certificate of Service

I certify that I mailed a copy of this Motion to Defendant Hoge and emailed a copy to the attorneys for the Defendants this 15th day of October, 2015.

Brett Kimberlin