UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:15-cv-00723-GJH |
| ) | |
| v. ) | |
| ) | |
| HUNTON & WILLIAMS LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PACIFIC NORTHWEST NATIONAL LABORATORY'S
MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF DISCOVERY
AND RULE 26 OBLIGATIONS**

## I.   INTRODUCTION

A stay of discovery and the parties' obligations under Fed. R. Civ. P. 26 is necessary in this case because Defendant Pacific Northwest National Laboratory's ("PNNL's") motion to dismiss raises pure questions of law and, if granted, the motion would terminate plaintiff's claims against PNNL. Moreover, the discovery in this case is likely to be extensive, and very costly to the parties, and if discovery disputes arise while the motion to dismiss is pending, it will tax the Court's resources. As set forth in greater detail below, this Court should stay discovery until it rules on PNNL's motion to dismiss.

## II.   BACKGROUND

Plaintiff Brett Kimberlin filed his eight-count Complaint against twenty-one defendants, including PNNL, on March 16, 2015. On June 1, 2015, this Court granted PNNL's consent motion for an extension of time to answer or otherwise respond to the complaint. Doc. 30. Thereafter, on September 3, 2015, PNNL filed its motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil

Procedure 12(b)(6). Given that the facts on which PNNL's motion relies are not in dispute, no discovery is needed until this Court has issued a ruling on PNNL's motion.

### III.   ARGUMENT

PNNL requests that this Court stay all discovery (and Rule 26 obligations) until the Court has decided PNNL's motion to dismiss. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

Motions to stay discovery are "considered pursuant to Fed. R. Civ. P. 26(c) and case law interpreting that rule." *Wymes v. Lustbader*, 2012 WL 1819836, at *3 (D. Md. May 16, 2012). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." *Id*.

Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* at *4 (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)); *see also Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing trial court's decision to stay discovery pending disposition of a Rule 12 motion), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

PNNL's motion to dismiss does not require the consideration of evidence that might be the subject of discovery. Instead, PNNL's Rule 12(b)(6) motion raises purely legal challenges to the sufficiency of Plaintiff's Complaint. Moreover, Plaintiff's discovery requests are unduly burdensome, and responding to the requests will require significant time and expense. The

potential prejudice to Plaintiff of a stay of discovery is minimal. Plaintiff does not allege an ongoing harm that must be addressed by the Court.

Plaintiff has not otherwise endured significant delays in prosecuting his claims. Instead, he has cooperated with PNNL in seeking an extension of time to file a response to his complaint and ensuing briefing schedule. *See* Doc. 25. In contrast, because PNNL's motion to dismiss is likely to result in the dismissal of Plaintiff's claims against PNNL in their entirety, allowing Plaintiff to conduct discovery before the Court has addressed the dispositive questions of law on which PNNL's motion is based would unfairly prejudice PNNL to impose the time and costs of discovery before the motion is resolved.

It would waste PNNL's resources to take potentially unnecessary discovery and – should disputes arise concerning such discovery which require the Court's intervention – it would squander judicial resources as well. *See, e.g.*, *Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citation omitted)).

Counsel for PNNL and Plaintiff conferred via email on October 13, 2015, regarding PNNL's request for a stay of discovery and Rule 26 obligations pending the Court's ruling on PNNL's motion to dismiss and Plaintiff did not consent to the filing of this motion.

WHEREFORE, PNNL respectfully requests the entry of an order staying all discovery between PNNL and Plaintiff in this case, as well as staying the parties' obligations under Fed. R. Civ. P. 26, pending the Court's ruling on PNNL's motion to dismiss.

Dated:  October 15, 2015

        Respectfully submitted,

          /s/ Lisa B. Zycherman
        LISA B. ZYCHERMAN
        lisazycherman@dwt.com
        DAVIS WRIGHT TREMAINE LLP
        1919 Pennsylvania Avenue, NW, Suite 800
        Washington, DC  20006
        Telephone: (202) 973-4200

        MARK BARTLETT (*pro hac vice*)
        markbartlett@dwt.com
        DAVIS WRIGHT TREMAINE LLP
        1201 3rd Avenue, Suite 2200
        Seattle, WA 98101
        Telephone: (206) 622-3150

        *Attorneys for Pacific Northwest National Laboratory*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Stay and Memorandum of Points and Authorities in Support were served upon all counsel of record on this 15th day of October 2015 via the use of the Court's ECF Filing system.

I also caused a copy to be sent via first-class mail and electronic email to the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817
justicejtmp@comcast.net
*Pro Se Plaintiff*

William Hoge
20 Ridge Road
Westminster, Maryland 21157
himself@wjjhoge.com
*Pro Se Defendant*

                                        /s/ Lisa B. Zycherman
                                          Lisa B. Zycherman