**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BRETT KIMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HUNTON & WILLIAMS LLP, *et al.*,<br><br>Defendants. | Case No. 8:15-cv-00723-GJH |

**BERICO TECHNOLOGIES AND NICHOLAS HALLAM'S MOTION TO STAY DISCOVERY AND OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DISCOVERY**

Defendants Berico Technologies and Nicholas Hallam (collectively "Berico"), by counsel, hereby move to stay Plaintiff's discovery to Berico pending resolution of Berico's Motion to Dismiss (ECF No. 53) and oppose Plaintiff's Motion to Allow Discovery (ECF No. 75). This Motion is necessitated by Plaintiff's issuance of discovery requests to Berico before the entry of a scheduling order by this Court and before briefing has been completed on Berico's Motion to Dismiss. This filing is further necessitated by Plaintiff's Motion to Allow Discovery. For the reasons set forth below, this Court should (1) grant Berico's Motion to Stay Discovery until a scheduling order is issued after Berico's Motion to Dismiss has been resolved and (2) deny Plaintiff's Motion to Allow Discovery.

## I. BACKGROUND

On September 4, 2015, Berico filed a Motion to Dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In its Motion to Dismiss, Berico demonstrates that (1) all of Plaintiff's claims against Berico are time-barred; (2) Plaintiff does not establish standing as he failed to plead a cognizable injury; and (3) Plaintiff otherwise fails to state any claim against Berico. Plaintiff filed a response to Berico's Motion to Dismiss on October 15, 2015.

On September 18, 2015, Plaintiff served Berico with broad interrogatories and document requests. *See* Exs. 1-2. As of the date of this filing, this Court has not yet issued a scheduling order nor have the parties otherwise agreed to commence discovery. On October 15, 2015, Plaintiff filed a Motion to Allow Discovery seeking permission to pursue his discovery requests or, in the alternative, the issuance of a scheduling order.

## II. DISCOVERY IS NOT PERMITTED UNTIL A SCHEDULING ORDER IS ISSUED.

As an initial matter, Plaintiff's discovery requests are premature. Local Rule 104 provides that "[u]nless otherwise ordered by the Court or agreed upon by the parties, the conference required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered." L.R. 104.4 (emphasis added). This Court has not yet entered a scheduling order so Plaintiff's discovery requests are premature and against the Local Rules.[1] *See Banks v. Ramsey*, Civ. A. No. RWT-14-305, 2015 WL 5157488, *2 (D. Md. Sept. 1, 2015) (finding that defendants' requests for admissions were premature and that plaintiff had no obligation to respond); *Cooper v. Rowley*, Civ. A. No. JFM-08-3209, 2010 WL 761209, at *2 n.7 (D. Md. Feb. 26, 2010) ("A scheduling order was not issued in this case. Therefore, discovery is not appropriate.").

## III. EVEN IF PLAINTIFF'S DISCOVERY REQUESTS HAD BEEN TIMELY, PLAINTIFF'S DISCOVERY TO BERICO SHOULD BE STAYED UNTIL A RESOLUTION OF BERICO'S MOTION TO DISMISS.

Rule 26 of the Federal Rules of Civil Procedure permits a court to stay discovery for "good cause." Fed. R. Civ. P. 26(c); *see Wymes v. Lustbader*, Civ. Case No. WDQ-10-1629, 2012 WL 1819836, *3 (D. Md. May 16, 2012) (stating that a motion to stay discovery is properly considered under Rule 26). "[I]t is not uncommon for courts to stay discovery pending resolution of dispositive

[1] Fed.R.Civ.P. 26(d)(1) holds that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," subject to certain exceptions not applicable here. The parties have not yet held a Rule 26(f) conference so Plaintiff's discovery requests are premature under the Federal Rules of Civil Procedure as well.

motions." *Id.* at *4 (citing cases). "[S]uch stays can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Cognate BioServices, Inc. v. Smith*, Civ. No. WDQ-13-1797, 2015 WL 5673067, *2 (D. Md. Sept. 23, 2015) (internal citation omitted). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008).

Even if Plaintiff's discovery requests had been timely, discovery to Berico should be stayed because Berico's Motion to Dismiss may dispose of all of Plaintiff's claims, Plaintiff's discovery requests are burdensome, and Plaintiff will not be prejudiced by the stay.

**A. Berico's Motion To Dismiss Should Dispose Of All Claims Involving Berico**

Berico's Motion to Dismiss asserts three separate bases for dismissal: Plaintiff's claims are time-barred; Plaintiff lacks standing because he failed to plead a cognizable injury; and Plaintiff fails to state a claim. Any one of these grounds is sufficient to dispose of all of Plaintiff's claims against Berico and thus provides good cause to stay discovery. *See Briggs v. T & D Plumbing & Heating Co.*, Civ. No. WDQ-10-2714, 2011 WL 2970845, at *2 (D. Md. July 19, 2011) (granting motion to stay discovery pending resolution of Rule 12(b)(6) motion for failure to state a claim, noting that "engaging in discovery now would cause undue burden and expense; T & D would bear the costs of investigating issues that may be rendered moot by the decision on the motion to dismiss"); *Purvis v. Pitt Cty. Sch.*, No. 4:12-CV-00054, 2013 WL 3778950, at *1 (E.D.N.C. July 18, 2013) (granting motion to stay discovery where motion to dismiss asserted that the complaint was time-barred, failed to state a claim upon which relief may be based, and failed to establish subject matter jurisdiction).

First, Plaintiff's claims against Berico are time-barred because the statutes of limitations have run as to all of Plaintiff's claims. Berico's Mem. of Law in Supp. of Mot. to Dismiss ("Mot. to Dismiss") at 4-6 (ECF No. 53-1). Plaintiff's RICO claim has a four year statute of limitations which began to run when Plaintiff learned of the alleged actions taken by Berico against Plaintiff. *Id.* at 4. As Plaintiff acknowledged in his complaint, he learned of Berico's alleged actions in February 2011 after Defendant HBGary Federal's emails had been hacked and released. *Id.* Despite learning about Berico's alleged actions in February 2011, Plaintiff did not file his complaint until March 16, 2015—more than four years later. Plaintiff's other claims are also based on information Plaintiff learned in February 2011 and these other claims have even shorter statutes of limitations. *Id.* at 5-6. Thus, all of Plaintiff's claims are barred and subject to dismissal. *See Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 563–64 (D. Md. 2002) (dismissing plaintiff's claim as the statute of limitations had run).

Second, Plaintiff lacks standing to bring claims against Berico because Plaintiff has not pled a cognizable injury that can be traced to Berico. Mot. to Dismiss at 6-9. Plaintiff's allegations do not allege any injury traceable to Berico because Plaintiff's allegations concern proposed actions that were never taken by Berico or its alleged co-conspirators. *Id.* at 8-9. Plaintiff's wild accusations, which are unsupported by any particularized allegations, do not satisfy his burden to demonstrate standing. *See Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 408 (D. Md. 2012) ("Individual standing is not merely a pleading requirement, but an 'indispensable part of the plaintiff's case' that 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof'") (quotations omitted).

Third, Plaintiff has failed to state any claim against Berico. Mot. to Dismiss at 9-24. For each of the claims against Berico, Plaintiff's complaint fails on its face to plead the required elements. *Id*. Instead, Plaintiff has relied upon conclusory allegations and unsupported assertions, which are

insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (quotations omitted).

Given the dispositive nature of Berico's Motion to Dismiss, as reflected in the arguments detailed above, there is good cause for a stay of discovery.

**B. Plaintiff's Discovery Requests Are Burdensome**

Although no scheduling order has been entered and discovery has not yet commenced, Plaintiff's premature discovery requests indicate that Plaintiff intends to pursue discovery through far-reaching and extremely broad requests. Indeed, Plaintiff's premature discovery includes demands for information regarding all communications Berico had with any party regarding the matters at issue in this case.[2] Ex. 1 at 1. Plaintiff has similarly issued broad requests for documents, including a request for "[a]ll documents concerning, reflecting or referring to any and all matters related to the matter and matters outlined in this case." Ex. 2 at 6. Plaintiff has also requested all documents that are "related in any way to the subject matter of this case, corporate spying and espionage, and Brett Kimberlin…" *Id.* Responding to such discovery requests will require a significant expenditure of resources. A stay of discovery is appropriate as Berico's Motion to Dismiss may eliminate the need for discovery and the associated burdens. *See Cognate*, 2015 WL 5673067, at *2 ("if [defendant] is successful in obtaining the dismissal of the claims against it, a stay of discovery will result in a substantial conservation of the resources that the parties and of the Court in managing this case"); *see also Holmes v. McLaughlin*, No. 5:10-CV-355 (CAR), 2010 WL 5789446, at *2 (M.D. Ga. Dec. 30, 2010) *report and recommendation adopted*, 2011 WL 534197 (M.D. Ga. Feb. 8, 2011) (granting stay of discovery pending resolution of a motion to dismiss "in order to avoid any potentially unnecessary costs and burdens associated with

[2] Plaintiff has indicated that Berico Technologies and Mr. Hallam should provide separate responses for each interrogatory.

further litigation"); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery as a stay would "avoid the need for costly and time-consuming discovery").

**C. Plaintiff Will Not Be Prejudiced By A Stay Of Discovery**

After purportedly learning of the alleged actions by Berico, Plaintiff waited over four years to file his complaint. A modest stay of discovery will not unduly prolong Plaintiff's attempts to recover for his alleged injuries. Nor will a stay create any case management problems for this Court. No scheduling order has been entered in this case nor has a trial date been set. The only motions currently pending before this Court are various motions to dismiss and a few motions related to service or discovery issues. Accordingly, a stay will not negatively impact Plaintiff or this Court.

Further, contrary to what Plaintiff asserts in his Motion, discovery is not needed for Plaintiff to defend against the arguments raised in Berico's Motion to Dismiss. Discovery will not change the fact that the statutes of limitations have run on Plaintiff's claims; discovery will not permit Plaintiff to plead a cognizable injury; and discovery will not cure the pleading defects in Plaintiff's claims. Indeed, Plaintiff's RICO claim is based largely on allegations of fraud but discovery cannot be used to overcome the particularity requirement of Fed.R.Civ.P. 9(b).[3] *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999) ("The clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.") (citations omitted). Plaintiff has long had access to the over 70,000 emails that were released by hackers. Mot. to Dismiss at 2-3. A stay of discovery will not impact Plaintiff's ability to respond to Berico's Motion to Dismiss. *See Rankin v.*

[3] Plaintiff mischaracterizes *Rotella v.Wood*, 528 U.S. 549 (2000) and *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041 (7th Cir. 1998), which he cites for the proposition that "discovery can take place in RICO cases to supplement the particularity requirements." Pl.'s Mot. to Allow Discovery, at 2 (ECF No. 75). Both *Rotella* and *Corley* simply confirm that there is some flexibility in Rule 9(b) as Rule 11(b)(3) allows "pleadings based on evidence reasonably anticipated after further investigation or discovery." *Rotella*, 528 U.S. at 560; *see also Corley*, 142 F.3d at 1051.

*Mattamy Homes Corp.*, No. 1:10CV117, 2010 WL 3394036, at *3 (M.D.N.C. Aug.26, 2010) (rejecting plaintiff's argument that she needed "the full facts ... developed through discovery" before she could oppose the defendants' motion to dismiss) (citations omitted). Thus, Plaintiff would not be prejudiced by a stay of discovery.

## IV. CONCLUSION

Accordingly, this Court should (1) grant this Motion and stay discovery until the Motion to Dismiss submitted by Defendants Berico Technologies and Nicholas Hallam has been resolved, after which a scheduling order should be issued, and (2) deny Plaintiff's Motion to Allow Discovery.

October 16, 2015

Respectfully submitted,

By: /s/ Attison L. Barnes, III

Attison L. Barnes, III (Bar No. 15198)
Jennifer S. Zucker (*pro hac vice*)
Mark B. Sweet (*pro hac vice*)
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Attorneys for Berico Technologies and Nicholas Hallam*