# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

BRETT KIMBERLIN,
    Plaintiff,

    v.                                                        No. 8:15-cv-00723 GJH

HUNTON & WILLIAMS,
    Defendants.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BERICO TECHNOLOGIES AND NICHOLAS HALLAM**

Defendants Berico Technologies and Nicholas Hallam should answer these interrogatories separately.

1. Provide with specificity and particularity all communications you had with any party regarding the matters at issue in this case, including the mode of communication, such as US Mail, email, or private mail service, and the date of the communication.

2. Provide the gist of those communications and copies of them in digital or hard copy form.

3. Provide the dates of all internal and external communications you have had about Brett Kimberlin, Justice Through Music, Stop The Chamber, Brad Friedman, Kevin Zeese and Velvet Revolution, including notes, memos, emails and letters, and provide copies of them.

4. State the names, dates and companies and people that you shared information with regarding those named in #3 above, and what the substance of those communications were and what you asked or paid those parties to do.

5. State whether you have had any communications with law enforcement officials investigating any member of the Chamber of Commerce or anyone associated with the Chamber of Commerce from 2009 through 2013.  If so, provide the dates and substance of those communications and any documents related thereto.

6. State whether you are aware of any fund that is considered "off the books" and whether any payments were made from that fund or any other fund to any Defendant in this case or anyone associated with any Defendant between 2009 and 2013, and if so state the date, time, place and to whom.

7. State whether you billed the Chamber of Commerce or Hunton&Williams for services between September 10, 2010 and June 1, 2011.

8. State whether you terminated any Berico employee due to any matter surrounding the matters in the complaint.  If so, who and did they receive any severance pay.

9. State who your contact person was at the Chamber of Commerce and/or Hunton&Williams during the time frame set forth in the Complaint.

10. State whether you had any direct contact with The Chamber of Commerce or lawyers from the Chamber of Commerce and if so please state the substance of those communications, the dates, and provide copies of them.

11. State whether, during the time set forth in the complaint, you communicated with any Defendants in any way other than email and if so state how and provide copies of those communications.  Also, please provide any other emails other than

those attached to the complaint or released by Anonymous that have a bearing on the matters in this case.

12. State whether you have documents related to meetings, communications and memos about the campaigns by Stop the Chamber and Chamber Watch and others to seek investigations of the Chamber of Commerce and its members and senior staff, and to convince companies to quit the Chamber of Commerce for various reasons, and if so, provide copies of the documents.

13. State whether you have had communications with others about this case following the leak of the Anonymous expose' of Team Themis on February 4, 2015, and provide copies of those communications.

14. State whether you have continued investigating Chamber of Commerce opponents, including Plaintiff Brett Kimberlin, after March 2011, and if so, provide copies of those investigations.

15. State whether any other people contacted you seeking to use the blueprint you set out for Team Themis or a similar blueprint after February 4, 2011.

16. State whether you have used the Team Themis template in any other way or against any other person or entity, or whether you shared it with any other person or entity.

17. State whether the software or software programs you discussed with Team Themis was funded by any government agencies, and if so, which ones.

Dated this 8th day of September, 2015        Brett Kimberlin