FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT 19  AM 10: 39

CLERK'S OFFICE
AT GREENBELT

BY ___ DEPUTY

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLP, *et al.*
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS (ECF NO. 74)

COMES NOW Defendant William Hoge and replies to Plaintiff's Oppositions to Motions to Dismiss. In reply Mr. Hoge states as follows:

### I. PLAINTIFF'S OPPOSITION IS UNTIMELY

Mr. Hoge filed a Motion to Dismiss for Failure to State a Claim (ECF No. 64) ("MTD") which was docketed by the Court on 8 September, 2015. That same day, the Clerk mailed a Rule 12/56 letter to Plaintiff warning him that if he did not file a response to the motion within 17 days, "the Court may dismiss the case or enter judgment against you without further notice." ECF No. 66 at 1. The deadline for a response by Plaintiff was 25 September, 2015. Plaintiff's Opposition was filed on 14 October, 2015, over two weeks after it was due. Thus, the Court should disregard Plaintiff's opposition as it relates to

Mr. Hoge's motion and should consider Mr. Hoge's MTD unopposed.

In the event that the Court should decide to consider Plaintiff's Opposition to Mr. Hoge's MTD, it will see that the Opposition does not manage to save Plaintiff's case. First, it does nothing to explain how the allegations in the Complaint add up to a viable lawsuit. Second, even with the addition of new allegations not contained within the four corners of the Complaint, it still fails to state a claim upon which relief can be granted. Third, Plaintiff has not offered any explanation why his purely state law claims against Mr. Hoge should be tried in this Court, especially since he has a parallel suit based in overlapping causes of action going forward against Mr. Hoge in the Circuit Court for Montgomery County, Maryland. *Kimberlin v. National Bloggers Club, et al. (II)*, Case No. 403868V (Md. Cir.Ct. Mont. Co. 2015).

## II. PLAINTIFF HAS FAILED TO SHOW HOW HIS COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Case law such as *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), interpreting Fed. R. Civ. P. 8 requires that a plaintiff give a clear statement to the defendant(s) and the court concerning the nature of the case—to the defendants so they know what they are accused of doing and to the court so it may properly apply the law to the alleged facts. Conclusory allegations without specificity are insufficient. Such improperly pleaded allegations are defective as a matter of law. Plaintiff knows this. This Court has told him so:

> The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

*Kimberlin v. National Bloggers Club, et al (I)*, Case No. 13-CV-3059-GJH (D.Md. 2015). ECF No. 263, at 3-4.

To the extent that Plaintiff's Opposition manages to stay within the four corners of the Complaint, it does nothing to show how the Complaint specifies the what, when, and where of any particular act by Mr. Hoge that proximately caused any damage to Plaintiff. Indeed, the Opposition does not reveal where any statement of damages might lie hidden in the Complaint. Without the actual elements of any torts alleged or without damages, there can be no claim upon which relief can be granted. Plaintiff has pleaded neither.

Plaintiff does make a vain attempt to dodge the issue of *res judicata*. He states that it should not apply in the instant matter because the issues raised in previous cases are not identical. Of course, in doing so he ignores the case law which states that *res judicata* also applies to the claims he *could have raised* in previous cases. *See, e.g., Cochran v. Griffith Energy,* 426 Md. 134, 140 (2012) and *Allen v. McCurry,* 449 U.S. 90, 94 (1980).. Clearly, Plaintiff and Mr. Hoge were adverse parties in *Kimberlin v. Walker, et al.,* Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014) and *Kimberlin v. National Bloggers Club, et al. (I),* Case No. 13-CV-3059-GJH (D.Md. 2015), and Plaintiff lost those lawsuits. Plaintiff tries to get past those losses by making conclusory allegations about acts allegedly done by

3

Mr. Hoge up to the time the instant suit was filed.  However, his Opposition does not address the fact that the only specific act by Mr. Hoge cited in his Complaint occurred within the time period covered by *Kimberlin v. Walker, et al.*[1]  Thus, Plaintiff claims against Mr. Hoge are barred by *res judicata*.

Perhaps the silliest argument offered in the Opposition relates to the "commercial value" of Plaintiff's name.

> Plaintiff's name has commercial value to Defendant Hoge.  When he writes about Plaintiff, or publishes his photo/likeness, he gets more traffic, more money, and more comments on his blog.

Opposition at 40.  Plaintiff seems shocked that a media outlet, even one as small-time as Mr. Hoge's blog *Hogewash!*, would write about subjects in which its readers have shown interest.  The use of G. Gordon Liddy's name by the Washington *Post* may have sold some newspapers, but that use was incidental to the *Post*'s coverage of Watergate, a story in which many of the paper's readers were interested.  Among other things, *Hogewash!* covers issues related to the First Amendment, and Plaintiff's various attempts to use the courts to silence his critics have resulted in a continuing series of stories the blog has followed for over three years.  Plaintiff's name has value to *Hogewash!* only to the extent that it is incidental to those stories, stories in which the website's readers have expressed their interest.  There has been no harm caused by dilution of the commercial value of Plaintiff's reputation.  *Lawrence v. A.S. Abell Co.*, 299 Md. 697, 702, 475 A.2d 448 (1984).

---

[1] *See* MTD at 3-4.

His notoriety as the Speedway Bomber remains intact, and neither the Complaint nor the Opposition explains how Mr. Hoge's alleged appropriation of his name and/or likeness might have caused Plaintiff to suffer any damages.  In any event, Mr. Hoge's truthful reporting about Plaintiff and his activities is protected by the First Amendment rights of freedom of the press and freedom of speech.  Also, Plaintiff has not pleaded with any particularity (per Rule 9) concerning any frauds alleged, nor has he explained how he possibly could have been damaged by any such frauds.  Plaintiff has failed to state a claim upon which relief can be granted.

Similarly, Mr. Hoge has neither invaded Plaintiff's privacy nor portrayed him in a false light by truthfully reporting on his public activities, and the Complaint does not allege as single specific instance of Mr. Hoge prying into a private matter.  Plaintiff whines that "[m]any of these posts are derogatory, libelous or depraved," Opposition at 39, yet he is unable to cite a single instance of an offending statement.  As previously noted, neither the Complaint nor the Opposition specify how any of Mr. Hoge's writings or speech might have been the proximate cause of any damage suffered by Plaintiff.  Thus, he has failed to state a claim upon which relief can be granted.

Plaintiff states that he has demonstrated that he has suffered intentional infliction of emotional distress.  That is nonsense.  First, he has not alleged the elements of the tort

as defined under Maryland law.[2]  In particular, he has not properly pleaded that his

distress was severe or how it was physically manifested.  *See Harris v. Jones*, 281 Md. 560

(1977).  Second, he has not identified what, if any, damages he might have suffered or how

any damage might have been proximately caused by Mr. Hoge.  Third, even if he had

properly alleged the tort, his previous claim of intentional infliction of emotional distress

was dismissed on summary judgement in *Kimberlin v. Walker, et al.*, so this subsequent

claim based on the same alleged cause of action is barred by *res judicata*.  Again, Plaintiff

has failed to state a claim upon which relief can be granted.


### III.  THE NEW ALLEGATIONS IN THE PLAINTIFF'S OPPOSITION SHOULD BE DISREGARDED

Plaintiff has attempted to use his Opposition to bolster his Complaint by adding

new allegations.  Of course, it is improper for him to attempt to amend his Complaint in

this manner, and he knows better.  This Court has told him so:

> It is well-established, however, that a plaintiff cannot amend his or her
> complaint through the use of opposition briefs. *See Zachair, Ltd. v. Driggs*,
> 965 F.Supp. 741, 748 n. 4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir.
> 1998) (unpublished table opinion); see also *Uzoukwu v. Prince George's
> Cmty. Coll. Bd. of Trustees*, No. 12-3228, 2013 WL 4442289, at *6 (D. Md.
> Aug.15, 2013).

*Kimberlin v. National Bloggers Club, et al. (I)*, ECF No. 263 at 12, n. 3.  He should have

---

[2] He does refer to a Virginia case, *Womack v. Eldridge,* 215 Va. 338 (1974), but it is not
congruent with Maryland case law which requires a physical manifestation of emotional
distress, something Plaintiff has not claimed to have suffered.

sought leave to amend.  Given their improper nature, the following allegations should be disregarded:

a.)     That Mr. Hoge "and his associates" implemented the "Team Themis blueprint" beginning in May, 2012.  Opposition at 6.

b.)     That Mr. Hoge "and his associates" functioned as proxies for the alleged RICO conspirators.  *Id.* at 14 and 22.

c.)     That Mr. Hoge "and his associates" engaged in a campaign of threats of injury and death against Plaintiff.  *Id.* at 15.

d.)     That Mr. Hoge "and his associates" engaged in a campaign of disinformation and false narratives against Plaintiff.  *Id.* at 17.

e.)     That acts by Mr. Hoge "and his associates" were the resurrection of the alleged RICO conspiracy.  *Id.* at 20 and 33-34.

f.)     That Mr. Hoge "and his associates" have spent the past three years attacking Plaintiff in order to destroy his ability to earn a living and shutter his employer."  *Id.* at 21.

g.)     That Mr. Hoge "and his associates" contacted third parties that funded Plaintiff's employers or that Mr. Hoge targeted funders of Plaintiff's non-profits..  *Id.* at 24 and 33 and Plaintiff's Declaration (Ex. 1), ¶ 5.

h.)     That Mr. Hoge came to Plaintiff's private home or office, that Mr. Hoge took surreptitious photographs of him, that Mr. Hoge contacted his neighbors or business

associates with derogatory information about him, and that Mr. Hoge stalked Plaintiff's wife or child.  Opposition at 25, 27-28, and 33.

  i.)    That Mr. Hoge has ever testified that he is a cyber security expert or otherwise represented himself to be such an expert.  *Id.* at 25-26 and 32 and Plaintiff's Declaration (Ex. 1), ¶ 6.

  j.)    That "Everyone Blog About Brett Kimberlin Day" was spearheaded by Mr. Hoge.  Opposition at 31.

  k.)    That Mr. Hoge has ever testified that "he has digitally 'probed' every aspect of Plaintiffs business and personal life[.]"  *Id.* at 32.

  l.)    That Mr. Hoge has used social media to harm Plaintiff.  *Id.* at 33.

  m.)    That Mr. Hoge "and his associates" conspired to have Plaintiff fired from his job in violation of 42 U.S.C. § 1985(2).  *Id.* at 35.

  n.)    That Mr. Hoge founded a "secretive" group called "Watching the Felon."  *Id.* at 41 and Plaintiff's Declaration (Ex. 1), ¶ 3.

  o.)    That Defendant Bill Nickless is a close associate of Mr. Hoge.  Opposition at 42.

  p.)    That some or all of Mr. Nickless' acts were done "with the knowledge of" Mr. Hoge.  *Id.* at 43.

  q.)    That Mr. Hoge is employed in some way by the military or a military contractor.  *Id.* at 44 and Plaintiff's Declaration (Ex. 1), ¶ 3.

While these subjects may be alluded to in the Complaint, none of these allegations can be found there. They are new. All are false, and some are barred by *res judicata*[3], but more to the point for a motion to dismiss, they are all conclusory. Indeed, some of them are downright hallucinatory.

Plaintiff has failed to explain how he knows whether some of the things he alleges ever happened. To pick one example, consider Item n.) *supra*. How does Plaintiff know who started the Google Plus group "Watching the Felon"? Mr. Hoge is not listed on its webpage as the founder. Indeed, Mr. Hoge is not even listed as a member, and he cannot recall knowing of the group's existence until he read of it in Plaintiff's Opposition. Did Plaintiff ask Google about the group? Did Google tell him anything? Or is a convicted perjurer[4] who has admitted to forging a summons in another case before this Court[5] making things up as he goes along? This sort of nonsense does not even qualify as an example of what Justice Kennedy meant by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in *Iqbal* (at 678). It is ill-pleaded and, given Plaintiff's history of misrepresentations to this Court, implausible. Further, even if it were true, having such a group which appears to have discussed the

---

[3] Items c, d, f, g, j, l, m, and n and part of h are certainly barred by *Kimberlin v. Walker, et al.* and/or *Kimberlin v. National Bloggers Club, et al. (I)*. The remainder of item h would be barred by *Kimberlin obo K.K. v. Hoge*, Case No. 0601SP012712015 (Md. D.Ct. 2015) and *Kimberlin obo K.K. v. Hoge*, Case No. 9148D (Md. Cir.Ct. Mont. Co. 2015). Other items may also be barred.

[4] *U.S. v. Kimberlin*, 483 F.Supp. 350, 321 (S.D.Ind. 1979).

[5] *See Kimberlin v. National Bloggers Club, et al. (I)*, ECF No. 102.

public activities of a paroled felon is an activity protected by the First Amendment. There is no cause of action to recite the threadbare elements of.

Similarly, Plaintiff presents nothing but conclusory accusations in his allegations of some connection between his mythical Team Themis RICO conspiracy and Mr. Hoge. He has no evidence or even any basis for rational speculation about such a connection. Nor does he explain what the exact connection might be. He certainly doesn't allege that Mr. Hoge was a part of that RICO enterprise. Plaintiff apparently hopes to find some basis for his claims via an improper fishing expedition (Motion to Allow Discovery, ECF No. 75) because he has nothing supporting his case other than his fevered imagination.

The Court should disregard all these new allegations, but if they are considered, the Court will see that they don't describe the who, what, when, and where necessary to make specific allegations about Mr. Hoge relating to the elements of any of the alleged torts. Also, Plaintiff has failed to state what damage he might have suffered or how any act by Mr. Hoge might have been a proximate cause. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.  PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT SHOULD HAVE JURISDICTION OVER THIS LAWSUIT

Even with all of these new allegations, none of the claims alleged against Mr. Hoge arise from a federal cause of action, and Plaintiff and Mr. Hoge are both residents of

Maryland.  There is no federal question at issue (28 U.S.C. § 1331) and no diversity of

citizenship (§ 1332), but neither the Complaint nor the Opposition explains why this Court

should exert supplemental jurisdiction over strictly state law claims.[6]

ADDITIONAL MATTERS

Mr. Hoge had not received service of the Opposition from Plaintiff as of the time

this Reply was filed with the Clerk of the Court.  He found the Opposition on PACER.  The

Court has previously warned Plaintiff in another case that proper service of court papers

is necessary.  "Proper service is a prerequisite for filing, and future motions will not be

considered in the absence of proper service."  *National Bloggers Club, et al, (I)*, ECF No. 26

at 2 and ECF No. 313 at 4.

Federal Rule of Civil Procedure 11(a) requires that court papers "must state the

signer's address, e-mail address, and telephone number."  L. R. 102.1(b)(i) states a similar

requirement.  Plaintiff's address, email address, and telephone number are missing from

the Opposition.  Plaintiff's Declaration submitted as Exhibit 1 does not even bear his

signature.[7]  The Court has also previously placed Plaintiff on notice about Rule 11's

signature requirements.  "Plaintiff is cautioned to comply with the requirements of Rule

---

[6] It may be that Plaintiff prefers this Court as a forum because, as a convicted perjurer, he
is forbidden from testifying in Maryland courts pursuant to Md. Cts. & Jud. P. § 9-104.  If
that's his reason, it is insufficient.

[7] The Declaration is not sworn without a signature.  Therefore, it is not testimony.

11(a) and to include his address, e-mail address, and telephone number on all future filings." *National Bloggers Club, et al. (I)*, ECF No. 26 at 2 and ECF No. 313 at 4.  Rule 11(a) further states: "The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Emphasis added.

## CONCLUSION

In his Motion to Allow Discovery Plaintiff states, "The Defendants have moved this Court to dismiss the case without allowing discovery or a trial in the hope that their illegal and nefarious conduct will forever be covered up." ECF No. 75, ¶ 1.  Mr. Hoge cannot speak for the other Defendants, but he seeks dismissal because he is entitled to it as a matter of law—Plaintiff has failed to state a claim for which relief can be granted.

This is the fourth lawsuit Plaintiff has filed against Mr. Hoge in the past two years over essentially the same set of acts.[8]  Four bites at the apple should be enough.  There is no need for either Mr. Hoge or this Court (or any other court) to be troubled any further by Plaintiff.  Dismissal should be with prejudice and without leave to amend.

---

[8] In addition to the instant lawsuit and *Kimberlin v. Walker, et al.* and *Kimberlin v. National Bloggers Club, et al.*, Plaintiff has filed *Kimberlin v. National Bloggers Club, et al. (II)*, Case No. 403868V (Md. Cir.Ct. Mont. Co. 2015).

WHEREFORE, Mr. Hoge asks the Court to dismiss the instant lawsuit with respect to Mr. Hoge, with prejudice and without leave to amend, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and to grant such other relief as it may deem just and proper.

Date:  19 October, 2015

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself @wjjhoge.com

### VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct.

William John Joseph Hoge

### CERTIFICATE OF SERVICE

I certify that on the 19th day of October, 2015, I served a copy of this filing on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817, by First Class U. S. Mail and to all counsel of record by email.

William John Joseph Hoge