FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT 19 AM 10:39

CLERK'S OFFICE
AT GREENBELT
BY____ DEPUTY

Brett Kimberlin,
*Plaintiff*,

v.

Hunton & Williams LLP, *et al.*
*Defendants*.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DISCOVERY (ECF NO. 75)

COMES NOW Defendant William Hoge and replies to Plaintiff's Motion to Allow Discovery. In opposition to the motion Mr. Hoge states as follows:

### PLAINTIFF'S MOTION HAS NO BASIS IN LAW

Plaintiff wishes to begin discovery, but under Fed. R. Civ. P. 26(f) discovery is premature prior to a scheduling conference. Additionally, under L. R. 104.4 discovery should not begin until a scheduling order is in place. Since no such conference has been held and no such order is in place, discovery is not now appropriate.

In his motion Plaintiff misrepresents the case law in *Rotella v. Wood*, 528 U.S. 549 (2000) and *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041 (7th Cir. 1998) as supporting

his assertion that early discovery can take place in RICO cases to supplement the requirement for pleading with peculiarity. *Rotella* and *Corley* say no such thing.

Rather, *Rotella* confirms a court's flexibility pursuant to Rules 9(b) and 11(b)(3) to allow pleadings based on evidence that can be reasonably anticipated to be found in discovery. *Rotella,* 528 U.S. at 560. In that case the plaintiff met his burden to allege fraud with particularity against several defendants and was allowed additional discovery against other defendants. That is not the situation in the instant lawsuit where all Plaintiff's allegations are conclusory. Plaintiff wants a fishing expedition to see if he has any case at all.

*Corley* deals with discovery prior to summary judgment. *Corley*, 142 F.3d at 1045. That is the normal course of events in a lawsuit, and not what Plaintiff is seeking.

Mr. Hoge agrees Defendants Hunton & Williams, Woods, Richard Wyatt, and Robert Quackenboss (ECF No. 76); Pacific Northwest National Laboratory (ECF No. 77); and Berico Technologies and Nicholas Hallam (ECF No. 78) that Plaintiff's attempt to begin discovery is improper, and he incorporates their arguments herein by reference. In particular, he reiterates the point that the instant lawsuit has not yet survived the many Rule 12(b)(6) motions against it. Further, Mr. Hoge notes that given the lack of any federal question in the claims against him and the lack of diversity of citizenship with Plaintiff, the Court's probable lack of jurisdiction would render any discovery futile.

## ADDITIONAL MATTERS

Mr. Hoge had not received service of the Motion to Allow Discovery from Plaintiff as of the time this Opposition was filed with the Clerk of the Court. He found the Motion to Allow Discovery on PACER. The Court has previously warned Plaintiff in another case that proper service of court papers is necessary. "Proper service is a prerequisite for filing, and future motions will not be considered in the absence of proper service." *Kimberlin v. National Bloggers Club, et al,*, Case No. 13-CV-3059-GJH (D.Md. 2015), ECF No. 26 at 2 and ECF No. 313 at 4.

Federal Rule of Civil Procedure 11(a) requires that court papers "must state the signer's address, e-mail address, and telephone number." L. R. 102.1(b)(i) states a similar requirement. Plaintiff's address, email address, and telephone number are missing from the Motion. The Court has also previously placed Plaintiff on notice about Rule 11's signature requirements. "Plaintiff is cautioned to comply with the requirements of Rule 11(a) and to include his address, e-mail address, and telephone number on all future filings." *National Bloggers Club, et al.*, ECF No. 26 at 2 and ECF No. 313 at 4. Rule 11 (a) further states: "The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Emphasis added.

## CONCLUSION

Plaintiff's motion has no basis in law.

WHEREFORE, Mr. Hoge asks the Court to deny Plaintiff's Motion to Allow Discovery and for such other relief as it may find just and proper.

Date: 19 October, 2015

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself@wjjhoge.com

## CERTIFICATE OF SERVICE

I certify that on the 19th day of October, 2015, I served a copy of this filing on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817, by First Class U. S. Mail and to all counsel of record by email.

William John Joseph Hoge