**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BRETT KIMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTON & WILLIAMS LLP, *et al.*, | ) | Civil Action No. 8:15-cv-00723-GJH |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
BY PALANTIR TECHNOLOGIES INC., ALEX KARP, MATT LONG,
MATTHEW STECKMAN, & SAM KREMIN**

Allen M. Gardner
Jonathan C. Su
Alexandra P. Shechtel*
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
* Admitted in California only; all work
 supervised by a member of the D.C. Bar.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... 1

I. THERE IS NO BASIS WHATSOEVER FOR INCLUDING PALANTIR IN PLAINTIFF'S ALLEGATIONS OF A WIDE-RANGING CONSPIRACY INCLUDING THE HOGE DEFENDANTS ................................................................... 1

    A. Plaintiff Has Not Alleged a Relationship Between Palantir and the Hoge Defendants ............................................................................................................. 2

    B. Plaintiff Has Not Shown a Conspiracy Among Palantir and the Hoge Defendants ........... 3

    C. Palantir's Withdrawal Terminated Any Alleged Conspiracy .............................. 4

II. PLAINTIFF'S CLAIMS ARE UNTIMELY ................................................................ 5

III. PLAINTIFF FAILS TO ALLEGE COGNIZABLE LEGAL INJURY TRACEABLE TO PALANTIR ............................................................................................................ 6

IV. CONCLUSION ............................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*A Soc'y Without A Name v. Virginia*,
  655 F.3d 342 (4th Cir. 2011) ...................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................................4

*Bender v. Williamsport Area School District*,
  475 U.S. 534 (1986) ..................................................................................................................7

*Cozzarelli v. Inspire Pharmaceuticals Inc.*,
  549 F.3d 618 (4th Cir. 2008) .................................................................................................1, 8

*Perlmutter v. Verone*,
  No. GJH-14-2566, 2015 WL 4757183 (D. Md. Aug. 11, 2015) ...............................................6

*Rice v. Paladin Enterprises Inc.*,
  128 F.3d 233 (4th Cir. 1997) ....................................................................................................4

*Simmons v. Poe*,
  47 F.3d 1370 (4th Cir. 1995) ....................................................................................................2

*Smith v. United States*,
  133 S. Ct. 714 (2013)............................................................................................................4, 7

*United Black Firefighters v. Hirst*,
  604 F.2d 844 (4th Cir. 1979) ....................................................................................................6

*United States v. Bennett*,
  984 F.2d 597 (4th Cir. 1993) ....................................................................................................5

*United States v. Zimmer*,
  299 F.3d 710 (8th Cir. 2002) ....................................................................................................5

*Vollmar v. O.C. Seacrets, Inc.*,
  831 F. Supp. 2d 862 (D. Md. 2011)..........................................................................................2

Faced with a statute of limitations bar, Plaintiff attempts to transform his Motion in Opposition [ECF No. 74 ("Opp.")] into a Second Amended Complaint and expand the scope of his conspiracy theory to include Hoge, Nickless, and their associates (the "Hoge Defendants").[1] But even if this Court treats Plaintiff's Opposition and exhibits as part of the Complaint, his claims have absolutely no basis in fact, as Plaintiff himself admits by urgently requesting discovery. Plaintiff's conspiracy hypothesis is his latest legal salvo in a protracted battle with Hoge and other unknown internet detractors, and it is plain that his threadbare claims against Palantir (which is hardly mentioned in Plaintiff's Opposition) cannot withstand the lightest examination and should be dismissed with prejudice. *See Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice where "amendment would have been futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

I. **THERE IS NO BASIS WHATSOEVER FOR INCLUDING PALANTIR IN PLAINTIFF'S ALLEGATIONS OF A WIDE-RANGING CONSPIRACY INCLUDING THE HOGE DEFENDANTS**

Attempting to salvage his flawed Complaint, Plaintiff belatedly tries to lump Palantir in with the alleged actions of the Hoge Defendants by repeatedly trumpeting a continued conspiracy among an

---

[1] In so doing, Plaintiff fails to address numerous aspects of Palantir's motion to dismiss, presumably because he has no response. For instance, Plaintiff still does not allege with specificity any injury to his business or employment prospects. [*See* Palantir MTD at 11-13 (ECF No. 50); Opp. at 21, 23, 24-25.] Nor does Plaintiff rebut Palantir's argument that the Complaint fails to identify any intent by a defendant to defraud Plaintiff, as required for the RICO predicates of mail and wire fraud. [Palantir MTD at 14-15; Opp. at 14.] And Plaintiff remains unable to connect Palantir with any attempt at obstruction of justice or retaliation. [Palantir MTD at 15-18, 20-21; Opp. at 15-16.] Plaintiff not only fails to refute Palantir's argument that he has not alleged a monetary transaction in criminally derived proceeds, but actually admits that "*without discovery*, Plaintiff cannot prove that the Chamber was using funds derived from unlawful activities." [Opp. at 17; *see* Palantir MTD at 18-19.] Finally, Plaintiff again fails to allege that Palantir, or any other defendant, obtained or attempted to obtain Plaintiff's property without his consent, as required to state the RICO predicate of extortion. [*See* Palantir MTD at 19; Opp. at 16-17.]

amorphous group of unspecified "defendants." [*See, e.g.*, Opp. at 2, 3, 6, 7, 14, 26.]  But none of the conspiracy claims in the Complaint have anything to do with the Hoge Defendants.  [Compl. cls. I, VI, VII, pages 41-42, 47-58, 58-59.]  Nor do Plaintiff's new allegations in his Opposition contain any logical support, let alone evidence, for this purported protracted conspiracy to harm him.[2]  Because Plaintiff has alleged no connection—conspiratorial or otherwise—between Palantir and the Hoge Defendants, and in any event completely ignores the fact that Palantir withdrew from any alleged conspiracy before any purported injury took place, his claims against Palantir fail completely.

### A.   Plaintiff Has Not Alleged a Relationship Between Palantir and the Hoge Defendants

Plaintiff's efforts to connect Palantir to the Hoge Defendants are based on pure conjecture, lacking any particularized facts or reasoned analysis.

First, Plaintiff asserts that Team Themis "did not cease or plan to cease operations" after February 2011 because "[i]t is not plausible to think that these all-powerful [undifferentiated] Defendants who have success embedded in their DNA and have faced the toughest adversaries on earth were suddenly deterred by a cyber attack from Anonymous, and simply shelved their plans." [Opp. at 14.]  Respectfully, this armchair-psychological profiling is not enough to state a claim, let alone entitle Plaintiff to burdensome and expensive discovery in search of documents to support his imagination.  *See Vollmar v. O.C. Seacrets, Inc.*, 831 F. Supp. 2d 862, 870 (D. Md. 2011) ("Without factual allegations that provide an indication of when and how the agreement occurred and how each of the defendants specifically were parties to the agreement, there is no civil conspiracy claim."); *see also Simmons v. Poe*,

---

[2] For instance, Plaintiff points to threatening emails Stop The Chamber ("STC") received in October 2010, none of which came from Palantir or any other Defendant.  [Opp. at 2-3.]  Plaintiff appears to imply that because an individual on Team Themis made an off-hand reference to James Bond and included a quotation from a song about gangsters, all "Defendants" must be "Mafia bosses" somehow behind the threatening emails.  This is the definition of a non sequitur.

47 F.3d 1370, 1376 (4th Cir. 1995) (holding claim failed to allege specific facts necessary to uphold a conspiracy claim where it was comprised of "merely conclusory allegations of conspiracy, unsupported by a factual showing").

Second, Plaintiff attempts to rely on purported "circumstantial evidence" that the Hoge Defendants were following the "Team Themis playbook" [Compl. ¶ 57, page 35] because their actions "with regard to Plaintiff closely mirror the plans of Team Themis." [Opp. at 30, 32.] Again, with respect, general involvement in cybersecurity and the less-than-groundbreaking strategy of gaining information from social media do not amount to a conspiracy. [*See* Opp. at 32-33.] This is not even enough to support an assertion that the Hoge Defendants' alleged acts are *related* to Team Themis's emails, let alone that all were part of the same coordinated scheme.

Finally, Plaintiff points to a settlement offer in a lawsuit filed against him by one of "Hoge's close associates," who asked Plaintiff to drop all of his claims against Hoge, including in the "case involving Hunton and Williams." [Opp. at 31-32.] Even if this somehow "demonstrates, at least circumstantially" that there is some tangential "relationship between Hunton & Williams and Defendant Hoge's friend and associate," [Opp. at 32], which it in no way does, it does not show *any* connection between Palantir and Hoge.[3] Once again, Plaintiff blithely lumps all the defendants together and seems to assume that any allegations he can imagine about one of them apply to all of them.

### B.     Plaintiff Has Not Shown a Conspiracy Among Palantir and the Hoge Defendants

Even if Plaintiff *had* shown that the Hoge Defendants were following the so-called "Team Themis playbook," that would *still* not be enough to plead that Palantir was responsible for the actions

---

[3] Plaintiff seems to also rely on an argument that because the same news website that was mentioned by a member of Team Themis later participated in a campaign run by Hoge, Palantir and Hoge must be working together. [Opp. at 30-31.] Under this theory, every person who reads the New York Times could be alleged to be part of one massive and actionable conspiracy.

3

of those defendants. For one person to be responsible for the acts of another, there must be a true "conspiracy," which requires a meeting of the minds. *Smith v. United States*, 133 S. Ct. 714, 719 (2013) ("The essence of conspiracy is the combination of minds in an unlawful purpose." (citation and internal quotation marks omitted)); *see also A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) ("[W]here a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy .... Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.' The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007))).

It is not enough that later bad actors allegedly used ideas that were stolen and published. Plaintiff relies (at 5-6) on *Rice v. Paladin Enterprises Inc.*, but in that case the publisher "not only knew that its instructions might be used by murderers, but … it actually *intended* to provide assistance to murderers and would-be murderers." 128 F.3d 233, 242 (4th Cir. 1997). Palantir had no knowledge, let alone intent, that its emails would be hacked, published, and, according to Plaintiff, used as instructions by the Hoge Defendants.

### C. Palantir's Withdrawal Terminated Any Alleged Conspiracy

Finally, even if Plaintiff *had* alleged a conspiracy between Team Themis, Hunton and Williams, and the Hoge Defendants, it is clear on the face of the Complaint that Palantir withdrew from the conspiracy well before any of the actions Plaintiff complains of. Incredibly, Plaintiff claims that "none of the Defendants took any affirmative action to withdraw from the RICO enterprise or conspiracy once it was exposed by Anonymous. Therefore, they are liable for the actions of Defendant Hoge and his uncharged associates." [Opp. at 20.] But to withdraw from a conspiracy, according to Plaintiff himself,

4

a party "must demonstrate that he took affirmative action to withdraw from the conspiracy … by communicating his withdrawal in a manner reasonably calculated to reach his coconspirators." [Opp. at 20 (*quoting United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002))]; *see also United States v. Bennett*, 984 F.2d 597, 609 (4th Cir. 1993) ("To prove withdrawal, a defendant must provide evidence that he acted to defeat or *disavow* the conspiracy." (emphasis added)).  And it is clear from the Complaint that Palantir publicly communicated that it was severing all ties with HBGary in February 2011.  [Compl. ¶ 40, page 31.]  It is hard to imagine what would possibly constitute a company's "communicati[on] of withdrawal" if *not* a press release from its CEO.

Ignoring this fact, Plaintiff asserts in his opposition that "none of the RICO Defendants affirmatively severed all ties with the conspiracy …. Instead, they engaged in a bunker mentality complete with cover-ups and lies.  And after the heat died down, they then resurrected the conspiracy in May 2012 through Defendant Hoge." [Opp. at 20.]  It bears repeating that Plaintiff has absolutely no factual or support for this statement or to indicate *any* contact or other connection between Palantir and Hoge.  Because the lynchpin of Plaintiff's revised theory rests entirely on unsupported supposition, the rest of his arguments collapse.

## II.     PLAINTIFF'S CLAIMS ARE UNTIMELY

In addition to his newly reimagined conspiracy theory, Plaintiff also attempts to avoid the obvious statute of limitations bar by claiming that he was unware of any injury until the Hoge Defendants began a campaign to discredit him in 2012. [Opp. at 6, 8, 16-17, Ex. 1 ¶ 4 (ECF No. 74-1).] Such an assertion hinges Plaintiff's entire claim against Palantir on being able to connect Palantir to the 2012 actions of the Hoge Defendants.  As demonstrated in Section I, *supra*, Plaintiff is unable to make such a showing.

Moreover, the Complaint itself belies Plaintiff's new assertion that he was unaware of any injury until 2012. According to the Complaint, Plaintiff's organization, STC, filed bar complaints with the District of Columbia Bar against some Hunton & Williams lawyers on February 23, 2011, and on March 11, 2011, "notified Defendant HB Gary/Federal and most other Defendants of its intent to seek legal remedies in a court of law for the conduct alleged in the instant Complaint." [Compl. ¶¶ 45-46, page 33.] Plaintiff would now have us believe that STC took these actions—including demanding "legal remedies"—without thinking that any harm had taken place. [Opp. at 8.] That defies common sense.

Plaintiff asserts that this Court has no choice but to accept his claim that his "knowledge of his injury first came in May 2012," and any disagreement must be left to a jury. [Opp. at 6.] But as this Court explained to Plaintiff previously, it need not accept a declaration as fact when it is squarely contradicted both by the Complaint and by common sense. *See* Opinion 3-4, *Kimberlin v. National Bloggers Club, et al. (I)*, No. 13-cv-3059-GJH (D.Md. 2015), ECF No. 263 ("The Court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." (citations omitted)); *Perlmutter v. Verone*, No. GJH-14-2566, 2015 WL 4757183, at *3 (D. Md. Aug. 11, 2015) (same); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (rejecting "conclusory allegations" not supported "by any reference to particular acts, practices, or policies").

Accordingly, Plaintiff's claims against Palantir are time-barred under the applicable statute of limitations.

### III. PLAINTIFF FAILS TO ALLEGE COGNIZABLE LEGAL INJURY TRACEABLE TO PALANTIR

Plaintiff admits that any harm he suffered was caused by the Hoge Defendants and "did not manifest itself for more than a year after Defendants' blueprint … was posted online." [Opp. at 3; *id.* at

6.] This new theory of harm fails twice over. First, as part of his new theory, Plaintiff states that any injury he suffered was caused by the Hoge Defendants. [Opp. at 3, 6.] But because Plaintiff's attempt to connect Palantir to the alleged actions of the Hoge Defendants is without merit, as discussed in Section I, *supra*, Plaintiff has *admitted* that he has not suffered any injury attributable to Palantir. Second, even if Plaintiff had managed to show a connection or conspiracy between Palantir and the Hoge Defendants, Plaintiff's own allegations demonstrate that Palantir is not liable for injury that occurred in 2012. The Complaint admits that Palantir *withdrew* from any alleged conspiracy in February 2011 [Compl. ¶ 40, page 31], and it is black-letter law that Palantir is not liable for any harm that occurred "more than a year" after its withdrawal. *See Smith*, 133 S. Ct. at 719 ("Withdrawal terminates the defendant's liability for postwithdrawal acts of his co-conspirators ….").

Once again, recognizing his failure to allege sufficient facts, Plaintiff asserts that "[a]t this stage of the proceedings, this Court has to accept Plaintiffs allegations as true with regard to harm to him from the Defendants' conduct. At trial, Plaintiff will present evidence in various forms to show that he was harmed and suffered economic loss from the Defendants' conduct." [Opp. at 25.] This is still not true. A plaintiff may not hale a defendant into court and exact burdensome discovery simply by claiming discovery will give him proof of injury. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 551-52 (1986) (explaining that a plaintiff must allege the elements of standing, which include injury, "on the face of the complaint"). Plaintiff has candidly conceded that he has not pled enough to support a claim for relief, which is why he begs for discovery. Because Plaintiff's conclusory and ever-shifting conspiracy-theory allegations lack any basis in fact, despite the 70,000 emails he has already reviewed, his Complaint cannot survive a motion to dismiss.

## IV.   CONCLUSION

Plaintiff's vexatious tactics of bringing every claim imaginable—notwithstanding the absence of any supporting facts—against every conceivable defendant have gone far enough.  Plaintiff has failed to connect Palantir to any harm that he has allegedly suffered.  For the foregoing reasons, the Court should dismiss the Complaint with prejudice in its entirety, as any amendment would be "futile in light of the fundamental deficiencies in plaintiffs' theory of liability."  *Cozzarelli*, 549 F.3d at, 630.

October 29, 2015

Respectfully submitted,

*/s/ Jonathan C. Su*
Jonathan C. Su (Bar No. 16965)
E-Mail:  jonathan.su@lw.com
Allen M. Gardner (admitted *pro hac vice*)
Bar No. 456723 (DC)
E-Mail:  allen.gardner@lw.com
Alexandra P. Shechtel* (admitted *pro hac vice*)
Bar No. 294639 (CA)
E-Mail:  alexandra.shechtel@lw.com
     * Admitted in California only; all work
     supervised by a member of the D.C. Bar.
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax:  (202) 637-2201

*Attorneys for Defendants Palantir Technologies Inc., Alex Karp, Matt Long, Matthew Steckman, & Sam Kremin*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 29, 2015, I caused the foregoing Reply Memorandum in Support of the Motion to Dismiss by Palantir Technologies Inc., Alex Karp, Matt Long, Matthew Steckman & Sam Kremin to be served via CM/ECF on all counsel of record, and by first class mail upon the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817
(301) 320-5921

William Hoge
20 Ridge Road
Westminster, MD 21157

                                                                       */s/ Jonathan C. Su*