# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| HUNTON & WILLIAMS LLP, *et al.*, | ) Civil Action No. 8:15-cv-00723-GJH |
| Defendants. | ) |

## MOTION TO STAY DISCOVERY AND OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DISCOVERY BY PALANTIR TECHNOLOGIES INC., ALEX KARP, MATT LONG, MATTHEW STECKMAN, & SAM KREMIN

Allen M. Gardner
Jonathan C. Su
Alexandra P. Shechtel*
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
* Admitted in California only; all work
  supervised by a member of the D.C. Bar.

In response to Defendants' motions to dismiss, Plaintiff issued discovery requests to try to cure the deficiencies identified. And when Defendants objected to the premature discovery, Plaintiff filed a Motion to Allow Discovery [ECF No. 75 ("Motion")] seeking either a scheduling order from the Court or relief from Local Rule 104.4, which requires a scheduling order prior to the commencement of discovery. The Court has before it several filings demonstrating that Plaintiff's request, like his entire case, is without merit. *See, e.g.*, Correspondence re: Objection to Plaintiff's Discovery Requests [ECF No. 76]; Motion to Stay Discovery and Rule 26 Obligations by Pacific Northwest National Laboratory [ECF No. 77]; Motion to Stay Discovery and Opposition to Plaintiff's Motion to Allow Discovery by Berico Technologies [ECF No. 78]. These arguments apply with equal force to Palantir Technologies Inc. and its employees ("Palantir"), and are adopted herein.

First, Plaintiff's document requests and interrogatories served against Palantir violate the Local Rules because this Court has yet to enter a scheduling order. *See, e.g.*, *Madison v. Harford Cty., Md.*, 268 F.R.D. 563, 565 (D. Md. 2010) ("Plaintiffs should not have initiated any discovery in this case. Local Rule 104.4 states that 'discovery shall not commence ... until a scheduling order is entered.' No such scheduling order has been entered." (alteration in original)). After Palantir notified Plaintiff of his violation of Rule 104(4), *see* Ex. A, he filed the pending Motion.

Second, irrespective of Local Rule 104, this Court should stay Plaintiff's discovery requests because Palantir's motion to dismiss will likely dispose of all Plaintiff's claims—particularly those against Palantir. As set forth in Palantir's Motion to Dismiss [ECF No. 50], and reiterated in Palantir's Reply Memorandum in Support of the Motion to Dismiss [filed Oct. 29, 2015], Plaintiff's claims are untimely, Plaintiff does not allege cognizable legal injury, and Plaintiff fails to state a claim against Palantir. These are glaring and fatal flaws to Plaintiff's complaint, and discovery will not remedy them.

Third, Plaintiff's discovery requests are excessive and unreasonable, particularly given that Plaintiff already has access to 70,000 documents that were hacked from Defendants' computer systems and published over four years ago.  Rule 9(b) was designed to protect defendants from just this kind of fishing expedition.  *See Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 586 (D. Md. 2014) ("The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim, to protect the defendant against frivolous suits, to eliminate fraud actions where all of the facts are learned only after discovery, and to safeguard the defendant's reputation." (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999))); *Yasko v. Fell*, No. ELH-13-3927, 2014 U.S. Dist. LEXIS 123768, at *11 (D. Md. Sept. 5, 2014).  Indeed, Plaintiffs who attempt to salvage plainly insufficient complaints through discovery risk being sanctioned.  *See Kunstler v. Britt (In re Kunstler)*, 914 F.2d 505, 515 (4th Cir. 1990) ("While a lawyer may rely on discovery to reveal *additional* facts to support claims which are well grounded in fact, Rule 11 sanctions are appropriate when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is *no* factual support.").

Finally, a stay of discovery will not prejudice Plaintiff, given his delay of over four years in filing his complaint.

## CONCLUSION

For the foregoing reasons, Palantir respectfully requests that the Court deny Plaintiff's Motion to Allow Discovery.

October 29, 2015

Respectfully submitted,

*/s/ Jonathan C. Su*
Jonathan C. Su (Bar No. 16965)
E-Mail:  jonathan.su@lw.com
Allen M. Gardner (admitted *pro hac vice*)
Bar No. 456723 (DC)
E-Mail:  allen.gardner@lw.com
Alexandra P. Shechtel* (admitted *pro hac vice*)
Bar No. 294639 (CA)
E-Mail:  alexandra.shechtel@lw.com
   * Admitted in California only; all work
   supervised by a member of the D.C. Bar.
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax:  (202) 637-2201

*Attorneys for Defendants Palantir Technologies Inc., Alex Karp, Matt Long, Matthew Steckman, & Sam Kremin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2015, I caused the foregoing Motion to Stay Discovery and Opposition to Plaintiff's Motion to Allow Discovery by Palantir Technologies Inc., Alex Karp, Matt Long, Matthew Steckman & Sam Kremin to be served via CM/ECF on all counsel of record, and by first class mail upon the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817
(301) 320-5921

William Hoge
20 Ridge Road
Westminster, MD 21157

*/s/ Jonathan C. Su*