UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Brett Kimberlin, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Hunton & Williams LLP, et al., )<br>)<br>    Defendants. )<br>) | Case No. 8:15-cv-00723-GJH |

**OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DISCOVERY
BY DEFENDANTS HUNTON & WILLIAMS LLP, JOHN WOODS,
RICHARD WYATT, AND ROBERT QUACKENBOSS**

On September 18, 2015, Plaintiff served a first request for production of documents and a first set of interrogatories on Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss (collectively "the H&W Defendants"). *See* Ex. 1, Plaintiff's First Request for Production of Documents; Ex. 2, Plaintiff's First Set of Interrogatories. Plaintiff requested a response within 30 days. Because no scheduling order has been entered in this action, the H&W Defendants responded by advising Plaintiff that they would object to his discovery requests under Local Rule 104.4, which states that "discovery shall not commence and disclosures need not be made until a scheduling order is entered." *See also* Fed. R. Civ. P. 26(d)(1). Despite Plaintiff's attention having been called to Local Rule 104.4, he declined to withdraw his discovery requests, and instead filed a Motion to Allow Discovery on October 14, 2015. D.I. 75. On October 15, 2015, the H&W Defendants notified the Court that they objected to Plaintiff's discovery requests as premature under Local Rule 104.4. D.I. 76.

In his Motion to Allow Discovery, Plaintiff acknowledges that he was advised that Local Rule 104.4 "states that a party shall not commence discovery until the Court issues a scheduling

1

order." D.I. 75 ¶ 3.  Plaintiff concedes that the Court has not issued the requisite scheduling order, *id.* at 1, 3, and does not dispute that under Local Rule 104.4 discovery requests that are served before the entry of a scheduling order are "defective and unenforceable." *Keller v. Edwards*, 206 F.R.D. 412, 415 (D. Md. 2002).

Notwithstanding the plain import of Local Rule 104.4 and the fact that motions to dismiss the Complaint are pending, Plaintiff contends that the Court should permit him to conduct a fishing expedition to search for evidence that might allow him to properly plead his claims under Federal Rule of Civil Procedure 12(b)(6).  D.I. 75 ¶¶ 2, 5.  But that is manifestly not a reason to allow discovery because, insofar as Plaintiff's Complaint fails to state a claim without discovery, he is "armed with nothing more than conclusions" and thus cannot "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The Court should reject Plaintiff's attempt to sidestep Local Rule 104.4 and deny his motion accordingly.[1]

The cases Plaintiff cites for support—*Rotella v. Wood*, 528 U.S. 549 (2000) and *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041 (7th Cir. 1998)—are unavailing.  Neither case addresses a plaintiff's request to begin discovery prior to the entry of a scheduling order and thus neither applies here.  Moreover, in *Rotella*, the U.S. Supreme Court noted that Federal Rule of Civil Procedure 9(b)'s requirement that fraud be pleaded with particularity may bar civil RICO plaintiffs who cannot plead sufficient facts, and cautioned that discovery in those circumstances should only be permitted when "pleadings [are] based on evidence reasonably anticipated after further investigation or discovery."  528 U.S. at 560.  Here, Plaintiff has alleged in his Complaint no specific evidence that he reasonably anticipates finding in discovery and submits enormously

---

[1] In the event the Court grants Plaintiff's Motion to Allow Discovery, the H&W Defendants reserve their right to request a stay of discovery in light of their pending Motion to Dismiss Plaintiff's Complaint.  D.I. 58.

broad, invasive, and indiscriminate discovery requests. *See* Ex. 1, Plaintiff's First Request for Production of Documents; Ex. 2, Plaintiff's First Set of Interrogatories.

In *Corley*, the Seventh Circuit considered an appeal by a plaintiff whose complaint had been dismissed on summary judgment for failure to state a claim. 142 F.3d at 1051. The court found that the particularity requirements in Rule 9(b) could be relaxed for a plaintiff seeking the identities of other unknown alleged fraud victims, but only because the complaint "generally identifie[d] the content of allegedly fraudulent communications" and "detail[ed] the circumstances of the alleged frauds [with respect to known victims] with sufficient particularity," *and* where the plaintiff "had been denied access in discovery to information that would identify" the other victims by the defendant. *Id.* at 1050–51. In this case, Plaintiff has not been denied access to documents in discovery and, in any case, Plaintiff's Complaint alleges only conclusory statements utterly devoid of content that cannot meet the requirements for relaxed pleading standards set forth in *Corley*.

Because all of Plaintiff's claims are time barred or otherwise deficient as a matter of law, it would be futile to permit him to engage in discovery. Discovery as to stale and invalid claims makes no sense. The Court should deny Plaintiff's motion.

Dated: October 29, 2015                               Respectfully submitted,

                                                 /s/ John. J. Buckley, Jr.
John J. Buckley, Jr. (Bar No. 06249)
Barrett J. Anderson (Bar No. 13900)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5051
Facsimile: (202) 434-5058
Email: jbuckley@wc.com

*Counsel for Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2015, a copy of the foregoing Opposition to Plaintiff's Motion to Allow Discovery by Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss was filed electronically with the Court's electronic filing system, which provided electronic notice to all counsel of record in this matter. In addition, a copy of the foregoing objection was sent to Plaintiff Brett Kimberlin by Federal Express at 8100 Beech Tree Road, Bethesda, MD 20817.

                                                                    /s/_____
                                                               Barrett J. Anderson (Bar No. 13900)