**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

---

**BRETT KIMBERLIN**,

    Plaintiff,

    *v.*

**HUNTON & WILLIAMS LLP**, *et al.,*

    Defendants.

Civil Action No. 8:15-cv-00723-GJH

---

### RESPONSE TO BRETT KIMBERLIN'S MOTION FOR DISCOVERY BY THE CHAMBER OF COMMERCE OF THE UNITED STATES

Defendant Chamber of Commerce of the United States opposes Plaintiff Brett Kimberlin's

motion to allow discovery [ECF No. 75] because it would circumvent the normal discovery procedures

set by this Court's Local Rule 104.4. That rule states: "Unless otherwise ordered by the Court or agreed

upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and

discovery shall not commence and disclosures need not be made until a scheduling order is entered."

Federal Rule 26(f) similarly prohibits parties from seeking discovery until they have conferred about a

discovery plan. Because Mr. Kimberlin's request predates any Rule 26(f) conference or entry of a

scheduling order, it is untimely.

Moreover, for purposes of economy and fairness, the Chamber urges the Court to consider its

fully briefed motion to dismiss before allowing discovery (ECF Nos. 40, 71). The Chamber's motion

presents several independent bases to dismiss each of Mr. Kimberlin's claims, and if the Court accepts

any of those arguments—including that the claims are untimely, that the claims fail to plead sufficient

facts against the Chamber, and that the claims fail to satisfy critical legal elements—then burdensome

and expensive discovery will be unnecessary. For that very reason, courts in this jurisdiction commonly resolve motions to dismiss before allowing discovery. *See Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) ("Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (quotation and citation omitted)).

Mr. Kimberlin argues that his pro se case is special and deserving of early discovery for two reasons. First, he says his case is "very important" to himself and to the country. [Pl.'s Mot. at ¶ 1.] Of course, every plaintiff believes that, but such a claim does not permit Mr. Kimberlin to access discovery despite his pleading deficiencies. As the Chamber pointed out in the briefs supporting its motion to dismiss, Mr. Kimberlin has alleged no specific facts supporting his theory that the Chamber is secretly employing military cyber-security contractors to help the blogger William Hoge post defamatory things about Mr. Kimberlin on the internet and view his family's public social media. [*See* Chamber's Mot. to Dismiss Reply at 14–15 (ECF No. 71).] And the four-year-old hacked emails that apparently inspired Mr. Kimberlin's lawsuit contradict his conclusion that the Chamber ever directed or undertook such a campaign. [*See* Chamber's Mot. to Dismiss Br. at 15–17 (ECF No. 40-1).] Moreover, Mr. Kimberlin's claims suffer not only from factual deficiencies, but from legal deficiencies too. For example, all of Mr. Kimberlin's claims are time-barred, and his RICO and Civil Rights Act claims rely entirely on an aiding and abetting theory that is prohibited by precedent. [*See id.* at 9–11; Chamber's Mot. to Dismiss Reply at 1–3, 11–12 (ECF No. 71).] No amount of early discovery can cure those legal defects.

Second, turning Federal Rule of Civil Procedure 8 on its head, Mr. Kimberlin argues that he needs discovery in hope of finding support for his theories. But Mr. Kimberlin misunderstands the

process: discovery is allowed only if a plaintiff pleads a legally sufficient claim, and then only to the extent relevant to that claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–60 (2007) (holding that courts must insist upon specificity and plausibility in pleadings before allowing cases to proceed through expensive discovery).

To support his argument that he should be allowed discovery before being held to any pleading standards, Mr. Kimberlin cites *Rotella v. Wood*, 528 U.S. 549 (2000), and *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041 (7th Cir. 1998). Both cases predate *Twombly* and *Iqbal*, however, and cannot be read to contradict these later precedents. In any event, neither case supports Mr. Kimberlin for a number of reasons. First, both *Rotella* and *Corley* address only Rule 9(b)'s heightened pleading standard for predicate acts involving fraud; they do not deal with the more fundamental pleading standards of Rule 8. *Rotella*, 528 U.S. at 560; *Corley*, 142 F.3d at 1050–51. The pleading deficiencies identified in the Chamber's briefs go beyond Rule 9(b) and include independently fatal deficiencies under Rule 8 as interpreted by *Twombly* and *Iqbal*. [*See* Chamber's Mot. to Dismiss Br. at 14–17 (ECF No. 40-1).] Neither *Rotella* nor *Corley* save Mr. Kimberlin from those deficiencies. Second, even if Mr. Kimberlin were entitled to a relaxed application of Rule 9(b), his fraud-based RICO allegations would still be deficient. The plaintiff in *Corley*, for example, at least alleged the *content* of fraudulent communications, but not the specific time, date, or agent representatives involved in them. *Corley*, 142 F.3d at 1050–51. In contrast, here, as explained in the Chamber's briefs, Mr. Kimberlin has not alleged *any* details about specific communications by the Chamber in furtherance of a fraudulent scheme. [*See* Chamber's Mot. to Dismiss Br. at 20–22 (ECF No. 40-1).]

For the forgoing reasons the Chamber requests that the Court deny Mr. Kimberlin's motion to allow discovery and continue to withhold the entering of a scheduling order until after deciding the Chamber's motion to dismiss.


October 30, 2015                              Respectfully submitted,

                                               /s/ Bobby R. Burchfield
                                             Bobby Burchfield, Esq. (Bar No. 02325)
                                             bburchfield@kslaw.com
                                             Johnny Walker, Esq. (*pro hac vice*)
                                             jhwalker@kslaw.com
                                             **KING & SPALDING** LLP
                                             1700 Pennsylvania Avenue, NW
                                             Washington, District of Columbia 20006
                                             Telephone: 202 626 5524
                                             Facsimile: 202 626 3737

                                             *Attorneys for the Chamber of Commerce
                                             of the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I caused a copy of the foregoing **Response to Brett Kimberlin's Motion for Discovery by the Chamber of Commerce of the United States** to be filed via the Court's CM/ECF system, which will automatically serve a copy on all registered participants.

I also caused a copy to be sent via first-class mail and electronic mail to the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817
justicejtmp@comcast.net
*Pro Se Plaintiff*

William Hoge
20 Ridge Road
Westminster, Maryland 21157
himself@wjjhoge.com
*Pro Se Defendant*

   /s/ Johnny Walker
Johnny Walker
KING & SPALDING LLP