IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| BRETT KIMBERLIN, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.:   8:15-cv-000723 GJH |
| ) | |
| HUNTON & WILLIAMS, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GREG HOGLUND, STRATIO INFORMATION TECHNOLOGY, LLC (F/K/A HB GARY FEDERAL, LLC), AND MANTECH INTERNATIONAL CORPORATION

Defendants, Greg Hoglund ("Hoglund"), Stratio Information Technology, LLC (f/k/a HB Gary Federal, LLC) ("Stratio"), and ManTech International Corporation ("ManTech") (together, the "HB Gary Defendants"), by and through counsel, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, submit this Reply in support of their Motion to Dismiss (ECF No. 57) and state as follows:

**I.    The New Facts Asserted in Kimberlin's Opposition Should Be Stricken and Not Considered by the Court.**

Perhaps out of recognition that the well-pleaded facts alleged in his Complaint fail to state any claim against the HB Gary Defendants, Kimberlin in his Opposition seeks to assert a plethora of new facts and submits fourteen (14) new exhibits. Those new facts do not add any plausibility to Kimberlin's claims. As this Court has recognized, however, parties are bound by the allegations contained in their pleadings, and "cannot, through the use of motion briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D. Md. 1997). Indeed, Kimberlin is on notice that the tactic of adding additional allegations via an opposition is impermissible, as this Court admonished him for doing so in the case of *Kimberlin v. Nat.*



PALEY ROTHMAN
ATTORNEYS AT LAW
4800 HAMPDEN LANE
6TH FLOOR
BETHESDA, MD 20814
301-656-7603
301-654-7354 fax
www.paleyrothman.com

*Bloggers Club*, 2015 WL 1242763, at *7 n.3 (D. Md. March 17, 2015) (dismissing Kimberlin's Complaint despite his attempt to "salvage" his claims by alleging new facts in opposition filing), earlier this year. Given that Kimberlin knew of this requirement and flagrantly ignored the Court's admonishment, the Court should not hesitate to strike those portions of Kimberlin's Opposition containing new factual allegations – particularly those at pages 30-34 and 45-47 – as well as Kimberlin's new exhibits, and should disregard those materials in ruling upon the Motion to Dismiss.

## II. Kimberlin Does Not Plausibly Tie the HB Gary Defendants to Defendant Hoge or Any Other Post-2011 Actors.

Plaintiff's Complaint is composed of two distinct sets of allegations. The first set involves alleged conduct by the HB Gary Defendants (excluding ManTech) and other purported members of "Team Themis" occurring in 2010 and 2011. See Complaint at 16-28. According to the Complaint, this conduct ended in March 2011 after the hacker group Anonymous divulged e-mails discussing the plan and the alleged Team Themis members "removed incriminating evidence from the offices of [Hunton & Williams, LLP]," and disavowed any further involvement in Team Themis. See Complaint at 31-32. The second set of allegations involve conduct by other defendants, predominantly Defendant William Hoge ("Hoge"), occurring in 2014 or later. See Complaint at 34-36.

The only tie between the two sets of allegations is a statement that,

> Upon information and belief, one or more of the Defendants, in the spring of 2011, conspired with other actors in an overlapping conspiracy to adopt and implement the central tactics outlined by Team Themis against Plaintiff.

Complaint at 32. Such allegations made "upon information and belief" are insufficient under the Fourth Circuit's precedents to state a plausible claim for relief. *Harman v. Unisys Corp.*, 356 Fed.Appx. 638, 640-41 (4th Cir. 2009) ("Such conclusory allegations are insufficient to defeat a

motion to dismiss."); *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 551 (2007) ("upon information and belief" allegation that defendants "entered into a contract, combination or conspiracy" failed to state plausible claim and was properly dismissed).

The lack of any well-pleaded factual content plausibly tying the HB Gary Defendants' conduct to that of Hoge and his associates is fatal to Kimberlin's claims. The only actions alleged by Kimberlin that occurred during the limitations period are those of Hoge. Compare Complaint at 16-28 (conduct in 2010-2011), with Complaint at 34-36 (conduct in 2014). Similarly, the only vaguely referenced "injuries" alleged by Kimberlin were alleged to be the result of actions by Hoge and his associates, not the HB Gary Defendants. See, e.g., Opposition at 6 ("Plaintiff did not discover the . . . injuries caused to him . . . until May 2012 when Defendant Hoge and his associates implemented the Team Themis blueprint."), 21 ("Defendant Hoge and his associates have spent the past three years attacking Plaintiff in order to destroy his ability to earn a living and shutter his employer.").

Even if Kimberlin's new factual allegations are considered by the Court, which they should not be, he fails to plausibly allege any connection between the HB Gary Defendants and Hoge. Kimberlin relies heavily on various articles written by the internet publication Breitbart about Kimberlin around the time that Team Themis was allegedly operating in 2010. Opposition at 30. He does not allege, must less plausibly, that Team Themis or the HB Gary Defendants had anything to do with the drafting or publication of these articles. Nor does he allege that Hoge was associated with Breitbart or the articles in question in 2010. Indeed, the e-mail sent by Defendant Barr referencing one of the 2010 Brietbart articles was sent a month after the article was published and stated, "We could do so much with this..." Complaint at 31. This e-mail relied on by Kimberlin undermines a connection and suggests not that the HB Gary Defendants

were involved in the articles' publication, but that Defendant Barr came across the article well after it was published. Kimberlin also relies on other Breitbart articles published in 2012 as well as blog posts published by Hoge in 2012. As noted above, by 2012 Team Themis had stopped operating for more than a year. Again, there is nothing linking these articles or blog posts to the HB Gary Defendants.

Kimberlin next relies on certain communications allegedly sent by Aaron Walker, an associate of Hoge, in October 2015 regarding this litigation.[1] First, Kimberlin's reliance on this e-mail is prohibited by Fed. R. Evid. 408 as Kimberlin is seeking to use an alleged settlement communication to establish the validity of a civil claim. The Court should strike and disregard the e-mail. Further, the allegation does not establish plausibly that any of the HB Gary Defendants in the spring of 2011 (see Complaint at 32) conspired with Hoge. The wildly speculative "conspiracy" simply gets wilder. The attempt to tie the HB Gary Defendants to an alleged conspiracy of Hoge, Mr. Walker, and Mindy Nagy (the author of one of the Breitbart articles) is further barred by collateral estoppel and/or *res judicata* by virtue of this Court's earlier dismissal with prejudice of a lawsuit by Kimberlin asserting RICO conspiracy claims against those individuals. *Kimberlin*, 2015 WL 1242763.

Finally, Kimberlin points to alleged similarities between the actions of Hoge and the actions that Team Themis had allegedly planned to take. Since Kimberlin alleges that Hoge is "a cyber security expert" it is not surprising that he would adopt similar tactics to those allegedly adopted by the alleged cybersecurity experts at Team Themis. The U.S. Supreme Court in the seminal *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) case expressly rejected an argument

---

[1] Kimberlin's reliance on this e-mail is prohibited by Fed. R. Evid. 408 as Kimberlin is seeking to use a settlement communication to establish the validity of a civil claim. The Court should strike and disregard the e-mail.

that allegations of parallel conduct plausibly state a cause of action based on conspiracy. Indeed, the *Twombly* Court stated the issue in that case as:

> [W]hether a § 1 complaint can survive a motion to dismiss when it alleges that major telecommunications providers engaged in certain parallel conduct unfavorable to competition, absent some factual context suggesting agreement, as distinct from identical, independent action. We hold that such a complaint should be dismissed.

*Id.* at 548-49. Like the plaintiff in *Twombly* who could allege only that firms in the same industry engaged in similar conduct, Kimberlin has not plausibly alleged more than that professionals in the same industry adopted similar tactics, which does not "raise a right to relief above the speculative level." *Id.* at 555. Because Kimberlin has provided nothing showing that the parallel conduct was the result of any agreement, the HB Gary Defendants cannot be connected to any alleged actions of Hoge or his confederates.

### III. Kimberlin's Fraudulent Conveyance Claim Must Be Dismissed Because He Has Not and Cannot Plausibly Allege that the Sale of HB Gary, Inc. Lacked Fair Consideration.

As described in the HB Gary Defendants' Motion to Dismiss, Kimberlin's fraudulent conveyance claim, in the absence of proof of actual fraud, requires that the conveyance have been made "without . . . fair consideration." Md. Code, Comm'l. Law Art., §§ 15-204, 15-205, 15-206, 15-208. Kimberlin's Complaint did not even make that allegation, let alone set forth any facts to support such an allegation. Even considering the new allegations in his opposition, as opposed to his Complaint, Kimberlin cannot plausibly allege that the $23.8 million sale price for the HB Gary, Inc.-Mantech transaction was not "fair consideration."

If anything, Kimberlin's allegations only confirm the fairness of the sale price. According to Kimberlin's Opposition, "HB Gary was in dire financial straits in late 2010" even before the exposure of the alleged Team Themis plot, which "caused HB Gary to lose whatever

business and contracts it had since no one would hire a cyber security firm that could not even protect its own data." Opposition at 46. Kimberlin asserts in his Opposition that HB Gary, at that point, was allegedly "insolvent, under investigation by the federal government and the House Armed Services Committee, mortally wounded under every business rubric, and humiliated both professionally and publicly by Anonymous hackers." *Id.* at 47. If the Court accepts as true Kimberlin's argument that HB Gary, Inc. was damaged and destitute, the logical and plausible conclusion is that "fair consideration" would be very low. Kimberlin does not mention, let alone assert, any facts that the substantial ($23.8 million) consideration paid by ManTech to HB Gary, Inc. was unfair.

Kimberlin cannot escape the fact that the end result of the sale was the transfer of millions of dollars of cash consideration to HB Gary, Inc. That cash was an asset that any creditors of HB Gary, Inc. could attach to satisfy the company's debts. The sale did not and could not somehow "absolve" HB Gary, Inc. of any liability for its past actions. Instead, the sale simply changed the composition of HB Gary, Inc.'s assets, swapping business assets for cash, without affecting the ability of any creditor to reach those assets.

Nor does anything in Kimberlin's Complaint or Opposition establish that HB Gary, Inc. and ManTech undertook the sale with actual (or intended) fraud. *Berger v. Hi-Gear Tire & Auto Supply, Inc.*, 263 A.2d 507, 510 (Md. 1970) ("Even if the grantor has a fraudulent intent, this will not vitiate or impair a conveyance unless the grantee participates in the fraudulent intent."). Indeed, the only assertions regarding ManTech in the Complaint or the Opposition are that it sought to limit its own liability, Complaint at 42, and that it used a Bank of America line of

credit to fund the sale. Opposition at 46.[2] Seeking indemnification against liability for the actions of others does not render a transaction fraudulent. *Christian v. Minn. Mining & Mfg. Co.*, 126 F.Supp.2d 951, 961 (D. Md. 2001) (conveyance of 3M unit not fraudulent where 3M obtained indemnification from purchaser against purchaser's actions). Kimberlin's claims fall far short of any plausible allegation of actual fraud (much less one with Fed. R. Civ. Proc. 9's required particularity), especially in light of the fact that the terms of the HB Gary, Inc./ManTech transaction were contemporaneously and fully disclosed to the government and the public though ManTech's SEC filing. ECF No. 57 at Ex. 1.[3]

### IV. Kimberlin's Claims Are Barred By the Statute of Limitation, Fail to Allege a Legally Sufficient Injury, and Do Not Plausibly Plead the Elements of the Causes of Action Asserted.

Kimberlin's claims against the HB Gary Defendants must be dismissed for the reasons stated in the Replies of Defendants Berico Technologies, Inc. (and associated employees) (ECF No. 81), Palantir Technologies, Inc. (and associated employees) (ECF No. 82), and Hunton & Williams LLP (and associated employees) (ECF No. 84), each of which is incorporated by reference.

---

[2] Kimberlin also implausibly suggests that the involvement of Bank of America as lender for ManTech renders the sale fraudulent. Completely unexplained is why ManTech, a publicly-traded company, which Kimberlin has not even alleged to have participated in any of the alleged Team Themis conduct, would involve itself in such a scheme.

[3] Kimberlin also cannot escape the fact that HB Gary, Inc. – the entity whose assets were purchased by ManTech – is not the entity that was engaging in the alleged Team Themis activities. That entity was HB Gary Federal, LLC, a separate entity. While Kimberlin claims that this is immaterial because he "made clear that he is suing both entities as one," Opposition at 45, this approach ignores the "fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets." *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007). Two distinct legal entities cannot be sued "as one."

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, CHTD.

By: /s/ D. Jack Blum
Glenn M. Cooper, #00977
Patricia M. Weaver, #10951
D. Jack Blum, #07241

4800 Hampden Lane, Sixth Floor
Bethesda, Maryland 20814
Telephone: (301) 951-9360
Facsimile: (301) 654-7354
gcooper@paleyrothman.com
tweaver@paleyrothman.com
jblum@paleyrothman.com

*Attorneys for Defendants Greg Hoglund, Stratio Information Technology, LLC, and ManTech International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2015, a copy of the foregoing Reply in Support of Motion to Dismiss By Defendants Greg Hoglund, Stratio Information Technology, LLC (f/k/a HB Gary Federal, LLC), and ManTech International Corporation was served via the Court's CM/ECF system to all counsel of record, and a copy of the foregoing was also sent by first-class mail to the following *pro se* parties:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817

William Hoge
20 Ridge Road
Westminster, Maryland 21157

/s/ D. Jack Blum
D. Jack Blum
