# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BRETT KIMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:15-cv-00723-GJH |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTON & WILLIAMS LLP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PACIFIC NORTHWEST NATIONAL LABORATORY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

LISA B. ZYCHERMAN
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

MARK BARTLETT (*pro hac vice*)
markbartlett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue
Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Pacific Northwest National Laboratory*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................1

II.  ARGUMENT ...............................................................................................................1

   A.  Plaintiff Fails To Respond To, And Thus Concedes, That PNNL Lacks
       Adequate Notice Of The Allegations Against It.............................................1

   B.  Vague Claims That PNNL And Other Defendants "Work for the Military"
       Are Insufficient To Allege A Civil Conspiracy.............................................3

   C.  Plaintiff's Motion To Strike The Affidavit Of Bill Nickless In Unfounded,
       Should Be Denied, And Plaintiff's Defamation Claim Against PNNL Should
       Be Dismissed With Prejudice .....................................................................4

   D.  Plaintiff Has Not Overcome PNNL's Showing That The Complaint Does Not
       Alleges Outrageous Conduct Or The Required Intent..................................5

III. CONCLUSION ...........................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Agora, Inc. v. Axxess, Inc.*,
  90 F. Supp. 2d 697 (D. Md. 2000), *aff'd*, 11 F. App'x 99 (4th Cir. 2001) ...............................5

*Baltimore-Clark v. Kinko's, Inc.*,
  270 F. Supp. 2d 695 (D. Md. 2003) ...........................................................................................6

*Bishop v. Bd. of Educ. of Calvert Cnty.*,
  No. DKC 11-1100, 2011 WL 2651246 (D. Md. July 5, 2011),
  *aff'd*, 466 F. App'x 261 (4th Cir. 2012) ....................................................................................6

*Reaves v. Westinghouse Elec. Corp.*,
  683 F. Supp. 521 (D. Md. 1988) ...............................................................................................4

*Reuber v. Food Chem. News, Inc.*,
  925 F.2d 703 (4th Cir. 2009) ....................................................................................................3

**State Cases**

*Green v. Washington Suburban Sanitary Comm'n*,
  259 Md. 206 (1970) ...................................................................................................................3

*Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*,
  326 Md. 663 (1992) ...................................................................................................................6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 7

Defendant Pacific Northwest National Laboratory ("PNNL") submits this reply brief in support of its motion to dismiss the complaint in this action brought by Brett Kimberlin in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      PRELIMINARY STATEMENT

Plaintiff cannot save his fatally defective claims for intrusion, defamation, and intentional infliction of emotional distress against PNNL.

*First*, Plaintiff fails to rebut, and thus concedes, PNNL's argument that the Complaint fails to put PNNL on notice of the allegations against it.

*Second*, Plaintiff's nebulous claims that PNNL and other Defendants "work for the military" is insufficient to establish a civil conspiracy among the Defendants to invade Kimberlin's privacy.

*Third*, PNNL cannot be vicariously liable in defamation for Defendant Bill Nickless's statements as a matter of law because Nickless did not act within the scope of his employment when he made the statements at issue.  Furthermore, Plaintiff's unfounded and improper motion to strike the Affidavit of Bill Nickless must be denied.

*Fourth*, Plaintiff's contention that he experienced "duress" when he learned that Nickless was employed by PNNL due to PNNL's involvement in "cyber security" matters is patently insufficient to establish the requisite extreme and outrageous conduct necessary to state a claim of intentional infliction of emotional distress.

## II.      ARGUMENT

### A.      Plaintiff Fails To Respond To, And Thus Concedes, That PNNL Lacks Adequate Notice Of The Allegations Against It

Aside from asserting that "PNNL knows what it is facing in this case," Opp. 41, Plaintiff fails to address PNNL's contention that the Complaint does not satisfy the liberal pleading

standards under the Federal Rules and does not put PNNL on notice of the allegations against it. PNNL Mot. 3 (citing Fed. R. Civ. P. 8(a)(2)).  Plaintiff's brief, like his Complaint, continues to impermissibly group the defendants together with each allegation, making it difficult for PNNL to ascertain the specific conduct in which it is alleged to have engaged.  *E.g.*, Compl. 43 (¶¶ 70-74), 59 (¶¶ 133-137).  Moreover, the allegations of injury are too vague and imprecise to support any claims asserted against PNNL, and have no relationship to PNNL.

Mr. Kimberlin's submission of a declaration in support of his opposition to PNNL's motion to dismiss fails to cure this deficiency.  Doc. 74-1, Decl. of Brett Kimberlin.  Instead, Kimberlin's declaration repeats and realleges the same vague and insufficient allegations that render his Complaint defective.   For example, Plaintiff impermissibly groups PNNL with "companies associated with the military industrial complex" who Plaintiff claims "were targeting me and my employer."  Kimberlin Decl. ¶ 3.  Kimberlin further asserts, in conclusory fashion: "When I learned that Defendant PNNL and Nickless were targeting me, and that Defendant Nickless was part of a secret Google Group created by Defendant Hoge, it caused even more duress to me, because they specialize in hacking and cyber security matter," but he does not specify the how he "learned" that PNNL was "targeting" him, what he means by claiming that he was "target[ed]," or how any of these baseless and vague assertions correlate to the causes of action asserted in his Complaint.  *Id.*  In sum, the Complaint and Plaintiff's declaration merely assert conclusory and implausible claims of injury that cannot withstand scrutiny under the Federal Rules.

PNNL's brief addressed each of Plaintiffs three causes of action against PNNL and demonstrated that each is legally insufficient for several reasons.  Plaintiff ignores, and thereby

concedes, most of PNNL's arguments.  Even his limited responses are unpersuasive and should not save his claims against PNNL from dismissal with prejudice.

### B.      Vague Claims That PNNL And Other Defendants "Work for the Military" Are Insufficient To Allege A Civil Conspiracy

Plaintiff fails to save his vague allegations that PNNL and "all Defendants" except Mantech conspired to invade his privacy through "unreasonable intrusion" upon his seclusion. Compl. 43 (¶ 70).  Instead, Plaintiff continues to assert that all Defendants engaged in a civil conspiracy based on his conclusory allegation that "all of the Defendants have some direct or integral connection to the military industrial complex."  Opp. 44.  As explained *supra* at § II.A, such broad-based allegations are impermissible under the Federal Rules.  Further, Plaintiff wholly fails to answer the substance of PNNL's argument that it cannot be liable for conspiring with Nickless (or any other Defendant) to commit the privacy tort where, as here, Plaintiff has not sufficiently alleged that PNNL or Nickless invaded his privacy.  PNNL Mot. 4 (citing *Alleco, Inc. v. Harry & Jeanette Weinberg Found. Inc.*, 340 Md. 176, 189 (1995)).

Plaintiff's opposition and Declaration offer no additional facts suggesting that PNNL took any intentional action to encroach on Plaintiff's seclusion.  Nor does Plaintiff offer any further allegations to establish that Nickless's arguably offensive tweet constituted an unauthorized intentional intrusion or prying into Plaintiff's seclusion.  Mere publication, without any other intentional act, is legally insufficient to make a claim for seclusion.  *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 718 (4th Cir. 2009).  Thus, even if Plaintiff has sufficiently alleged that PNNL conspired with Nickless (he has not), not plausible intrusion could have occurred via the tweet as a matter of law.

Moreover, a civil conspiracy requires an agreement or understanding between two or more persons to accomplish an unlawful act.  *Green v. Washington Suburban Sanitary Comm'n*,

259 Md. 206, 221 (1970).  Plaintiff's persistent and ineffective contentions that PNNL and the Defendants conspired to intrude upon his seclusion because of alleged independent connections to the "Department of Defense", or alleged connections to the "military industrial complex" fail as a matter of law to satisfy the pleading requirements of a civil conspiracy.  Opp. 43. Accordingly, Plaintiff's claim that PNNL conspired with others to intrude upon his seclusion should be dismissed with prejudice.

> ### C.      Plaintiff's Motion To Strike The Affidavit Of Bill Nickless In Unfounded, Should Be Denied, And Plaintiff's Defamation Claim Against PNNL Should Be Dismissed With Prejudice

Plaintiff's opposition brief separately moves the Court to strike the Affidavit of Bill Nickless on the basis that Nickless has not been served yet in this case.  Opp. 41.  Plaintiff's motion should be disregarded, however, because it does not comply with the procedural requirements of Local Rule 105 and because Plaintiff does not (and cannot) cite any authority for his contention that a party who has not been served in a litigation cannot submit sworn testimony in the same case.

Kimberlin's interest in asking the Court to disregard Nickless's Affidavit is plain – Nickless's averments defeat Kimberlin's threadbare claims that PNNL should be held vicariously liable for Nickless's alleged defamatory statements.  Nickless's Affidavit confirms that his tweets at Plaintiff were entirely personal, wholly unrelated to his work for PNNL, were not approved by PNNL, and were not conducted within the scope of his employment with PNNL.  PNNL Mot. Ex. A.  Nickless's statements defeat Plaintiff's vicarious liability claim on its face because employers may only be held liable for the defamatory statements or conduct of their employees where an employee was acting with the scope of his or her employment.  *Reaves v. Westinghouse Elec. Corp.*, 683 F. Supp. 521 (D. Md. 1988).

Plaintiff's new allegations that Nickless "uses his Twitter account to discuss his employment," or his unsubstantiated claim that Nickless "lead his readers to believe the he does tweet under the authority and approval of PNNL," does not alter the fact that vicarious liability cannot lie as a matter of law.  Opp. 42.  Nor do Plaintiff's new exhibits, which purport to show additional tweets by Nickless mentioning his employment at PNNL and an email from Plaintiff to PNNL's general counsel seeking assistance with a "stalking complaint against … Bill Nickless."  Opp. Exs. 12-14.  Insofar as Nickless has confirmed that he did not make statements on Twitter within the scope of his employment with PNNL, Kimberlin's allegation that Plaintiff subjectively believed otherwise because Nickless and PNNL indicated Nickless was employed by PNNL is wholly insufficient to hold PNNL vicariously liable for Nickless's alleged defamatory statements.

Plaintiff otherwise offers no response to PNNL's contention that, even if Kimberlin has stated a claim for vicarious liability, Nickless's tweet is a non-actionable statement of opinion and cannot, as a matter of law, form the basis of a defamation claim.  *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 702-03 (D. Md. 2000), *aff'd*, 11 F. App'x 99 (4th Cir. 2001).  Rather than point to any allegations in the complaint that would support his vicarious liability claim against PNNL, or any defamation claim based on Nickless's tweets, Plaintiff improperly asks this Court to disregard Nickless's averments.  The Court should deny his request and dismiss Kimberlin's defamation claim against PNNL with prejudice.

### D.      Plaintiff Has Not Overcome PNNL's Showing That The Complaint Does Not Alleges Outrageous Conduct Or The Required Intent

The Plaintiff has further failed to cure the deficiencies in his tag along claim for intentional infliction of emotional distress.  Kimberlin's Declaration asserts: "When I learned that Defendant PNNL and Nickless were targeting me, and that Defendant Nickless was part of a

secret Google Group created by Defendant Hoge, it caused even more duress to me, because they specialize in hacking and cyber security matters."   Kimberlin Decl. ¶ 3.  This claim in no way addresses the deficiencies in Plaintiff's intentional infliction of emotional distress claim against PNNL.   Other than further stoking his conspiracy theories, Plaintiff has failed to make any showing that PNNL's alleged conduct was extreme and outrageous as a matter of law.   Indeed, Plaintiff does not identify any extreme or outrageous conduct on the part of PNNL or explain how he suffered from any such conduct.

Instead, Plaintiff continues to only make conclusory allegations that, in employing Nickless and due to its involvement in cyber security matters, PNNL's conduct caused Kimberlin "duress."  This does not constitute extreme and outrageous behavior, which Maryland state and federal courts have concluded must involve exceedingly harsh and inhuman behavior. *Baltimore-Clark v. Kinko's, Inc.*, 270 F. Supp. 2d 695, 701 (D. Md. 2003); *Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670 (1992).   Under Maryland law, while individual employees may be liable under this tort, liability cannot attach to an employer under a *respondeat superior* theory.  *Bishop v. Bd. of Educ. of Calvert Cnty.*, No. DKC 11-1100, 2011 WL 2651246, at *9 (D. Md. July 5, 2011), *aff'd*, 466 F. App'x 261 (4th Cir. 2012).   Therefore, Plaintiff's emotional distress claim against PNNL fails as a matter of law, and must be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 12(b)(6), the motion to dismiss of Pacific Northwest National Laboratory should be granted, and this action dismissed with prejudice against PNNL in its entirety.

DATED:  November 2, 2015

Respectfully submitted,


  /s/ Lisa B. Zycherman
LISA B. ZYCHERMAN
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

MARK BARTLETT (*pro hac vice*)
markbartlett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue
Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Pacific Northwest National Laboratory*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply in

Support of Motion to Dismiss was served upon all counsel of record on this 2nd day of

November 2015 via use of the Court's ECF system.

I also caused a copy to be sent via first-class mail and electronic email to the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817
justicejtmp@comcast.net
*Pro Se Plaintiff*

William Hoge
20 Ridge Road
Westminster, Maryland  21157
himself@wjjhoge.com
*Pro Se Defendant*


  /s/ Lisa B. Zycherman
Lisa B. Zycherman