UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

BRETT KIMBERLIN,
    Plaintiff,

v.                                No. 8:15-cv-00723 GJH

HUNTON & WILLIAMS,
    Defendants.

**PLAINTIFF'S GLOBAL RESPONSE TO DEFENDANTS' MOTIONS TO STAY DISCOVERY**

Now comes Plaintiff Brett Kimberlin and responds to Defendants' Motions to Stay Discovery prior to a ruling on their Motions to Dismiss.

1. Defendants argue that discovery should be stayed because, in their opinion, there is no legal basis for Plaintiff's complaint and therefore discovery would be a burden they should not have to carry. This is without merit.

2. Local Rule 104.4 states that discovery can commence after a scheduling order has been entered in the case. This Court has not yet issued such an order. However, the Supreme Court stated in *Rotella v. Wood*, 528 U.S. 549, 560 (2000), that discovery can take place in RICO cases to supplement particularity prior to ruling on a motion to dismiss. ("Rotella presented no case in which Rule 9(b) has effectively barred a claim like his, and he ignores the flexibility provided by Rule 11(b)(3), allowing pleadings based on evidence reasonably anticipated after further investigation or discovery.")

3. In *Rotella,* the Court stated that the "object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, 'private attorneys general,' dedicated to eliminating racketeering activity. Id. at 187 (citing *Malley-Duff,* 483 U.S.

at 151 (civil RICO specifically has a 'further purpose [of] encouraging potential private plaintiffs diligently to investigate')." Having a case dismissed at the pleading stage without allowing discovery, as the Defendants have requested, would run contrary to the intent of civil RICO and would immunize the Defendants from any private investigation. However, in the instant case, this Court can comply with both Rule 104.4 and *Rotella* by simply issuing a scheduling order.

4. If a court dismisses a RICO complaint on statute of limitations grounds without allowing discovery, it will likely be reversed. See e.g., *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.,* 782 F.3d 922, 928 (7th Cir. 2015) ("But given the allegations of the complaint, we are convinced that the district court erred by dismissing this case based on the statute of limitations without giving the parties an opportunity for discovery into when a reasonable benefit fund should have known about its injuries from off-label marketing").

5. The SOL is an affirmative defense that should be decided by a jury if it is contested, which it apparently is in the instant case. Plaintiff asserts that he did not discover his injuries until May of 2012, while Defendants assert that he became aware of the Defendants' conduct in February 2011. Therefore, at this stage of the proceedings, the Defendants cannot have it both ways. Either their motions to dismiss should be denied or this Court should grant discovery. As the *Sidney* court noted:

> "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir.2009). "Further, these defenses typically turn on facts not before the court at that stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690

(7th Cir.2012). It is true that, "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir.2015); *see Cancer Found.,* 559 F.3d at 674-75 ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness."). But we have cautioned that this "irregular" approach is appropriate "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 613-14 (7th Cir.2014) (quotations omitted);*see United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record. *See Clark v. City of Braidwood,* 318 F.3d 764, 767 (7th Cir.2003) (reversing dismissal because, "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists" (citation omitted)); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 80 (7th Cir.1992) ("[W]hen a complaint is dismissed at the pleadings stage the question is not what are the facts, but is there a set of facts that if proved would show that the case had merit?").

6. The Chamber argues, unconvincingly, that because *Rotella's* discovery statement predated later Supreme Court cases, see e.g, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), *Rotella* should be disregarded. This is without merit, as the *Sidney* court's 2015 decision makes clear.

7. Several of the Defendants have moved to stay discovery pursuant to Fed. R. Civ. P. 26(c) and case law interpreting that rule. Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." *Id.* Thus, a party seeking to stay discovery must show good cause. *Id.*

In order to establish good cause to stay discovery, the moving party "must present a 'particular and specific demonstration of fact' as to why a protective order [staying discovery] should issue." *Id.* (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). Specifically, the moving party must make "a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay." *Id.* (citations omitted). The requirement to show good cause is a "high hurdle" for the moving party, and the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.* (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)).

8. The Defendants, however, have not presented any particular demonstration of fact as to why they need a stay other than that they do not want Plaintiff to have the information they say is lacking in the Complaint. Therefore, they have not met the high hurdle required for seeking a stay.

9. It is the Defendants who have asked this Court to dismiss for failure to state a claim, for failing to show particularity, and for SOL reasons. Yet Defendants argue now that Plaintiff should not be allowed discovery to address the very issues on which the Defendants have based their motions to dismiss.

Wherefore, Plaintiff moves this Court to issue a scheduling order so discovery can commence, to deny the Defendants' motions for stay, or issue an order allowing Plaintiff to commence discovery.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

Certificate of Service

I certify that I mailed a copy of this motion to Defendant Hoge this 4th day of November, 2015.

Brett Kimberlin