UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, )<br>)<br>Plaintiff, )<br>) Case No. 8:15-cv-00723-GJH<br>v. )<br>)<br>HUNTON & WILLIAMS LLP, *et al.*, )<br>)<br>Defendants. ) | |

**DEFENDANT PACIFIC NORTHWEST NATIONAL LABORATORY'S
REPLY IN SUPPORT OF ITS MOTION FOR STAY OF DISCOVERY**

Pacific Northwest National Laboratory ("PNNL") hereby replies in support of its Motion for Stay of Discovery and Rule 26 Obligations, and all arguments and grounds stated therein, for an order of this court staying discovery until a ruling issues on PNNL's pending motion to dismiss. Doc. 77.

In his "Global Response" to many defendants', including PNNL's, motions for a stay of discovery while the Court considers the numerous motions for dismissal, Plaintiff relies on *Rotella v. Wood*, 528 U.S. 549 (2000), to assert that discovery may be granted in RICO cases prior to a ruling on a motion to dismiss even where, as here, a scheduling order has not issued. Without opining on the validity of that argument, PNNL asserts that it has no application to its motion for stay of discovery because PNNL is not identified as a defendant to any of Plaintiff's RICO counts. Thus, even accepting Plaintiff's reading of *Rotella*, there would be no basis for proceeding with discovery on any claims against PNNL.

This Court's Local Rules state that "discovery shall commence and disclosures need not be made until a scheduling order has been entered." L.R. 104.4. This Court has recognized that the purpose of Local Rule 104.4 is to protect a party, like PNNL, from the burden of responding

to discovery requests before the Court has determined that the plaintiff states a plausible claim on which relief may be granted. *See Thompson v. Dorsey*, 2011 WL 2416631, at *1 (D. Md. 2011). Plaintiff presents no reason for the Court to depart form this rule in his non-RICO claims. It would be unduly burdensome to require PNNL to incur the cost of producing documents to Plaintiff during the pendency of PNNL's motion to dismiss, which, if granted, would dispose of all claims against it. *See Cognate BioServices, Inc. v. Smith*, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) ("Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (quotation and citation omitted).

Accordingly, this Court should grant PNNL's Motion for Stay of Discovery and Rule 26 Obligations through and until such time as the Court issues a ruling on PNNL's pending motion to dismiss the Complaint in its entirety.

Dated: November 23, 2015

                                              Respectfully submitted,

                                               /s/ Lisa B. Zycherman
                                              LISA B. ZYCHERMAN
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

MARK BARTLETT (*pro hac vice*)
markbartlett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Pacific Northwest National Laboratory*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply In Support of PNNL's Motion for Stay of Discovery, was served upon all counsel of record on this 23rd day of November 2015 via use of the Court's ECF system.

I also caused a copy to be sent via first-class mail and electronic email to the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817
justicejtmp@comcast.net
*Pro Se Plaintiff*

William Hoge
20 Ridge Road
Westminster, Maryland  21157
himself@wjjhoge.com
*Pro Se Defendant*

                                          /s/ Lisa B. Zycherman
                                          Lisa B. Zycherman