U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 18 PM 1:01

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLP, *et al.*
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S MOTION FOR SANCTIONS AGAINST PLAINTIFF

COMES NOW Defendant William Hoge and moves this Court to sanction Plaintiff for his repeated failure to provide proper service of court papers on Mr Hoge and for Plaintiff's filing multiple false certificates of service with the Court. In support of his motion Mr. Hoge states as follows:

### PLAINTIFF HAS REPEATEDLY FAILED TO SERVE COURT PAPERS ON MR. HOGE

As Mr. Hoge has noted in previous filings in the instant lawsuit (ECF Nos. 79 and 80), Plaintiff has repeatedly failed to properly serve court papers on Mr. Hoge as required by Fed. R. Civ. P. 5(a)(1). More recently, Plaintiff filed two communications with the Court (ECF Nos. 97 and 98) in which he did not claim he had served on Mr. Hoge and which, in fact, he failed to serve Mr.Hoge.

### PLAINTIFF HAS REPEATEDLY FILED FALSE CERTIFICATES OF SERVICE WITH THIS COURT

This Court's Rules require that "court documents other than the original complaint must bear a signed certificate signed by counsel stating that the service required by Fed. R. Civ. P. 5(a) has been made." L. R. 102.1(c). It goes without saying that such certificates should be truthful (as per Fed. R. Civ. P. 11), but Plaintiff has flouted these requirements. For example, the Certificate of Service for Plaintiff's filing ECF No. 74 states: "I certify that I mailed a copy of this motion to Defendant Hoge, and emailed it to counsel for the other Defendants this 15th day of October, 2015." However, the envelope received by Mr. Hoge containing his copy of that filing is postmarked "OCT 17 15." *See* Exhibit A.

Similarly, the Certificates of Service for Plaintiff's filings ECF Nos. 93 and 94 state that service was mailed on 4 November, 2015, and 5 November, 2015, respectively. The envelope received by Mr. Hoge containing his copies of both filings is postmarked "11/07/15."[1] *See* Exhibit B.

---

[1] Exhibit A of Plaintiff's ECF No. 94 is an envelope allegedly addressed to unserved Defendant Aaron Barr. Plaintiff alleged that it was sent to Mr. Barr's place of employment, Runrivr, Inc. However, it is addressed to Suite 300, and Runrivr's address is Suite 3000. Whether that was a careless error or not, Plaintiff has a history of mailing service to incorrect addresses. *See, e.g.*, Reply to Oppositions, *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-3059-GJH (D.Md. Mar. 3, 2014) ECF No.56 at 23, 24, and Exs. D and E.

## PLAINTIFF'S FAILURE TO PROPERLY SERVE COURT PAPERS ON MR. HOGE HAS PREJUDICED MR. HOGE'S ABILITY TO CONDUCT HIS DEFENSE OF THE INSTANT LAWSUIT

Rule 5 makes it clear that Plaintiff is obliged to serve the papers he files in the instant lawsuit on all served defendants, including Mr. Hoge.  Moreover, this Court warned him in an ongoing case that "[p]roper service is prerequisite for filing[.]"  Letter Order, *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-3059-GJH (D.Md. Jan. 7, 2014) ECF No. 26 at 2.  The Court should enforce the second part of its warning that "motions will not be considered in the absence of proper service" (*id.*), and it should apply that rule to all papers filed with the Court.  Otherwise, Mr. Hoge's due process rights will continue to be trampled, and his ability to conduct his defense of this lawsuit will continue to be prejudiced.

## PLAINTIFF'S CONDUCT DESERVES SANCTIONS

Plaintiff is not some naive, inexperienced *pro se* litigant who is making occasional mistakes navigating the Rules.  This Court has previously found that Plaintiff is an experienced *pro se* litigator.[2]  Indeed, a recent search of PACER turned up over 30 entries showing Plaintiff as a *pro se* plaintiff or petitioner.  He is also a convicted perjurer who has

---

[2] Memorandum Opinion, *Kimberlin v. Kimberlinunmaksed*, Case No. 13-CV-2580-RWT (D.Md. Feb. 28, 2014), ECF. No. 12 at 2, 3.

admitted to forging a summons in another case before this Court,[3] and his *pro se* status in no way excuses his conduct.

Plaintiff should know it is wrong to fail to serve the other parties in a lawsuit because, as noted above, this Court has told him so. He should also know that it is wrong to file false certificates of service with the Court—after all, his first jail sentence was for lying to a grand jury, so he should understand that statements made to a judicial proceeding are supposed to be truthful. Thus, it is reasonable to assume that Plaintiff has knowingly and purposefully failed to properly serve Mr. Hoge and that he has knowingly and purposefully lied to the Court about it.

A finding of contempt would appropriate in this case because Plaintiff's ongoing failure to provide proper service and his filing of knowing falsehoods in multiple certificates of service are attacks on the orderly administration of justice which this Court should not allow to continue.

> The power of contempt which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court is most important and indispensable.

*Cooke v. U.S.*, 267 U.S. 517, 539 (1925). Alternatively, sanctions could be imposed under the Court's inherent authority after giving the Plaintiff an appropriate opportunity to respond. *U.S. v. Hudson*, 11 U.S. 32, 34 (1812).

---

[3] Response to Show Cause Order, *Kimberlin v. National Bloggers Club*, (Mar. 11, 2014) ECF No. 102.

CONCLUSION

WHEREFORE, Mr. Hoge asks the Court to find Plaintiff in contempt for his continuing violations of the Rules with respect to service of court papers and for his false statements in Certificates of Service or, alternatively, to order him to show cause why he should not be sanctioned for such behavior. Mr. Hoge also asks for such other relief as the Court may find just and proper.

Date: 18 December, 2015                    Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself @wjjhoge.com

CERTIFICATE OF SERVICE

I certify that on the 18th day of December, 2015, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and to all other parties via email by permission.

William John Joseph Hoge

**VERIFICATION**

I certify under penalty of perjury that the foregoing is true and correct and that all exhibits attached hereto are true and correct copies of the original documents.

William John Joseph Hoge