| | |
|---|---|
| Brett Kimberlin,<br>*Plaintiff*,<br><br>v.<br><br>Hunton & Williams LLP, *et al.*<br>*Defendants*. | UNITED STATES DISTRICT COURT FOR THE<br>DISTRICT OF MARYLAND<br>SOUTHERN DIVISION<br><br>Case No. 15-CV-00723-GJH |

### DEFENDANT WILLIAM HOGE'S MOTION FOR A HEARING PURSUANT TO MD. CODE CTS. & JUD. P. § 5-807

COMES NOW Defendant William Hoge and moves this Court to grant a hearing as soon as practicable on Mr. Hoge's pending motion to dismiss for failure to state a claim upon which relief can be granted (ECF No. 64) pursuant to Md. Code Cts. & Jud. P. § 5-807(d)(1). In support of his motion Mr. Hoge states as follows:

### THE REMEDY OF AN EXPEDITED HEARING IS AVAILABLE ON THE MERE ALLEGATION THAT A CASE IS A SLAPP SUIT

All of Plaintiff's claims against Mr. Hoge in the instant lawsuit are Maryland state law claims. Thus, Md. Code Cts. & Jud. P. § 5-807 (the "Anti-SLAPP Statute") is applicable to this suit. *See Russell infra.*

Because there is little case law interpreting the Anti-SLAPP Statute, this case presents an instance of pure statutory interpretation, and the first step of statutory interpretation is to look at the statute itself. Here is how it defines a SLAPP suit:

> (b) A lawsuit is a SLAPP suit if it is:
>
> > (1) Brought in bad faith against a party who has communicated with a federal, State, or local government body or the public at large to report on, comment on, rule on, challenge, oppose, or in any other way exercise rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights regarding any matter within the authority of a government body or any issue of public concern;
> >
> > (2) Materially related to the defendant's communication; and
> >
> > (3) Intended to inhibit or inhibits the exercise of rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights.

§ 5-807. It is obvious that most of these requirements are met on the face of the Complaint. For instance, it is clear that the instant lawsuit was brought against Mr. Hoge because he "communicated ... with the public at large to ... exercise rights under the First Amendment ... regarding ... [an] issue of public concern[.]" Plaintiff's Complaint against Mr. Hoge states that he has written about the Plaintiff's past and current activities. Complaint, ¶¶ 55-57. Mr. Hoge's writings about Plaintiff deal with issues of public safety (Plaintiff is a convicted violent felon) and of the freedoms of speech and of the press (Plaintiff's use of the courts to silence his critics) which are clearly matters of public concern. There can be no doubt that this suit is materially related to Mr. Hoge's communications. *Id.* Further, this lawsuit obviously seeks "to inhibit ... [Mr. Hoge's] right under the First Amendment" by asking this Court to enjoin Mr. Hoge "from future tortious

conduct against Plaintiff" (Complaint, ¶ 138) which Plaintiff believes includes simply mentioning his name (Complaint, ¶¶ 75-81).

The Court would have to find that this suit has been brought in bad faith in order to conclude that it is, in fact, a SLAPP suit. However, not every remedy offered by the statute requires such a definitive finding. The Anti-SLAPP Statute offers these remedies:

> (c) A defendant in a SLAPP suit is not civilly liable for communicating with a federal, State, or local government body or the public at large, if the defendant, without constitutional malice, reports on, comments on, rules on, challenges, opposes, or in any other way exercises rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights regarding any matter within the authority of a government body or any issue of public concern.
>
> (d) A defendant in an alleged SLAPP suit may move to:
>
> > (1) Dismiss the alleged SLAPP suit, in which case the court shall hold a hearing on the motion to dismiss as soon as practicable; or
> >
> > (2) Stay all court proceedings until the matter about which the defendant communicated to the government body or the public at large is resolved.

§ 5-807. Subsection (c) offers limited immunity to a SLAPP defendant, and a plain reading of that part of the statute is that a finding that a suit is a SLAPP suit in necessary before the defendant is entitled to that immunity. In contrast, subsection (d) provides possible remedies to a "defendant in an alleged SLAPP suit[.]" A plain reading of this part of the statute is that the *mere allegation* of SLAPP is sufficient to trigger those remedies.

The remedy Mr. Hoge seeks through this motion—an expedited hearing on his pending Rule 12(b)(6) motion to dismiss—does not require the Court to hold an

evidentiary hearing to determine whether this case is a SLAPP suit., and it would probably be difficult to make such a determination in a motions hearing.[1] Fortunately, the Maryland Legislature has set a low threshold for granting the remedy of an expedited hearing. Mr. Hoge's allegation of SLAPP is sufficient. Indeed, a Maryland court recently granted an expedited hearing pursuant to § 5-807(d)(1) on a motion to dismiss in Plaintiff's duplicative *Kimberlin v. National Bloggers Club, et al.* Case No. 403868V (Md. Cir.Ct. Mont. Co. 2015) lawsuit pursuant to § 5-807(d)(1).[2]

Accordingly, Mr. Hoge formally alleges that this is a SLAPP suit, and seeks a hearing of his pending Rule 12(b)(6) motion (ECF No. 64) as soon as practicable under § 5-807(d)(1) in order to resolve this suit quickly. Said motion is fully briefed and is ripe.

---

[1] Since an allegation that the case is a SLAPP suit all that is necessary to trigger § 5-807(d)(1), this Court has no need to apply § 5-807(c) as it did in *Russell, et al. v. Krowne, et al.*, Case No. 08-CV-2568-DKC, (D.Md. July 12, 2010). In *Krowne,* this Court could not determine whether or not §3-807(c) applied on a motion to dismiss basis because the evidence required to show bad faith went beyond the complaint for closing dismissal under F.R.C.P. 12(b)(6) and there was a genuine issue of material fact foreclosing summary judgment under F.R.C.P. 56. By contrast, since § 5-807(d)(1) is triggered by a mere allegation that a suit is a SLAPP suit and that allegation appears on the face of this motion, there is no need for evidence at all: the allegation is enough.

[2] *See* Motion for Appropriate Relief, Docket Item 114 (Oct. 13, 2015); Order for Appropriate Relief, Docket Item 140 (Dec. 1, 2015); Hearing, Docket Item 146 (Dec. 8, 2015); and Court Takes Matter Under Advisement, Docket Item 147 (Dec. 8, 2015).

## Conclusion

WHEREFORE, Mr. Hoge asks the Court to schedule a hearing on his Rule 12(b)(6) motion to dismiss the instant lawsuit (ECF No. 64) as soon as practicable and for such other relief as the Court may deem just and proper.

Date: 18 December, 2015

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself@wjjhoge.com

## Certificate of Service

I certify that on the 18th day of December, 2015, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and to all other parties via email by permission.

William John Joseph Hoge