UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

BRETT KIMBERLIN,
    Plaintiff,

v.                              No. 8:15-cv-00723 GJH

HUNTON & WILLIAMS,
    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT HOGE'S MOTION FOR ANTI-SLAPP HEARING**

Now comes Plaintiff Brett Kimberlin and responds in opposition to Defendant Hoge's belated motion for a hearing under Maryland's Anti-Slapp statute.

1. Defendant Hoge is grasping at straws in arguing that the instant case is brought in bad faith in order to inhibit his First Amendment rights. There has been no finding of bad faith and there is no intent by Plaintiff to inhibit any constitutional rights. Indeed, Plaintiff's Complaint sets forth viable torts against Defendant Hoge for his conduct that have nothing to do with any supposed First Amendment right to smear, bully, defame and harass Plaintiff.

2. Defendant Hoge did not file his Anti-Slapp motion in a timely manner, and this Court has noted that the failure to do so at the beginning of litigation counsels in favor of denial. *Russell v. Krowne*, No. DKC 2008-2468 (July 12, 2010) (motion filed in middle of litigation justifies denial). Defendant Hoge filed his motion nine months after the suit was docketed and after writing literally hundreds of daily blog posts and tweets about Plaintiff, which clearly demonstrates that he has not been deprived of his First Amendment rights.

3. Moreover, this Court in *Russell* and in *Ugwuonye v. Rotimi*, No PJM 09-658 (Iuly 30, 2010), denied Anti-Slapp motions absent a finding of bad faith. ("at this stage of the litigation, where discovery has yet to be completed, the Court is not prepared to dismiss the suit based solely on Sowore's mere allegation that the suit is brought in bad faith."). In *Russell*, this Court stated:

> There are genuine issues of material fact as to whether this lawsuit is a SLAPP suit because the parties dispute whether the suit was brought in bad faith and whether the allegedly defamatory article was regarding a any matter within the authority of a government body. Additionally, there is a genuine issue of material fact as to Defendants' civil liability because the parties dispute whether Defendants maliciously published the article. Therefore, Defendants' motion will be denied.

Wherefore, this Court should deny Defendant Hoge's frivolous Anti-Slapp motion and his request for a hearing.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I mailed a copy of this motion to Defendant Hoge this 30th day of December 2015.

Brett Kimberlin