

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLP, *et al.*,
*Defendants.*

United States District Court for the
District of Maryland
Southern Division

Case No. 15-CV-00723-GJH

### William Hoge's Reply to Plaintiff's Opposition to Mr. Hoge's Motion for a Hearing Pursuant to Md. Code Cts. & Jud. P. § 5-807

Comes now William Hoge and replies to Plaintiff's Opposition to Mr. Hoge's Motion for Motion for a Hearing Pursuant to Md Code. Cts. & Jud. P. § 5-807. In reply Mr. Hoge states as follows:

### Plaintiff Has Not Has Not Addressed the Facts or the Law Set Forth in Mr. Hoge's Motion

Rather than properly address the points raised in Mr. Hoge's motion, Plaintiff has disingenuously spent his Opposition attacking things Mr. Hoge did not say. In paragraph 1 Plaintiff argues that because there has not yet been a finding of bad faith, Mr. Hoge is not entitled to any relief under the Maryland Anti-SLAPP statute. This is a fallacious argument for two reasons. First, Mr. Hoge has explicitly not asked for a hearing to determine whether the instant lawsuit was brought in bad faith.

> The remedy Mr. Hoge seeks through this motion—an expedited hearing on his pending Rule 12(b)(6) motion to dismiss—does not require the

> Court to hold an evidentiary hearing to determine whether this case is a SLAPP suit[.]

Motion for Hearing, Dec. 18, 2015, ECF No. 100 at 2, 3. While Mr. Hoge does believe that Plaintiff has filed this lawsuit in bad faith, he has not yet asked the Court to rule on that question. Second, the statute *requires* relief in the form of an expedited hearing on a motion to dismiss on the basis of a mere allegation of SLAPP.

> (d) A defendant in an alleged SLAPP suit may move to:
> (1) Dismiss the alleged SL.APP suit, in which case the court *shall* hold a hearing on the motion to dismiss as soon as practicable[.]

Md. Code Cts. & Jud. P. § 5-807. Emphasis added. The statute is clearly written, and it uses the word "shall" not the word "may." When a defendant alleges that a suit is a SLAPP suit, an expedited hearing is not optional; it is required.

Similarly, Plaintiff's argument in paragraph 2 about timeliness has no grounding in reality. There is simply nothing in the statute or the cited case law that is applicable to the timing of the instant motion. Plaintiff filed this lawsuit on 16 March, 2015. One motion to dismiss has been ripe since early April, 2015, after Plaintiff neglected to oppose it. Mr. Hoge's Rule 12(b)(6) motion has been ripe since early October, and since Plaintiff's Opposition to that motion was untimely filed, the Court should consider it unopposed as well. To be blunt, Mr. Hoge is concerned that this case will needlessly drag on as did *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-03059-GJH (2015), and he is seeking dismissal from the suit as soon as possible. He held off on seeking relief under the

Anti-SLAPP statute until his unopposed Rule 12(b)(6) motion had been ripe for several months.

Finally, in paragraph 3 Plaintiff notes that this Court has denied SLAPP motions to dismiss absent a finding of bad faith. So what? Mr. Hoge's motion is not a SLAPP motion *to dismiss*. Mr. Hoge is not seeking dismissal for bad faith at this time. Rather, he is seeking the relief of an expedited hearing for dismissal on other grounds. He is seeking dismissal for failure to state a claim for which relief can be granted and an expedited hearing for his motion to dismiss as guaranteed under § 5-807(d)(1).

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to schedule hearing on his Rule 12(b)(6) motion to dismiss the instant lawsuit (ECF No. 64) as soon as practicable and for such other relief as the Court may deem just and proper.

Date: 4 January, 2016

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself @wjjhoge.com

CERTIFICATE OF SERVICE

I certify that on the 4th day of January, 2016, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and on counsels of record via email by permission.

William John Joseph Hoge