FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 19  AM 10: 49

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

---

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLP,
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

---

**DEFENDANT WILLIAM HOGE'S MOTION TO STRIKE PLAINTIFF'S MOTION TO FILE DISCOVERY DOCUMENTS (ECF NO. 106) AND OPPOSITION TO SAME**

COMES NOW William Hoge and moves this Court to strike or deny Plaintiff's Motion to File Discovery Documents (ECF No. 106).  In support of his motion Mr. Hoge states as follows:

**PLAINTIFF HAS FAILED TO SERVE A COPY OF HIS MOTION ON PATRICK FREY**

Plaintiff's certificate of service attached to his motion states: "I certify that I mailed a copy of this motion to William Hoge this 15th day of January, 2016[.]"  Plaintiff's Motion, ECF No. 106 at 2.  While Plaintiff can rely on the CM/ECF system for service on the counsels of the other defendants, he has cannot rely on that system to serve the lawyers for non-party Patrick Frey, the defendant in *Kimberlin v. Frey*, Case No. 13-CV-03059-GJH, whose confidential material is the subject of the protective order Plaintiff seeks to

evade.  Because Mr. Frey is not a party to the instant lawsuit, his lawyers are not automatically notified of filings in the instant lawsuit via the CM/ECF, and they have no reason to be manually following this case via PACER.  Thus, it is clear that Plaintiff has not given Mr. Frey or his lawyers proper notice of this attempt to breach the protective order.  Therefore, Plaintiff has not served Mr. Frey under the terms of Fed. R. Civ. P. 5(b) (3) and 5(b)(3)(E).  It's also clear that Mr. Frey has a legitimate interest in seeing the confidentiality of the materials he has provided in discovery maintained.

This Court's L.R. 102.1(c) requires that motions be served in accordance with Fed. R. Civ. P. 5, and Plaintiff has an ongoing history of flouting those Rules without consequence.  The Court should finally begin to enforce those Rules and strike Plaintiff's Motion to File Discovery Documents (ECF No. 106).

### PLAINTIFF'S MOTION IS UNTIMELY BECAUSE THE INSTANT LAWSUIT HAS NOT SURVIVED MOTIONS TO DISMISS AND IS NOT AT THE EVIDENTIARY STAGE

Plaintiff says that he wants to use documents acquired from Mr. Frey as evidence in this case.  That is inappropriate at present—there are Rule 12(b)(6) motions pending, and the Court has not yet ruled on whether Plaintiff has stated a claim upon which relief can be granted.  For now, the Court is dealing with the sufficiency of the allegations in Plaintiff's claims, not whether the evidence he might present supports his allegations.

In paragraph 1 of his Motion (ECF No. 106) Plaintiff writes that he needs to use the

2

documents discovered in *Frey* because

> [t]he Defendants in this case have taken a unified position that Plaintiff
> has provided no evidence of any connection between the H&W defendants
> and defendant Hoge and his associates.  They have argued that Plaintiff
> should not be allowed any discovery to prove that connection for SOL
> purposes, or to provide the specificity they assert is lacking in the
> Complaint.

Motion to File Discovery Documents, Jan. 15, 2016, ECF No. 106.

Mr. Hoge's Opposition opposes such early discovery in this case because it violates Fed. R. Civ. P. 26(f) and L.R. 104.4.  Also, Mr. Hoge has pointed out that the case law cited by Plaintiff[1] does not support his proposed fishing expedition in this case.  Mr. Hoge has argued that even if Plaintiff's claims weren't barred by *res judicata*, his allegations are conclusory and lack the specificity required to state a claim upon which relief can be granted.[2]  Further, Plaintiff is simply wrong when he states that the Defendants have taken a unified position that he has provided no evidence of a connection between the H&W defendants and Mr. Hoge.  Indeed, the filings by Berico (ECF No. 53 and 81) and the U. S. Chamber of Commerce (ECF Nos. 40, 71, and 86) do not even mention the word "evidence" in any sense related to the sufficiency of Plaintiff's Complaint.  The fact that Plaintiff's evidence is insufficient isn't material at this point in the case.

---

[1] *Rotella v. Wood*, 528 U.S. 549 (2000) and *Corely v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041 (7th Cir. 1998).

[2] For example, Plaintiff failed to allege that Mr. Hoge was a member of the mythical RICO enterprise in either his Complaint.  He further failed to properly allege such participation by Mr. Hoge in his Opposition to Motions to Dismiss, Oct. 14. 2015, ECF No. 74.  *See* Hoge's Reply, Oct. 19, 2015, ECF No. 79 at 10.

In paragraph 2 of his Motion Plaintiff alleges that he now possesses emails which somehow connect "close" associates of Mr. Hoge in an unspecified way to the "'HB Gary' matter." It is true that several of Mr. Hoge's codefendants in the previous unsuccessful lawsuits brought by Plaintiff are investigate journalists, and on information and belief, at least one of them looked into the possible connection between Plaintiff and his associate Neal Rauhauser with the hacking group Anonymous who originally stole the Team Themis emails and other files. *See, e.g.*, Complaint, ¶ 38 at 28. Of course, the allegation as presented in the motion has no bearing on the sufficiency of Plaintiff's Complaint. Even if it were a part of the Complaint, it would not help Plaintiff because it is a conclusory allegation about an act done by a third party who is not a defendant in this lawsuit and who is not alleged to have acted on behalf of any defendant.

The Plaintiff has made his Complaint. Motions to dismiss have been filed, and more than 21 days have passed since the last dispositive motion was filed. Unless Plaintiff seeks leave of the Court to amend his Complaint and the Court should grant such leave, the next step should be a ruling (or rulings) on those 12(b)(6) motions. If this lawsuit survives those motions, Plaintiff can have his discovery, and the Court can sort through both sides' evidence as it deals with motions for summary judgment or with a trial. However, the Court should not make an exception to the Rules and burden itself with evidence to prove or disprove Plaintiff's Complaint just yet.

Thus, if the Court does not strike Plaintiff's Motion to File Discovery Documents, it should deny that motion.

### PLAINTIFF HAS A HISTORY OF PUBLISHING SEALED DISCOVERY MATERIALS

In 2012, Plaintiff was involved in a lawsuit with Aaron Walker[3], *Walker v. Kimberlin et a*l., Case No. CL12-631 (Va. Cir.Ct. Prince William Co. 2012). During the course of that case, sealed discovery documents were published online at the *Breitbart Unmasked* website (http://breitbartunmasked.com). William Schmalfeldt,[4] the "journalist" who signed the email submitted as Exhibit A attached to Plaintiff's motion, was editor of that website when the sealed discovery material was published. On information and belief, Plaintiff provided the sealed documents to Mr. Schmalfeldt. The Court should also note that the email submitted as Exhibit B attached to Plaintiff's motion is from Matt Osborne, the current editor of the *Breitbart Unmasked* website.

Moreover, if Messrs. Schmalfeldt and Osborne believe that the First Amendment entitles them to look at discovery materials this Court's has ordered kept confidential, they should seek leave to file appropriate motions themselves in *Kimberlin v. Frey*.

---

[3] This is the same Aaron Walker who was a defendant in *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-03059-GJH.

[4] This is the same William Schmalfeldt who submitted a letter to the Court related to *National Bloggers Club, et al.* In that letter Mr. Schmalfeldt admitted that he suffers from dementia. *See* Miscellaneous Correspondence, *National Bloggers Club, et al.*, Feb. 14, 2014, ECF No. 63 at 2.

Plaintiff's improper use of the sealed materials from the Virginia *Walker* case in an attempt to embarrass and harass Mr. Walker has not been limited to their publication on the Internet via *Breitbart Unmasked*. Plaintiff has used several of those documents as exhibits attached to filings in Case No. 13-CV-03059-GJH when it was styled *Kimberlin v. National Bloggers Club, et al. See, e.g.*, Response to Motions to Dismiss, Jan. 17, 2014, ECF No. 29-2, Exs. O; Q (unlabeled at 13); S, T, U, and V (unlabeled beginning at 16); W; and X (unlabeled at 23-24). Also Response to Motions to Dismiss, Dec. 8, 2104, ECF No. 29-1, Ex. 1 and ECF No. 29-4, Ex. 3. The contents of those documents had no real bearing on Plaintiff's case in *National Bloggers Club, et al.*, but by improperly getting those documents into the public record, he made them available for further publication aimed at harassing Mr. Walker and Mr. Frey.

Given Plaintiff's history of improper and abusive use of discovery materials, it would be unwise for the Court to allow any modification of the Protective Order in *Kimberlin v. Frey*. Certainly, the Court should be wary of allowing Plaintiff to place confidential materials into the public record in this case. Thus, if the Court does not strike Plaintiff's motion, the motion should be denied.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to STRIKE Plaintiff's Motion to File Discovery

Documents (ECF No. 106) or, alternatively, to DENY said motion and for such other relief

as the Court may find just and proper.


Date:  19 January, 2016

Respectfully submitted,


William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself @wjjhoge.com


## CERTIFICATE OF SERVICE

I certify that on the 19th day of January, 2016, I served a copy of the foregoing on
Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland
20817, and on counsel for Patrick Frey and counsels of record in this lawsuit via email by
permission.


William John Joseph Hoge

## VERIFICATION

I certify that all the foregoing is true and correct to the best of my knowledge and belief.

William John Joseph Hoge