UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.                                                    No. GJH 15-00723

HUNTON & WILLIAMS, et al,
    Defendant.

## MOTION TO AMEND WITH LEAVE OF THE COURT

Now comes Plaintiff Brett Kimberlin, pursuant to Federal Rule of Civil Procedure 15(a)(2), and moves to amend his Complaint in the interest of justice. Under the Rule, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ.P.15(a). The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, (1962). The law is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509(4th Cir.1986). *Edwards v. City of Goldsboro*, 178 F. 3d 231, 242 (4th Circuit 1999).

    1. In this case, Plaintiff has alleged that Defendants have violated RICO, Plaintiff's civil rights under 42 USC 1985, and committed various torts. The defendants have, in large part, filed Motions to Dismiss asserting failure to state a claim, lack of specificity re RICO, and statute of limitations defenses.

    2. Over the past two months, significant factual and procedural developments have occurred that warrant amending the complaint. For example, Plaintiff has received more than 2000 pages of discovery from various sources in *Kimberlin v.*

*Frey*, which establishes that the arguments made by the defendants are specious and misleading. Specifically, that discovery counters defendants' arguments regarding the statute of limitations and it shows various connections between the H&W defendants and Defendant Hoge and his associates.

3. One of the original defendants in this case has reached an agreement with Plaintiff to provide a complete mea culpa that will be included in the amended complaint. This information will provide much greater specificity to the RICO claim.

4. Plaintiff has not filed any prior amended complaints in this case.

5. All of the information Plaintiff wants to put in the amended complaint is newly discovered information. Currently, some of that information is subject to a protective order and therefore Plaintiff cannot describe it in detail in this motion. However, Plaintiff needs to quote from it and attach it to the amended complaint in order to show specificity and support his claims. Therefore, Plaintiff needs this Court to grant this motion allowing him to amend his complaint and use the new discovery in that complaint.

6. It is in the interest of justice and truth finding to allow Plaintiff to amend his complaint.

Wherefore, for all these reasons, Plaintiff moves this Court to allow him to amend his complaint.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net

(301) 320 5921

CERTIFICAT OF SERVICE

I certify that I served a copy of this motion on Defendant William Hoge this 21 day of January 2016.

Brett Kimberlin