FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 27 AM 10:05

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

Brett Kimberlin,
  *Plaintiff,*

v.

Hunton & Williams LLP,
  *Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

### DEFENDANT WILLIAM HOGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NO. 108)

COMES NOW William Hoge and opposes Plaintiff's Motion for Leave to Amend his Complaint. In opposition Mr. Hoge states as follows:

### THE COURT SHOULD DENY PLAINTIFF'S MOTION

In the opening paragraph of his Motion Plaintiff inadvertently cites the reasons why the Court should deny his motion, *viz.*: It is settled law

> that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.

*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Plaintiff's Motion for Leave to Amend impales itself on all three prongs of that test. First, by failing to provide a copy of his Proposed Amended Complaint Plaintiff has failed to show that is not futile. Second, allowing Plaintiff to amend his Complaint would be prejudicial to Mr. Hoge. Third, Plaintiff's conduct of the instant lawsuit and the related cases has been replete with bad faith. Any one of these should be grounds for denial. Plaintiff has hit a trifecta.

### PLAINTIFF'S HAS NOT MET HIS BURDEN TO SHOW HIS PROPOSED AMENDED COMPLAINT IS NOT FUTILE

Plaintiff's Proposed Amended Complaint would be dead on arrival. This must be so. Plaintiff has already tacitly admitted that his existing Complaint fails to state a claim upon which relief can be granted. *See* Motion to File Discovery Documents, Jan. 15, 2016, ECF No. 106, ¶ 1. He now wants the Court to believe that he's found a smoking gun among discovery documents from a related lawsuit, *Kimberlin v. Frey*, Case No. 13-CV-03059-GJH (D.Md.), that will tie this case together. He has not because he cannot.

Note: *Kimberlin v. Frey* was styled *Kimberlin v. National Bloggers Club* prior to dismissal of most of the case on 17 March, 2015. It is referred to below as *NBC (I)/Frey*.

In yet another flouting of this Court's Rules, Plaintiff has ignored the requirement of L.R. 103.6(a) that "the original of the proposed amended pleading shall accompany the motion." *Id*. This is mandatory language. Because Plaintiff has failed to present the Proposed Amended Complaint to the Court for evaluation, he has failed to meet his burden to show that he will file a non-frivolous amendment that actually pleads non-conclusory allegations with sufficient evidentiary enhancement to survive Rule 12(b)(6) motions. Plaintiff having failed to meet that burden, the Court should not subject either itself or the defendants to another round of motions to dismiss, oppositions, and replies.[1]

---

[1] Plaintiff will undoubtedly try to dodge this point by complaining about sealed discovery. The Court has procedures for correctly filing documents under seal. Plaintiff is not entitled to an exemption from those procedures just because he's ignored them twice in the *NBC (I)/Frey* case. *See NBC (I)/Frey*, ECF No. 325 at 3-6. He should have filed a copy of his Proposed Amended Complaint, partially sealed or with sealed exhibits if necessary.

While the Court doesn't have the Proposed Amended Complaint before it to examine, Plaintiff has given some hints about his new theory of the case. In paragraph 2 of ECF No. 106 he writes concerning emails he claims he received as part of the *NBC (I)/Frey* discovery:

> A number of those emails support Plaintiff's allegations in the instant case, including several that show connections between the H&W defendants and Hoge and his associates. These connections began during the formation of Team Themis in October 2010 with emails from a Chamber of Commerce operative to Defendant Frey and at least one other very close Hoge associate. Another close Hoge associate repeatedly stated that *she* was working a back channel on the "HB Gary" matter.

ECF No. 106, emphasis added. The only female associate (but not a particularly close one) of Mr. Hoge with any likely (albeit tenuous) connection to the instant lawsuit is an investigative reporter named Mandy Nagy.

This would be the same Mandy Nagy who was a defendant in *NBC (I)/Frey*. As Plaintiff himself informed the Court during the course of *NBC (I)/Frey*, Ms. Nagy suffered a debilitating stroke over a year ago and is now incompetent.[2] So it would appear that Plaintiff has based his latest fantasy, at least in part, on unauthenticated emails written by a witness who he has informed the Court is incompetent to testify. Even if such emails contain an arsenal of smoking guns, trying to authenticate them would be futile under the Federal Rules of Evidence 901. Without the Proposed Amended Complaint to guide its decision, the Court would be justified in assuming that Plaintiff's past is prologue and that

---

[2] *See NBC (I)/Frey*, Miscellaneous Correspondence, Jan. 20, 2015, ECF No. 246.

3

his Proposed Amended Complaint is no better than (or possibly not as cogent as) the current Complaint.

Having shown nothing of substance being added to his case, Plaintiff has no honest reason to trouble this Court with a futile amended complaint and another round of briefing. The Court should take Plaintiff at his word when he admits the deficiencies of his Complaint and dismiss the instant suit. Certainly, Plaintiff has not met the requirements for an amended complaint. The Motion for Leave to Amend should be denied.

### ALLOWING PLAINTIFF TO AMEND HIS COMPLAINT WOULD BE PREJUDICIAL TO MR. HOGE

The instant lawsuit is the third of four lawsuits filed by Plaintiff against Mr. Hoge in which Plaintiff has sought to litigate claims that could have been brought in one action. He has been pressing these cases unsuccessfully for almost two-and-a-half years. Plaintiff lost his first two lawsuits against Mr. Hoge, *Kimberlin v. Walker*, Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014) ("*Walker*") and *NBC (I)/Frey*. He has already seen his fourth suit, *Kimberlin v. National Bloggers Club*, Case No. 403868V (Md. Cir.Ct. Mont. Co. 2015), ("*NBC (II)*") dismissed with prejudice against seven defendants, and the grounds for dismissal against those defendants should be applicable to Mr. Hoge when his motion to dismiss comes up for a hearing on 10 March, 2016.

Plaintiff has been harassing Mr. Hoge with his lawfare for almost two-and-a-half years. He's had a complaint and an amended complaint in the *Walker* lawsuit. He's had a

complaint and *two* amended complaints in *NBC (I)/Frey*, and he has filed another motion to amend[3] in that case even though this Court has ruled that there will be no further amendments.[4] He's had a complaint and an amended complaint in *NBC (II)*. Judges McGann (at summary judgment) and Johnson (at trial) found in *Walker* that Plaintiff did not produced a "scintilla" of evidence to support his case.[5] This Court found that Plaintiff was unable to state a claim for the federal questions in *NBC (I)/Frey*.[6] Thus far, Judge Mason has granted a motion to dismiss for every defendant he has ruled on in *NBC (II)*—in each instance, for failure state a claim among other reasons. Now, in Plaintiff's instant Motion to Amend he essentially admits that he realizes that his Complaint in the instant lawsuit has also failed to state a claim upon which relief can be granted, and, together with his motion to amend in *NBC (I)/Frey*, he asks this Court for ninth and tenth bites of the apple. He is saying in effect, "Yes, Your Honor, this and all my other complaints against Mr. Hoge have failed, but even after I've lost one suit at summary judgment and trial and failed to survive motions to dismiss in two other cases, please let me try to allege

---

[3] *NBC (I)/Frey*, Motion for Leave to Amend, Jan. 21, 2016, ECF No. 334.

[4] "However, in the interest of expediency and protecting Defendants from multiple rounds of briefing, no further amendments will be permitted after March 7, 2014." *NBC (I)/Frey*, Letter Order, Feb. 21, 2014, ECF No. 88 at 5.

[5] *See NBC (I)/Frey*, Hoge's Reply to Omnibus Opposition, Jan. 5, 2015, Ex. B-2 at 266 which contains the second day of the *Walker* trial transcript.

[6] *NBC (I)/Frey*, ECF No. 263, *passim*.

something." The Court should have no reason to believe Plaintiff will be any more successful this time.

In dismissing *NBC (II)* against Aaron Walker, Judge Mason wrote:

> The dismissal shall with prejudice in light of the many prior opportunities the [Plaintiff] has had to draft the complaint, specifically including the numerous other lawsuits that have been filed against Defendant Walker and others.

*NBC (II)*, Memorandum Opinion, Jan., 12, 2016, at 10. This Court would do well to take a similar approach.[7] Prolonging the instant lawsuit is patently prejudicial to Mr. Hoge's right to a final judgment on Plaintiff's previously adjudicated claims. Plaintiff has made it clear that he is using the time and expense of civil process as a means of punishing his enemies, including Mr. Hoge. Prolonging the case will give unjust support to Plaintiff's publicly avowed purpose of suing his enemies such as Mr. Hoge "for the rest of their lives."[8] Therefore, Plaintiff should not be allowed to amend his Complaint, and the Court

---

[7] On 3 September, 2015, Judge Mason dismissed *NBC (II)* against six defendants: Michelle Malkin, Twitchy, Breitbart, Glenn Beck, Mercury Radio Arts, and The Blaze. The dismissals were with prejudice and without leave to amend. *See NBC (II)*, Dkt. Items 78, 79, and 81, and Exhibit B, *passim*. These parties were also codefendants with Mr. Hoge in *NBC (I)/Frey*. Exhibit B is the transcript of the 3 September, 2015, motions hearing in *NBC (II)*.

[8] Plaintiff was quoted in an interview published on *The Daily Beast* website conducted by Dave Weigel immediately after losing the *Walker* trial on 12 August, 2014:
> And tomorrow, I can file another lawsuit against them. And now I know what I need to do. It's going to be endless lawsuits for the rest of their lives.

Weigel, D., "The Weirdest Story About a Conservative Obsession with a Convicted Bomber and Taylor Swift You Have Ever Seen," *The Daily Beast*, http://www.thedailybeast.com/articles/2014/08/30/the-weirdest-story-about-a-conservative- obsession-a -convicted-bomber-and -taylor-swift- you-have-ever-read.html, retrieved 20 December, 2014.

6

should proceed to rule on the pending Rule 12(b)(6) motions forthwith. The Motion to Amend should be denied.

How many times must Mr. Hoge defend himself from more or less the same conclusory allegations?

### PLAINTIFF'S CAMPAIGN OF LAWFARE AGAINST MR. HOGE (INCLUDING THE INSTANT LAWSUIT) HAS BEEN RIDDLED WITH BAD FAITH

A character in an Ian Fleming novel observed that something happening once is an accident, twice is a coincidence, and three times is enemy action. Similarly, Plaintiff's misbehavior in *Walker*[9] might be put down (incorrectly[10]) to inexperience. Examined in isolation, his misbehavior in *NBC (I)/Frey*[11] might be attributed to a *pro se* litigant's struggle with a losing case. But Plaintiff's behavior in the instant case and in *NBC (II)*[12]

---

[9] Among other things, Plaintiff was caught altering evidence in *Walker* as is documented in this Court's records by *NBC (I)/Frey*, Supplemental Memorandum, Apr. 28, 2014, ECF No. 124. He was also sanctioned for failure to cooperate with discovery in *Walker*. *See Walker*, Dkt. Item 215. Although the sanction was imposed on 1 August, 2014, Plaintiff has not yet paid what he owes.

[10] *See Kimberlin v. Kimberlin Unmasked*, Case No. 13-CV-2580-RWT (D.Md. Feb. 28, 2014) ECF No. 12 at 2, 3.

[11] A partial list of Plaintiff's deceitful behavior in *NBC (I)/Frey* includes his admitted forging of a summons, his alteration of documents, and his ongoing failure to serve court papers on opposing parties (even after being warned by the Court more than once). Most recently, he as filed a sealed motion against Mr. Hoge (who is now a non-party) and then sealed his motion to seal to prevent Mr. Hoge from seeing what has been alleged against him. *See, e.g., NBC (I)/Frey*, ECF Nos. 102, 321 and 325.

[12] Plaintiff has been sanctioned in *National Bloggers Club (II)* as well. *See* Dkt. Item 85 and Ex. B at 97-107. Additionally, he has continued to press *NBC (II)* against Mandy Nagy even though she is incapacitated and he knows she is unable to defend herself. *See* Exhibit B at 91, 92.

are the third and fourth strikes that, taken together with the entire history of Plaintiff's lawfare, clearly demonstrate Plaintiff's purposeful bad faith.

Plaintiff has on multiple occasions during the course of the instant lawsuit disobeyed this Court's instructions concerning compliance with Fed. R. Civ. P. 5(a)(1) and L.R. 102.1(c). Mr. Hoge has pointed out to the Court how this failure to serve court papers (which has been a continuing problem through all four cases, federal and state) has prejudiced his ability conduct a proper defense. Not only has Plaintiff failed to deny his documented behavior, he has compounded it by filing false certificates of service with the Court. *See* Hoge's Reply to Opposition to Motions for Sanctions, Jan. 4, 2016, ECF No. 104 at 1, 2. There is a difference between having the facts wrong and purposefully telling a barefaced lie. Plaintiff has knowingly lied to this Court—without any consequence to date—and lies are not a component of good faith.

Ordinarily in law, "contempt" refers to the act of disobeying a court rather than the common language meaning of a disdainful emotion. Plaintiff's ongoing acts of bad faith show contempt of this Court in both senses. He refuses to obey this Court's Rules or its orders, and he has demonstrated his disrespect for this Court and its processes. Rather than reward such behavior with a fresh do-over, this Court should recognized Plaintiff's bad faith and deny his Motion for Leave to Amend.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to DENY Plaintiff's Motion for Leave to Amend (ECF No. 108) and for such other relief as the Court may find just and proper.

Date: 27 January, 2016

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

## CERTIFICATE OF SERVICE

I certify that on the 27th day of January, 2016, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and on all counsels via email by permission.

William John Joseph Hoge

## VERIFICATION

I certify that all the foregoing is true and correct to the best of my knowledge and belief and that all copies attached are true and accurate reproductions of the originals.

William John Joseph Hoge