Exhibit A

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRETT KIMBERLIN,                *

    Plaintiff,                  *

v.                              *   Case No. 403868-V

NATIONAL BLOGGERS CLUB, et al., *

    Defendants.                 *

## OPINION AND ORDER

In the case now before the Court, as set forth in the First Amended Complaint, Plaintiff, Brett Kimberlin, (hereinafter: Kimberlin) alleges that the Defendant, Aaron Walker, (hereinafter: Walker), along with other named Defendants conspired to destroy Kimberlin's reputation, his quality of life, and his livelihood. The tortious conduct principally consisted of making false and defamatory statements concerning Kimberlin in social media, on the internet, and to a lesser extent in the mainstream media. In addition, Kimberlin alleges the Defendants brought numerous false charges against him causing Kimberlin to defend numerous non-meritorious actions. The Defendants' actions began as early as 2009 and continue to present.

In the present complaint, the alleged false statements relate primarily, but not exclusively, to allegations that Kimberlin has engaged in swatting[1] directed at conservative bloggers. Additional false statements, however, are set out in the Amended Complaint: Kimberlin caused Walker to be fired, falsely accused Walker of assaulting him in 2012, and falsified hospital records (Amended Complaint, ¶ 46); Kimberlin is a child molester and

---

[1] Swatting, as described by the parties, is the action of making a prank call to emergency services in an attempt to bring about the dispatch of a large number of armed police officers to a particular address.

assassin (Amended Complaint, ¶ 106); Kimberlin has committed sexual abuse and fraud (Amended Complaint, ¶ 110).

Kimberlin alleges this misconduct has caused him severe emotional distress and loss of business, including a contract with the State Department in 2012. Kimberlin further alleges the Defendants engaged in these false narratives, in part, to fraudulently solicit funds from online listeners ostensibly to help defend against Kimberlin's non-existent attacks on conservative bloggers. Instead the funds are simply used to enrich the Defendants.

As a result of this conduct, Kimberlin has brought numerous claims against the Defendants herein: (1) defamation; (2) false light invasion of privacy; (3) invasion of privacy (appropriation of name, intrusion into seclusion, and unreasonable publication); (4) interference with business relationship; (5) interference with prospective economic advantage; (6) battery; (7) intentional infliction of emotional distress; and (8) conspiracy. Walker is a Defendant in all but the claim for defamation.

In response, Walker has filed a motion to dismiss as well as a motion for partial summary judgment on the basis of *res judicata* and collateral estoppel. (D.E. #105 and #112) Kimberlin has filed an opposition thereto. Following argument on the motions on December 8, 2015, the Court took the matter under advisement to further consider the arguments and review the pleadings. For reasons set forth below, the Court shall grant the motions.

Walker's claim that *res judicata* bars the instant complaint is largely based upon Kimberlin's prior suit against Walker and others filed in this Court on April 1, 2013, Civil No. 380966. In the Second Amended Complaint in Civil No. 380966, Kimberlin alleged that Walker and many of the same Defendants in this case engaged in a "multi-year campaign …

to smear, destroy and imprison (Kimberlin) by knowingly, maliciously and intentionally filing numerous frivolous, defamatory and malicious court filings ... and then publishing false, defamatory and tasteless stories about those filings as if the allegations were true, all the time raising funds from unsuspecting people who read the stories." (Second Amended Complaint, Civil 380966, ¶ 1) According to Kimberlin, Defendants began their attack upon him as a result of Kimberlin's successful defamation suit in 2010 against a conservative blogger named Seth Allen. In an effort to set aside the judgment entered in that case, in November of 2011, Walker, a non-practicing attorney, assisted Allen in filing post-judgment motions. After discovering Walker's involvement, Kimberlin learned that Walker was the publisher of a Muslum-hate blog called "Everyone Draw Mohammed." Presumably in an effort to dissuade Walker from his efforts on behalf of Allen, Kimberlin publicly disclosed that Walker was the publisher of the blog. Following that disclosure, Walker was fired by his employer. Walker blames Kimberlin for the firing. Kimberlin maintains the firing was for reasons related to Walker's performance at work and was not related to the disclosure.

As alleged in the Second Amended Complaint in Civil No. 380966, in response to his unmasking of Walker, Walker began stalking Kimberlin and harassing him with frivolous court filings and defamatory attacks. In addition, on January 9, 2012 Walker assaulted Kimberlin following a Circuit Court appearance in Montgomery County.

Finally, in the earlier case, Kimberlin alleges that in July 2013 Walker and others manipulated and pressured Kimberlin's wife into making false allegations about her husband. The allegations included that Kimberlin was a rapist, a pedophile, and a domestic abuser. After manipulating Mrs. Kimberlin into making these false statements, Walker thereafter

republished them on the internet as true. Despite Mrs. Kimberlin subsequently recanting the statements, Walker and other Defendants refused to retract the allegations.

In addition to attempting to destroy him personally and professionally in the earlier complaint, Kimberlin alleges that Defendant Walker and others engaged in online fundraising ostensibly to raise funds for Kimberlin's wife and for her legal representation. However, the funds raised were instead used to enrich the Defendants.

In Civil No. 380966, Kimberlin filed a seven count Second Amended Complaint against the Defendants. The claims included malicious prosecution, conspiracy to abuse process, defamation, false light invasion of privacy, harassment, intentional infliction of emotional distress, and stalking. On July 1, 2014, Judge McGann granted summary judgment in favor of the Defendants on all counts, except for defamation and false light.

Trial on the remaining two counts took place in August of 2014. Upon motion by Defendants, judgment was entered in their favor on the remaining counts at the close of the Plaintiff's case. Kimberlin has appealed that decision and the appeal is pending before the Court of Special Appeals.

As can be seen from above, the claims in the two cases are remarkably similar. Many of the defendants identified in Civil No. 380966 are defendants in the present case. In both cases, Kimberlin alleges that the Defendants have conspired in a multi-year campaign to inflict severe emotional distress and to destroy him personally and financially. In both cases, the methods employed to accomplish these goals are the same. The Defendants manufacture, publish and republish false and defamatory statements about Kimberlin, putting him before the public in a false light. The primary difference between the two complaints is the nature of alleged false statements which the Defendants chose to publish. In the first complaint, the



false statements principally relate to allegations that Kimberlin is a pedophile, a rapist and a wife abuser. In the more recent complaint, the alleged false statements involve allegations that he engaged in swatting. However, in the more recent complaint, Kimberlin repeats allegations specifically raised in the prior complaint, including that he is a child molester and that he had committed sexual abuse. In addition, allegations of false statements concerning Kimberlin engaging in fraud and committing perjury are found in both complaints. Finally, in the present case, Kimberlin brings a claim for battery against Walker concerning an event that occurred on January 6, 2012. In the prior complaint, Kimberlin brought a claim for stalking against the Defendants Walker, Hoge and others. Therein, Kimberlin alleged that the Defendants had placed him in reasonable fear of assault and that the reasonable fear is "based on an assault of Plaintiff by Defendant Walker on January 9, 2012 ...." Accordingly, the only significant difference between the two complaints is that in the present complaint, Kimberlin has added additional Defendants and the false statements complained of include allegations that he engaged in "swatting."

Based upon the judgment entered in Civil No. 380966, the Defendant Walker argues that Counts II – False Light, Count IV – Interference with Business Relations, Count V – Interference with Prospective Economic Advantage, Count VI – Battery, Count VII – Intentional Infliction of Emotional Distress, and Count VIII – Conspiracy, are barred by the doctrine of *res judicata*. Mr. Walker is not a defendant in Count I so the motion is not addressed to Count I. The only remaining count involving Mr. Walker, Count III, involves allegations that occurred in part after August of 2014. Count III is the subject of Mr. Walker's motion to dismiss.

5

As set forth in Defendant Walker's Motion for Summary Judgment, *res judicata* will bar a subsequent claim when: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation. *Cochran v. Griffin Energy,* 426 Md. 134, 43 A.3d 999, 1002 (2012). The doctrine of *res judicata* serves the strong public policy interest of bringing finality to litigation. It promotes this policy in two ways. First, once a claim has been litigated to judgment, it cannot be re-litigated unless the judgment is successfully attacked on appeal. Second, the doctrine requires that any person who has a claim against another bring all possible claims for relief in a single action. The claims may not be brought in a series of separate actions. While still insuring that an aggrieved party has their day in court, this prong of the doctrine promotes judicial economy, protects a party from vexatious litigation and avoids the possibility of inconsistent verdicts. The policy has long been and continues to be an important part of our system of justice. The Court shall now turn to a discussion of the impact of the doctrine on the present claims brought by Mr. Kimberlin.

Beyond any dispute, the first and third parts of the test for the application of *res judicata* are met in this case. Both Mr. Kimberlin and Mr. Walker were parties to the prior lawsuit, Civil No. 380966. Further, there was a final judgment on the merits in that lawsuit, the summary judgment on July 1, 2014 entered by Judge McGann, followed by the judgment entered by Judge Johnson on August 12, 2014 following the Plaintiff's case. The only question then is whether the second part of the test is met. While there is substantial overlap between the claims in both cases, they are not identical. The false claims the Defendants used

6

to damage the Plaintiff in the first case as noted involved claims that he was a pedophile, a rapist and a domestic abuser. While those claims are repeated in the present complaint, the complaint includes reference to numerous false allegations that the Plaintiff was engaged in the practice known as swatting.

As discussed previously, the doctrine of *res judicata* bars not only claims that are identical to those determined in an earlier action, but also bars claims that "could have been raised and determined in that prior litigation." *Id.* Mr. Kimberlin's allegations in the most recent complaint involve acts going back to at least 2010. To the extent the Defendants, including Mr. Walker, were making false allegations about Kimberlin engaging in "swatting," in addition to the other false allegations set out in Civil No. 380966, those allegations clearly could have been raised and determined in case. With one exception, a blog attributed to the Defendant Ali Ackbar (¶ 64), all of the events set out in the present complaint numbering 187 paragraphs took place prior to August of 2014 when judgment was entered in the first case. Accordingly, because all these claims, including those relating to "swatting," could have been brought in the earlier lawsuit, the Defendant Walker's Motion for Summary Judgment as to Counts II, IV, V, VI, VII and VIII is granted. Further, insofar as Count III is based on any of the Defendant's actions occurring prior to August of 2014, summary judgment bars that claim as well.

The Court will now turn to a discussion of Defendant Walker's Motion to Dismiss. He moves to dismiss all counts against him. Because the Court has granted judgment as to all counts except for Count III, the Court will focus its discussion on Count III. However, with respect to the remaining counts, the Court grants the Motion to Dismiss insofar as it is consistent with the aforegoing and the Court's earlier rulings as to the other Defendants

7

against whom claims have been dismissed. Turning then to Count III, Invasion of Privacy: Appropriation of Name, Intrusion into Seclusion and Unreasonable Publicity. In Count III, Kimberlin sets forth three different theories of recovery. First, Walker and others appropriated and traded on his name for commercial purposes without his permission. Second, the Defendants gave "unreasonable publicity to Plaintiff's private life." (First Amended Complaint, ¶ 44) Finally, the Defendants "intruded on Plaintiff's seclusion by investigating and probing every aspect of Plaintiff's life ..." and "published their intrusions in the most unfavorable light ...." (First Amended Complaint, ¶ 45)

There are no specific allegations of fact set out in Paragraphs 42 through 48 concerning the third claim for relief. Kimberlin instead simply adopts the preceding paragraphs (1) through (41). As the Court previously noted, in those paragraphs specific acts are described, but all of those acts predate July of 2014 and, therefore, would be barred under the doctrine of *res judicata*. While in paragraph (43) the Plaintiff alleges that the Defendants engaged in these acts from July 1, 2014 through the present time, only a single act in that period is described. That act is attributed to the Defendant, Ali Ackbar. No act, following July 2014, is attributed to the Defendant Walker.

In Count III, the only theory of recovery that potentially states a cause of action based on the facts plead is that the Defendants misappropriated his name for commercial purposes without his permission. The other two theories referenced in the count are unsupported by the facts alleged. In paragraph (44), the Plaintiff complains that the "Defendants gave unreasonable publicity to Plaintiff's private life ...." However, in the complaint, the Plaintiff states that the Defendants have made <u>false</u> allegations about him, specifically, that he engaged in swatting, that he is a sexual deviant, and that he has perpetrated fraud. All of these

8

allegations are denied by the Plaintiff. For a claim of unreasonable publicity to one's private life, the Plaintiff would have to allege that the Defendants publicized some private fact about his life, which was <u>true</u>, and the publication would be highly offensive to a reasonable person. No such fact about Mr. Kimberlin's private life is described in the Plaintiff's First Amended Complaint.

The Plaintiff complains in paragraph (45) that the Defendants intruded upon his seclusion "by investigating and probing every aspect of his life, his family, his business, his social connections and his music in order to harass and harm him ... they then published their intrusions ...." However, the Defendants are not liable to the Plaintiff simply for conducting an investigation into his private affairs or those of his family and publishing the results no matter how intrusive the Plaintiff might consider the investigation. While there are numerous allegations that the Defendants made false statements about the Plaintiff, there is no allegation that they engaged in illegal or improper activity in conducting their investigation of him.

Concerning the third theory that the Defendants misappropriated his name, Kimberlin alleges the Defendants used his name "in the titles of blog posts and in keywords attached to those posts." They then promoted those posts through their Twitter accounts, again using Plaintiff's name in those tweets. They did this to drive traffic to their sites and once there ask for money.

Under Maryland law, a defendant who appropriates to his own use or benefit the name or likeness of another for commercial purposes is subject to liability to the other for invasion of his privacy. *Lawrence v. A. S. Able Co.*, 299 Md. 697, 702 (1984). However, the Defendant or Defendants are not liable to the Plaintiff for incidental use of the person's name. "The value of the Plaintiff's name is not appropriated by the mere mention of it, or by

9

reference to it in connection with legitimate mention of his public activities." *Id.* (internal citations omitted) Here, the Plaintiff appears to be alleging that the mere mention of his name prompts a strong response from conservative bloggers. When they see his name in the headline of a post, they go to the website. Increasing traffic to the site increases potential revenues to the host of the blog, in this case Mr. Walker and others. Even assuming such facts are true, such a claim is not actionable. The use of the Plaintiff's name is "incidental" in such an instance.

Finally, with respect to Count III, the only specific allegation that the Plaintiff makes of acts occurring subsequent to August of 2014 involves Defendant, Ali Ackbar. The Court has previously ruled that the claim of false light, as the claim of defamation, requires that the Plaintiff plead facts with specificity. For this reason as well, the failure to plead specific facts as to Walker occurring after August of 2014, the Court finds that Count III should be dismissed. Accordingly, for all of the above reasons, to the extent not barred by *res judicata*, Count III is dismissed for failure to state a claim. The dismissal shall be with prejudice in light of the many prior opportunities the Defendant has had to draft the complaint, specifically including the numerous other lawsuits that have been filed against the Defendant Walker and others. While Mr. Kimberlin may continue to pursue his claim against Mr. Walker, he must do so, as he currently is, in the Court of Special Appeals.

IT IS SO ORDERED this 12th day of January, 2016.

_____
MICHAEL D. MASON, JUDGE
Circuit Court for Montgomery County, MD.

10