UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.                          No. GJH 15-00723

HUNTON & WILLIAMS, et al,
    Defendant.

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Now comes Plaintiff Brett Kimberlin and moves this Court to grant him an extension of time in which to file his Amended Complaint in this case. In support of this motion, Plaintiff states:

1. On January 28, 2016, this Court issued an order directing Plaintiff to file a copy of his amended complaint within 14 days.

2. As Plaintiff noted in his Motion for Leave to Amend, Plaintiff needs to include both quotes and exhibits from many discovery documents provided by Defendant Frey in *Kimberlin v. Frey*. No. GJH 13 3059. Those documents were provided under a protective order issued by this Court.

3. Plaintiff has moved to have that protective order modified and lifted.

4. Counsel for Defendant Frey in a January 29, 2016 email has stated that Plaintiff cannot use the documents unless this Court modifies the protective order. However, he states that he is willing to lift the order on a document by document basis.

**"Dear Mr. Kimberlin:**

**It is our position that to use material that is marked "CONFIDENTIAL" is prohibited to you - and to us - notwithstanding an order in another case against**

unrelated parties. The Court has not modified its order in Kimberlin v. Frey and the grounds for this order have not mitigated or aggravated during the course of the pre-trial practice.

On the other hand, if the Court should grant your motion to lift the protective order in our case (over our opposition), that might or might not moot the issue.

We are open to good faith arguments for lifting the confidentiality provisions regarding specific documents.

**Regards, BG"**

5. Plaintiff has filed a response in the *Frey* case today, which includes scores of examples of discovery provided by Defendant Frey, none of which fall under the reasons Defendant Frey used to convince this Court to issue the protective order. There are no documents that impact Frey's privacy or subject him to harm for being a "hard core gang prosecutor," as asserted by Defendant Frey when seeking the protective order. Plaintiff points to the Fourth Circuit's decision n *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988), that discovery documents that are used in a motion filed in court should not be protected:

> However, such [protected] discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court. *See Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir.1986). The counsel for The New Yorker even acknowledged that if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected under the [protective order]. Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986) (recognizing that documents submitted as a part of motions for summary judgment are subject to public right of access); *In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1308-10 (7th Cir.1984) (presumption of public right of access applies to motion to terminate derivative claims); *Joy v. North*, 692 F.2d 880, 893 (2d Cir.1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons");

6. In the instant case, Plaintiff wants to use the discovery, *inter alia*, to amend this complaint, which is allowed under *Rushford*. If this Court lifts the protective order, Plaintiff requests 14 days from the date that is lifted to file the amended complaint.

7. Plaintiff will attempt to work with counsel for Frey to allow Plaintiff to use specific documents in the amended complaint in this case. However, that process will take some time and therefore Plaintiff needs additional time in which to file his amended complaint. Plaintiff asks until March 15, 2016 to file the amended complaint under this scenario. If Plaintiff and Frey are unable to reach a mutual agreement or if counsel for Frey invokes veto power over Plaintiff's requests, Plaintiff will let the Court know immediately.

Wherefore, Plaintiff moves this Court to grant him an extension of time in which to file the amended complaint in this case to March 15, 2016 or 14 days after lifting the protective order, whichever is later.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

CERTIFICAT OF SERVICE

I certify that I served a copy of this motion on Defendant William Hoge and counsel for Defendant Frey this 1st day of January 2016.

Brett Kimberlin