U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB -2  AM 10: 24

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

Brett Kimberlin,
*Plaintiff,*

v.

Hunton & Williams LLP,
*Defendants.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH


## DEFENDANT WILLIAM HOGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (ECF NO. 114)

COMES NOW William Hoge and replies to Plaintiff's Motion for Extension of Time to

File Amended Complaint (ECF No. 114).  In opposition Mr. Hoge states as follows:

### PLAINTIFF LAWSUITS AGAINST MR. HOGE HAVE GONE ON LONG ENOUGH

Plaintiff filed his first lawsuit against Mr. Hoge at the end of August, 2013,

*Kimberlin v. Walker, et al.*, Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014).  In the course

of that suit he filed two amended complaints.  Most of the suit was dismissed at summary

judgment.  Plaintiff lost the remainder at trial by a directed verdict in Mr. Hoge's favor.

His second lawsuit, *Kimberlin v. National Bloggers Club, et al. (I)*, Case No. 13-CV-03059-

GJH (D.Md. 2015) was filed in October, 2013.  After a second amended complaint, this

Court dismissed all of the federal claims against Mr. Hoge in that suit and declined

supplemental jurisdiction on the state law claims.  (That case is now styled *Kimberlin v.*

*Frey*.) The day before *National Bloggers Club (I)* was dismissed in 2015, Plaintiff filed the

instant lawsuit in this Court.  The following month, he filed *Kimberlin v. National*

*Bloggers Club, et al. (II)*, Case No. 403868V (Md. Cir.Ct. Mont. Co.).  That suit has been

amended once.  Every single claim in the second, third, and fourth suits could have been

brought in *Kimberlin v. Walker, et al*, but Plaintiff refuses to accept his losses.  With his

pending motions for amendments in *Kimberlin v. Frey* and the instant lawsuit, Plaintiff is

seeking his tenth and, possibly, eleventh attempts at stating a viable claim against Mr.

Hoge.  *See* Opposition to Leave to Amend, Jan. 27, 2016, ECF No. 110, at 4-7.[1]

Mr. Hoge has been the target of Plaintiff's campaign of lawfare for long enough.

The Maryland doctrine of *res judicata* requires that instant lawsuit should have been

brought as part of *Kimberlin v. Walker, et al*.

> The doctrine of *res judicata* serves the strong public policy interest of
> bringing finality to litigation.  It promotes this policy in two ways.  First,
> once a claim has been litigated to judgment, it cannot be re-litigated
> unless the judgment has been successfully attacked on appeal.  Second,
> the doctrine requires that any person who has a claim against another
> bring all possible claims for relief in a single action.  The claims may not
> be brought in a series of separate actions.

*Kimberlin v. National Bloggers Club, et al. (II)*, Memorandum Order, Jan. 12, 2016, at 6.[2]

Also *Pitts v. Mozillo*, Case No. 15-CV-00451-GJH, Memorandum Opinion, (D.Md. Aug. 11,

2015) at 10.  Further, the preclusive effect of *Kimberlin v. Walker* also applies to any

---

[1] In ECF No. 110, Mr. Hoge lost count of Plaitiff's amended complaints, overlooking the
Second amended Complaint in *Kimberlin v. Walker, et al*.  Thus, the counts have
increment up one in this Opposition.

[2] That Memorandum Order is reproduced as Exhibit A of ECF No. 110.

federal RICO claims because they could have been raised in the earlier suit. *Perlmutter v. Verone*, Case No. 14-CV-02566-GJH, Memorandum Opinion (D.Md. Aug. 11, 2015) at 11. Even so, the instant lawsuit alleges nothing against Mr. Hoge other than state law claims, and Plaintiff has never explained why this Court has subject matter jurisdiction with respect to those claims against Mr. Hoge in the first place.

Plaintiff has alleged no specific act after the period covered by *res judicata* resulting from *Kimberlin v. Walker, et al.* Given the time period covered by the materials in the *Kimberlin v. Frey* discovery, Plaintiff cannot have found any later acts to add. Thus, any claim based on evidence allegedly discovered in *Kimberlin v. Frey* must be futile.

Plaintiff has not been able to state a claim upon which relief can be granted in his previous nine tries over the past two-and-a-half years. At this point, he shouldn't need more than the fourteen days granted in the Court's Letter Order, Jan. 28, 2016, ECF No. 111, to state a viable complaint. No further time should be granted to Plaintiff for the preparation of his Proposed Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to DENY Plaintiff's Motion for Extension of Time to File Amended Complaint (ECF No. 114) and for such other relief as the Court may find just and proper.

Date:  2 February, 2016                    Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself @wjjhoge.com

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of February 2016, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and on all counsels via email by permission.

William John Joseph Hoge

## VERIFICATION

I certify that all the foregoing is true and correct to the best of my knowledge and belief.

William John Joseph Hoge