UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.   No. GJH 15-00723

HUNTON & WILLIAMS, et al,
    Defendant.

**PLAINTIFF'S REPLY TO DEFENDANTS BERICO AND HUNTON&WILLIAMS'
OPPOSITIONS TO FILING DISCOVERY IN AN AMENDED COMPLAINT**

Plaintiff hereby replies to the oppositions of Defendants Hunton & Williams and Berico for Plaintiff to use discovery provided in *Kimberlin v. Frey*, to amend the complaint in the instant case.

1. Defendants assert that since the discovery at issue is subject to a protective order, it should not be used in this case. While Plaintiff has asked this Court to lift the protective order so he can use the discovery, the Fourth Circuit has made clear in *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988), that discovery documents that are used in a motion filed in court should not be protected:

> However, such [protected] discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court. *See Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.,* 800 F.2d 339, 343 (3d Cir.1986). The counsel for The New Yorker even acknowledged that if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected under the [protective order]. Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now. *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986) (recognizing that documents submitted as a part of motions for summary judgment are subject to public right of access); *In re Continental Illinois Sec. Litig.,* 732 F.2d 1302, 1308-10 (7th Cir.1984) (presumption of public right of access applies to motion to terminate derivative claims); *Joy v. North,* 692 F.2d 880, 893 (2d

Cir.1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons");

2. Plaintiff wants to use scores of pages of the Frey discovery to support his amended complaint, and subsequent motions. The fact that the documents are under protective order precludes him from doing so and this is contrary to the *Rushford* holding.

Wherefore, Plaintiff moves this Court to lift the protective order so he can use the documents in his amended complaint.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on Defendant Hoge this 5th day of February, 2016.

Brett Kimberlin