UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
   Plaintiff,

v.                        No. GJH 15-00723

HUNTON & WILLIAMS, et al,
   Defendant.

**PLAINTIFF'S RESPONSE TO NON-PARTY AARON WALKER'S ECF 117**

Now comes Plaintiff Brett Kimberlin and replies to non-party Aaron Walker's ECF 117, "Opposition to Motion to Show Cause."

1. Aaron Walker's opposition motion, filed prior to this Court even issuing an order to show cause, provides prima facie evidence for finding that he engaged in the unauthorized practice of law in the instant case. In that motion, he admits that he gave and routinely gives legal advice to Defendant Hoge, he prepared and helped to prepare documents that were filed in this Court by Defendant Hoge, and he gave legal advice about this case to Defendant Hoge. All of these are prohibited by MD Code, Business Occupation & Professions sections 10-601 et seq.

2. Walker argues that he cannot be sanctioned by this Court because he lives in Virginia and he prepared, helped, advised and assisted Defendant Hoge from the State of Virginia. Walker asserts that the fact that this case is pending in Maryland and Defendant Hoge is a Maryland resident does not give this Court jurisdiction to sanction him.

3. Maryland Rules of Professional Conduct 8.5(a)(2)(i) states that lawyers not admitted to practice in Maryland are nonetheless subject to discipline in Maryland if they provide or offer any legal service in the state:

*Rule 8.5 Disciplinary Authority; Choice of Law*

*(a) Disciplinary Authority.*

*(2) A lawyer not admitted to practice in this State is also subject to the disciplinary authority of this State if the lawyer*

*(i) provides or offers to provide any legal services in this State,*

4. Clearly, Walker has been providing legal services to Defendant Hoge in the State of Maryland since Defendant Hoge is a Maryland resident, this case is pending in Maryland, and Walker sent emails and documents to Defendant Hoge into the State of Maryland to be filed in this Maryland case.

5. This Court cannot allow attorney Walker to ghost write legal pleadings for Defendant Hoge. This undermines the legitimacy and integrity of the legal profession.

6. Because Walker has filed his opposition to show cause, Plaintiff asks this Court to hold a hearing to impose sanctions on Walker. Plaintiff believes, based on Walker's blatant violation of the law and rules, in conjunction with his abusive conduct in various cases in this Court, and Judge Motz's November 28, 2012 warning that Walker could face sanctions for future improper conduct, that this Court should impose strong sanctions on Walker, including a referral to the Virginia Bar for disciplinary action.

Wherefore, Plaintiff asks this Court to strike Defendant Hoge's improper motion and hold a hearing to sanction Walker for unauthorized practice of law.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on Defendant William Hoge and Aaron Walker, this 8th day of February 2016.

Brett Kimberlin