IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

    Plaintiff

v.

HUNTON AND WILLIAMS, ET AL.

    Defendants

CASE NO.: 8:15-CV-00723-GJH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MR. WALKER'S MOTION FOR LEAVE TO FILE A SURREPLY AND PROPOSED SURREPLY

NOW COMES non-party Aaron J. Walker, Esq., and files this Motion For Leave to File a Surreply and Proposed Surreply and states the following:

1. The Plaintiff filed a motion to order me to show cause (ECF No. 113), claiming without foundation that I had engaged in unauthorized practice of law. I filed an opposition to that show cause (hereinafter "Opposition") (ECF No. 117), and now the Plaintiff has filed a reply (hereinafter "Reply") (ECF No. 123).

2. In that Reply, the Plaintiff presented new legal theories. He also blatantly misrepresented my words as he has done with this Court's words in the past. Specifically, he falsely claimed that I admitted that I "prepared" legal documents for Mr. Hoge (Reply ¶ 2), and that I had ghost written legal pleadings for Mr. Hoge (Reply ¶ 5), when I admitted to no such thing. He also claims that I said that this Court would lack jurisdiction if I did indeed engage in unethical conduct, which is equally false.

3. I move that this filing be accepted as a surreply. As stated in D. Md. local rule 105.2(a) "*[u]nless ordered by the Court,* surreply memoranda are not permitted to be filed" (emphasis added). As this Court noted in *Jeffries v. Wal-Mart Stores E., LP*, Case No.: GJH-15-473, at *3-4 (D. Md., Feb. 3, 2016), surreplies can be permitted either when the movant "raises new legal issues or new theories in its reply brief" or when failing to permit a surreply would leave the non-movant "unable to contest matters presented to the court for the first time in the opposing party's reply." Both of these considerations are present in the instant case.

4. First, the Plaintiff makes a number of misrepresentations about my Opposition, and I deserve an opportunity to rebut them. First, as noted *supra* ¶ 2, the Plaintiff has falsely portrayed me as having admitted to having "prepared" or ghost written legal filings for Mr. Hoge. I said no such thing and I have done no such thing. As I stated in my Opposition:

> I regularly examine drafts of legal documents authored by Mr. Hoge and make suggestions for improvements. These suggestions range from correcting typos to explaining substantive points of law. In every case, Mr. Hoge does the bulk of the writing, and I merely make suggestions that Mr. Hoge often adopts.

Opposition ¶ 5; see also id. ¶¶ 10-13 (noting in detail how I had "helped" to prepare ECF No. 108, but had not prepared the entire document or even the majority of it). So, properly understood, at best it can be said that I helped to prepare many of the documents before this Court, rather than having prepared it entirely or having ghost written it. What I have actually done is not only legal, but it is advisable to any person representing him or herself. Perhaps if the Plaintiff could be persuaded to consult a lawyer before filing his untrained pro-se screeds, he would not waste this Court with these kinds of frivolous motions—if we pretend they are filed in good faith. Indeed, if he consulted with a lawyer beforehand, perhaps this lawsuit would not exist—assuming it is not being filed simply to harass.

5. Further, the Plaintiff claims in Reply ¶ 2 that various considerations "does not give this Court jurisdiction to sanction him." This Court would search my Opposition in vain for any statement at all about jurisdiction. What Mr. Walker said is that this Court has no substantive cause to sanction him regardless of jurisdictional questions, and it doesn't.

6. Finally the Plaintiff asserts a new legal theory, claiming for the first time in his Reply that somehow Md. Lawyer's R. Prof'l Conduct R. 8.5, dealing with the disciplinary authority of the Maryland State Bar Association, somehow proves that I have engaged in the practice of law in Maryland. This is done by selectively quoting from in Rule 8.5(a)(2)(i) as follows: "A lawyer not admitted to practice in this State is also subject to the disciplinary authority of this State if the lawyer... provides or offers to provide any legal services in this State." The Plaintiff goes on to argue—without citation of any authority—that "in the State" refers to actions taken out of state so long as they affect state courts, somehow. If one quotes the entirety of Rule 8.5(a)(1)-(2) one sees that the term "in this state" is a geographical limitation:

(a) Disciplinary Authority.

    (1) A lawyer admitted by the Court of Appeals to practice in this State is subject to the disciplinary authority of this State, regardless of where the lawyer's conduct occurs.

    (2) A lawyer not admitted to practice in this State is also subject to the disciplinary authority of this State if the lawyer

        (i) provides or offers to provide any legal services in this State,

        (ii) holds himself or herself out as practicing law in this State, or

        (iii) has an obligation to supervise or control another lawyer practicing law in this State whose conduct constitutes a violation of these Rules.

As is typical of most states, the Maryland State Bar Association sets forth two basis of jurisdiction in disciplinary matters. Where one is an attorney admitted to practice by the Maryland Court of Appeals, Maryland State Bar Association asserts the right to discipline the attorney for any misconduct, *wherever it occurs*. In short, for Maryland-licensed lawyers, the Maryland State Bar Association claims universal jurisdiction. By contrast, if the lawyer is not licensed in Maryland, the Maryland State Bar Association only asserts jurisdiction over conduct that occurs "in this state." If the Maryland State Bar Association wished to assert universal jurisdiction over the interpretation of Maryland law—as the Plaintiff asserts— then it would have used language more like 8.5(a)**(1)**.

7. As a final coda, the Plaintiff implicitly admits that this is how this rule is interpreted in his own Reply. In paragraph 6, the Plaintiff asks that for sanctions to include "a referral to the Virginia Bar for disciplinary action." If the Plaintiff really thought that Md. Lawyer's R. Prof'l Conduct R. 8.5(a)(2)(i) gave the Maryland State Bar Association the right to discipline Mr. Walker, he would be asking for Mr. Walker's conduct to be referred to them as well. In other words, in one breath he claims that Mr. Walker's conduct subject to discipline by the Maryland State Bar Association, and then in the next doesn't ask Mr. Walker to be disciplined by the Maryland State Bar Association. This is a silent confession that he is simply trying to take any rule he can out of context in the hopes of tricking this Court into believing that simply helping a person to prepare a legal filing while outside of Maryland (while leaving the bulk of the writing to that person) constitutes the practice of law *in Maryland* if it is submitted in a Maryland courtroom. In essence, he wants this Court to think that light editing is not only unethical, but a crime. This demonstrates that the Plaintiff's argument is not only *wrong*, but it is also put forth in bad faith.

8. I therefore move that this filing be accepted as a surreply to the Plaintiff improper reply,[1] and based on my opposition and this surreply, that this Court deny the Plaintiff's motion for a show cause order. Finally, I move that this Court consider sanctioning the Plaintiff for misrepresenting the law, misrepresenting my opposition, and wasting this Court's time with more untrained pro se drama.

WHEREFORE, Mr. Walker's motion to file this document as a surreply and the Plaintiff's motion for a show cause order should be denied.

Tuesday, February 9, 2016                    Respectfully submitted,

*[signature]*

Aaron J. Walker, Esq.
Va Bar# 48882
P.O. Box 3075
Manassas, Virginia  20108
(703) 216-0455
AaronJW72@gmail.com
(No fax)

---

[1] There is no need to file separate documents to constituting the surreply and the motion for leave to file a surreply, since filing such separate documents would fill this docket with repetitive documents.

## VERIFICATION

I, Aaron Walker, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Tuesday, February 9, 2016.

_____

## CERTIFICATE OF SERVICE

I certify that on the ___9th___ day of ___February___, 2016, I served copies of this document on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817 and all defendants.

_____