FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 24  AM 9: 28

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

Brett Kimberlin,
  *Plaintiff,*

  v.

Hunton & Williams LLP, *et al.*,
  *Defendant.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 15-CV-00723-GJH

## DEFENDANT HOGE'S RESPONSE IN PARTIAL OPPOSITION TO AND IN PARTIAL SUPPORT OF "PLAINTIFF'S MOTION FOR A HEARING ON HIS REQUEST FOR DISCOVERY AND SCHEDULING ORDER" (ECF NO. 126)

COMES NOW Defendant William Hoge in partial opposition to and in partial support of "Plaintiff's Motion for a hearing on His Request for Discovery and Scheduling order" (ECF No. 126). In response Mr. Hoge states at follow:

### MR. HOGE OPPOSES PLAINTIFF REQUEST FOR EARLY DISCOVERY AND A SCHEDULING ORDER

Both the Federal Rules of Civil Procedure and the Local Rules contemplate that a scheduling order will not normally be issued and discovery will not begin until a lawsuit's complaint has survived motions to dismiss. While instant lawsuit will celebrate its first birthday in less than a month, the motions to dismiss are still pending. Thus, the case is not ready to proceed to discovery, and—in spite of his statement to the contrary in paragraph 4 of his motion—Plaintiff has not given the Court even one valid reason to make an exception to normal procedure.

Plaintiff asserts that he "has shown in *Kimberlin v. Frey*, GJH-13-3059, discovery has had a beneficial effect on Plaintiff's prosecution of his case." Plaintiff's Motion, ¶ 5. Really? On information and belief, discovery in that case has been quite contentious and gone into extra innings, mostly because of errors by the Plaintiff. Mr. Hoge notes that the discovery process during *Kimberlin v. Walker, et al.*, Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014) was similarly difficult, with Plaintiff not providing the documents sought by the defendants until after he was sanctioned by the Circuit Court for his failure.[1] On information and belief, Plaintiff has not yet paid the sanction imposed on 1 August, 2014. Given Plaintiff's history of uncooperative and prolonged discovery, the Court is wise to wait to see if discovery becomes moot because the suit is dismissed. Plaintiff's request for early discovery should be denied.

Similarly, a scheduling order may not be needed, and the Court should not issue one unless the Complaint survives the pending Rule 12 motions. Plaintiff's request for the issuance of a scheduling order prior to the Court's ruling on motions to dismiss should be denied.

## MR. HOGE PARTIALLY SUPPORTS PLAINTIFF'S REQUEST FOR A HEARING

To the extent that the hearing Plaintiff seeks could be combined with the expedited hearing on Mr. Hoge's Motion to Dismiss (ECF No. 64) sought pursuant to Md. Cts. &

---

[1] *See Kimberlin v. Walker, et al.*, Dkt. Item 215, Aug. 1, 2014.

2

Jud P. § 5-807,[2] Mr. Hoge partially supports Plaintiff's request if, and only if, Mr. Hoge's Motion to Dismiss is heard first. Judicial economy suggests the two hearings could be scheduled one after the other on the soonest date practicable. If Mr.Hoge's Motion is granted, he would be out of the case, and questions of discovery and scheduling would be moot with respect to him. Possibly removing Mr. Hoge from the case prior to Plaintiff's hearing could simplify that hearing. Plaintiff's request for a hearing should be denied unless it is scheduled after Mr. Hoge's expedited hearing on his Rule 12(b)(6) Motion. If Plaintiff's request for a hearing is granted, it should scheduled after the expedited hearing on Mr. Hoge's Motion to Dismiss on the soonest date practicable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to DENY Plaintiff's requests for discovery or for issuance of a scheduling order prior to the Court's ruling on the pending motions to dismiss; to DENY Plaintiff's request for a hearing unless such hearing is scheduled after an expedited hearing on Mr. Hoge's pending Motion to Dismiss (ECF No. 64) or, alternatively to GRANT Plaintiff request for a hearing, scheduling said hearing on the same earliest practicable date as but after the expedited hearing on Mr. Hoge's Motion to Dismiss (ECF No. 64); and to GRANT such other relief as the Court may find just and proper.

---

[2] Hoge's Motion for a Hearing Pursuant to § 5-807, Dec. 18, 2015, ECF No. 100.

Date:  24 February, 2016                    Respectfully submitted,

                                            William John Joseph Hoge, *pro se*
                                            20 Ridge Road
                                            Westminster, Maryland  21157
                                            (410) 596-2854
                                            himself@wjjhoge.com


### CERTIFICATE OF SERVICE

I certify that on the 24th day of February, 2016, I served a copy of the foregoing to Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and to counsels of record via email by permission.

                                            William John Joseph Hoge


### VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date:  24 February, 2016                    William John Joseph Hoge