IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| BRETT KIMBERLIN, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 8:15-cv-000723 GJH |
| ) | |
| HUNTON & WILLIAMS, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION OF DEFENDANTS GREG HOGLUND, STRATIO INFORMATION TECHNOLOGY, LLC (F/K/A HB GARY FEDERAL, LLC), AND MANTECH INTERNATIONAL CORPORATION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS

Defendants, Greg Hoglund ("Hoglund"), Stratio Information Technology, LLC (f/k/a HB Gary Federal, LLC) ("Stratio"), and ManTech International Corporation ("ManTech") (together, the "HB Gary Defendants"), by and through counsel, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, moves the Court to strike Plaintiff's Supplemental Response to the Defendants' Motions to Dismiss and Response re Amended Complaint (ECF No. 125) (the "Supplement") filed by Plaintiff, Brett Kimberlin ("Kimberlin"), and state as follows:

**I.    The Motions to Dismiss are fully briefed and Kimberlin may not file a surreply.**

This case's docket has raced past 125 entries even though the case remains in its pleading stage. The Court provided Kimberlin an opportunity to amend his Complaint in response to motions to dismiss filed by each defendant (ECF No. 119). Kimberlin chose not to avail himself of that opportunity. Because the motions to dismiss are fully briefed,[1] Kimberlin should not be

---

[1] Kimberlin filed his Complaint on March 16, 2015. After extensions of time from the Court, each defendant had filed a motion to dismiss by September 4, 2015. On October 14, 2015, Kimberlin filed an untimely omnibus opposition to the motions to dismiss. By November 3, 2015, all of the defendants had filed replies to Kimberlin's opposition, rendering the motions to dismiss ripe for adjudication.



PALEY ROTHMAN
ATTORNEYS AT LAW
4800 HAMPDEN LANE
6TH FLOOR
BETHESDA, MD 20814
301-656-7603
301-654-7354 fax
www.paleyrothman.com

permitted to file an additional responsive filing, effectively a surreply, alleging new facts and theories that Kimberlin failed to raise in an amended pleading when offered the chance. *See Kimberlin v. Nat. Bloggers Club*, 2015 WL 1242763, at *7 n.3 (D. Md. 2015). Instead, the Court should strike the supplement and rule based on the existing filings. This Court's Local Rules prohibit the filing of surreplies like Kimberlin's "Supplement," Local Rule 105.2(a), and the Court should enforce that rule by striking the Supplement.

**II.     The new facts alleged in the Supplement are irrelevant and largely seek to exhume rejected claims from the *Frey* case.**

Even if the Court considered the new facts asserted by Kimberlin in his Supplement (which it should not), those facts do not salvage Kimberlin's claims. Instead, they largely seek to resurrect claims against former defendants in the *Frey* case that were previously rejected by the Court in that case.

The heart of the Supplement is Kimberlin's assertion of a "Team Two" involving "Patrick Frey and his associates, including Aaron Walker, Defendant William Hoge, Mandy Nagy, Andrew Breitbart, Ali Akbar and others." Supplement at ¶ 4. While these individuals were all parties in the *Frey* litigation, none of them save Defendant William Hoge is even mentioned in Kimberlin's Complaint in this action. Kimberlin's new "Team Two" allegations fail because this Court has already ruled, in effect, that there is no "Team Two." In *Frey*, Kimberlin asserted that nearly all of the supposed "Team Two" members (including Frey, Walker, Hoge, Nagy, and Akbar) were parties to a RICO enterprise for the purpose of "creat[ing] and publish[ing] false and defamatory narratives about Kimberlin." *Kimberlin*, 2015 WL 1242763, at *2. This Court rejected Kimberlin's claim, finding that he had failed to plead the existence of a RICO enterprise among "Team Two" or allege any facts about the enterprise's structure, how the identified individuals were associated with the enterprise, or the relationships

between or among the identified individuals. *Id.* As such, the Court dismissed Kimberlin's claim with prejudice.

Beyond the Court's prior finding that there is no "Team Two" enterprise, the new facts in Kimberlin's Supplement also fail because they do not establish any conspiracy between the HB Gary Defendants (or Team Themis) and "Team Two" or any of its alleged members. Kimberlin's allegations consist primarily of summaries of the content of e-mails among alleged "Team Two" members with no involvement from any associate of the alleged Team Themis. See Supplement at ¶¶ 10, 12, 13, 14, 15. Kimberlin also focuses on the fact that some of the alleged "Team Two" members wrote media articles or blogs about the Anonymous hack of HB Gary's e-mails. See Supplement at ¶¶ 12, 16. All that these allegations amount to are that journalists and bloggers published articles about a newsworthy matter that Kimberlin himself admits received extensive media coverage. See Complaint at pg. 28. None of the articles or blog posts reflect any input from the HB Gary Defendants or any other alleged Team Themis participant. Finally, Kimberlin engages in an extended non-sequitur about the efforts of an attorney (not affiliated with Defendant, Hunton & Williams, LLP) representing a non-party client in threatening to bring a defamation action against the Huffington Post (another non-party). See Supplement at pp. 10-11. None of these new allegations can cure the fatal defects in Kimberlin's pleading that are identified in the HB Gary Defendants', and the other defendants', motions to dismiss.

Finally, Kimberlin alleges that the HB Gary Defendants' e-mails became part of the public domain only as a result of the hack by Anonymous, and not by any voluntary release or disclosure. Complaint at pg. 28. There is nothing in Kimberlin's Complaint that plausibly suggests that the HB Gary Defendants or Team Themis had any intention of sharing those e-

mails – and certainly no intention of sharing the e-mails with an "intent to coordinate with Team Two," if a "Team Two" even existed.

In short, nothing in any of the 125-plus docket entries of this case constitutes the required plausible showing that Kimberlin is entitled to any relief from the HB Gary Defendants, and Kimberlin's Complaint should be dismissed.

WHEREFORE, the HB Gary Defendants respectfully request that the Court:

A.  Strike Kimberlin's Supplement and dismiss his Complaint against the HB Gary Defendants with prejudice; and

B.  Grant such further relief as the Court may deem appropriate.

        PALEY, ROTHMAN, GOLDSTEIN,
        ROSENBERG, EIG & COOPER, CHTD.

        By:   /s/ D. Jack Blum
            Glenn M. Cooper, #00977
            Patricia M. Weaver, #10951
            D. Jack Blum, #07241

        4800 Hampden Lane, Sixth Floor
        Bethesda, Maryland 20814
        Telephone:   (301) 951-9360
        Facsimile:   (301) 654-7354
        gcooper@paleyrothman.com
        tweaver@paleyrothman.com
        jblum@paleyrothman.com

        *Attorneys for Defendants Greg Hoglund, Stratio Information Technology, LLC, and ManTech International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2016, a copy of the foregoing Motion of Defendants Greg Hoglund, Stratio Information Technology, LLC (f/k/a HB Gary Federal, LLC), and ManTech International Corporation to Strike Plaintiff's Supplemental Response to the Defendants' Motions to Dismiss was served via the Court's CM/ECF system to all counsel of record, and a copy of the foregoing was also sent by first-class mail to the following *pro se* parties:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, Maryland 20817

William Hoge
20 Ridge Road
Westminster, Maryland 21157

                                                  /s/ D. Jack Blum
                                                  D. Jack Blum