UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

v.  No. GJH 15-00723

HUNTON & WILLIAMS, et al,
Defendant.

**PLAINTIFF'S REPLY TO DEFENDANTS HUNTON & WILLIAMS, WOODS, WYATT, QUACKENBOSS, HOGLUND, HBGARY AND HOGE'S OPPOSITION TO SCHEDULING ORDER**

Now comes Plaintiff Brett Kimberlin and replies to several defendants' Oppositions to his Motion for a Scheduling Order.

1. Defendants rely on a single line in an unpublished order in a 2011 from Judge Hollander that states that scheduling orders are not issued until the resolution of a motion to dismiss. They also argue that Local Rule 104.4 places a hold on commencement of discovery until after a scheduling order is issued.

2. However, none of the defendants has addressed the clear *mandatory* language of Rule 16(b)(2), which was amended in December 2015 to help expedite cases in federal court. That Rule states that a "judge *must issue* the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge *must issue it within the earlier of 90 days* after any defendant has been served with the complaint or 60 days after any defendant has appeared." (emphasis added). The Supreme Court has made clear that mandatory language in the Rules must be followed. *Green v. Bock Laundry Machine Co.*, 490 US 504 (1989).

3. Under the rules of statutory construction, a Federal Rule of Civil Procedure takes precedence over a local rule of the Court.

4. There has never been a finding of "good cause" in this case for delaying the issuance of a scheduling order as required by Rule 16(b)(2).

5. Plaintiff has shown good cause for needing to commence discovery. The Defendants have made numerous arguments in their Motions to Dismiss that could be dispelled with discovery. For example, they argue that the statute of limitations bars the suit, while Plaintiff argues that the Defendants continued their activities after February 2011. As Plaintiff has demonstrated with his recently filed Supplemental Response (ECF 125) that included references from discovery in the *Kimberlin v. Frey* case, there is powerful evidence that the activities of the Defendants continued well after February 2011 and therefore the statute of limitations defense is without merit. Also, Defendants have argued that Plaintiff has failed to provide specificity for the RICO counts and that the Defendants were unaware that Plaintiff was working with the FBI to provide evidence of criminal activity of the Chamber of Commerce and its senior staff/board members. The discovery will most likely show the Defendants Chamber and Hunton & Williams were well aware of Plaintiff's involvement in those criminal investigations and that they intended to retaliate against Plaintiff for cooperating with federal investigators and agreeing to be a witness in federal court proceedings. Retaliation is an essential element of the civil rights claim and can constitute at least two predicate acts for RICO.

6. The Defendants cannot have it both ways, asking this Court to accept their bald denials while opposing the discovery that would expose the truth.

Wherefore, for all the above reasons, Plaintiff moves this Court to issue the scheduling order so discovery can begin.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

Certificate of Service

I certify that I mailed a copy of this motion to Defendant Hoge this 7th of March, 2016.

Brett Kimberlin