UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

v.

HUNTON & WILLIAMS, et al,
Defendant.

No. GJH 15-00723

**PLAINTIFF'S RESPONSE TO DEFENDANTS HOGLUND, HB GARY AND
MANTECH'S TO STRIKE PLAINTIFF'S MOTION TO SUPPLEMENT HIS RESPONSE
TO DEFENDANTS' MOTIONS TO DISMISS**

Now comes Plaintiff Brett Kimberlin and responds in opposition to several

Defendants' Motions to Strike his Supplemental Response to the Defendants'

Motions to Dismiss.

1. Defendants initially argue that Plaintiff's supplement is in effect a surreply,

which is not allowed by the rules. In fact, however, the supplement is a new motion

which the Defendants have the right to respond to, unlike a surreply. (And

Defendants did respond on the merits). Moreover, the information in the

supplement is new information that was not available at the time of the original

response to the Motions to Dismiss. Just like a new Supreme Court case that was

decided after an initial filing, the parties have an obligation to provide the Court

with important information that has a bearing on the issues before it.

2. The supplement is a way of providing the Court with new relevant

information without having to file an entire new amended complaint. It seems odd

that Defendants would object to a small supplement and instead would argue that

Plaintiff could have filed an amended complaint. Clearly, had Plaintiff done that, he

could have provided this new information both in the complaint and in his responses to new motions to dismiss filed by the Defendants.

3.  The Defendants argue that the new information has no relevancy to the instant compliant because none of the "Team Two" participants, except Defendant Hoge, are defendants in the instant case and that this Court rejected a RICO count in the *Kimberlin v. Frey* case.  However, this new evidence is relevant because the Defendants themselves have argued that the statute of limitations bars Plaintiff's complaint.  While this SOL dispute has now largely become a jury issue, if Team Themis was working in concert with Team Two, as Plaintiff alleges, and Team Two continued the work of Team Themis after being exposed by Anonymous, then clearly there is no statute of limitations bar to the instant case.

The fact that some of the Team Two defendants were dismissed in a prior RICO case has nothing to do with the claims in the instant case.  Statute of limitations defenses are fact driven, and the facts alleged and presented by Plaintiff clearly show that the Defendants in the instant case acted in concert with others and that the conspiracy continued far beyond February 2011. As noted in Plaintiff's prior filings, not a single one of the Defendants in the instant case ever "withdrew" from the conspiracy by contacting law enforcement officials with a full mea culpa. Moreover, since the Team Themis *plans* were *executed* by Team Two, there is no statute of limitations bar.

In conclusion, this Court should consider the merits of Plaintiff's supplement and deny Defendant's Motion to Strike.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

Certificate of Service

I certify that I mailed a copy of this motion to Defendant Hoge this 7th day of
March, 2016.

Brett Kimberlin