# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Brett Kimberlin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 8:15-cv-00723-GJH |
| | ) | |
| Hunton & Williams LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RESPONSE OF DEFENDANTS HUNTON & WILLIAMS LLP, JOHN WOODS, RICHARD WYATT, AND ROBERT QUACKENBOSS IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND TO STAY THE JUDGMENT

Dated: April 28, 2016

John J. Buckley, Jr. (Bar No. 06249)
Barrett J. Anderson (Bar No. 13900)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5051
Facsimile: (202) 434-5058
E-Mail: jbuckley@wc.com

*Counsel for Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss*

# **TABLE OF CONTENTS**

I.      The Court Should Deny the Motion Because Kimberlin Has Made No Showing of
        Extraordinary Circumstances that Would Justify Relief Under Federal Rule of
        Civil Procedure 60(b)...........................................................................................................1

II.     The Court Rightly Dismissed Mr. Kimberlin's Section 1985(2) Claim............................2

III.    The Court Properly Dismissed Mr. Kimberlin's Civil RICO and Section 1985(2)
        Claims as Untimely.............................................................................................................4

IV.     The Court Properly Dismissed Mr. Kimberlin's RICO Claim for Failure to State a
        Claim...................................................................................................................................5

V.      Conclusion ..........................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Adickes v. S. H. Kress & Co.*,
   398 U.S. 144 (1970)..................................................................................................2

*Aikens v. Ingram*,
   652 F.3d 496 (4th Cir. 2011) ..............................................................................1, 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................5

*Chahal v. Paine Webber, Inc.*,
   725 F.2d 20 (2d Cir. 1984).......................................................................................3

*Foster v. Wintergreen Real Estate Co.*,
   363 Fed. Appx. 269 (4th Cir.2010)..........................................................................5

*Glynn v. Impact Sci. & Tech., Inc.*,
   807 F. Supp. 2d 391 (D. Md. 2011) .........................................................................3

*Hoopes v. Nacrelli*,
   512 F. Supp. 363 (E.D. Pa. 1981) ............................................................................3

*Kimberlin v. Nat'l Bloggers Club*,
   No. GJH-13-3059, 2015 WL 1242763 (D. Md. Mar. 17, 2015).............................5

*Kush v. Rutledge*,
   460 U.S. 719 (1983).................................................................................................3

*Malley-Duff v. Crown Life Ins.*,
   792 F.2d 341 (1986).................................................................................................3

*Peterson v. Nat'l Telecommunications & Info. Admin.*,
   478 F.3d 626 (4th Cir. 2007) ...................................................................................3

*Scott v. Mountain Mission Sch., Inc.*,
   809 F.2d 786 (4th Cir. 1987) ...................................................................................4

*Timmerman v. U.S. Bank, N.A.*,
   483 F.3d 1106 (10th Cir. 2007) ...............................................................................3

*United States v. Williams*,
   674 F.2d 310 (4th Cir. 1982) ...................................................................................1

## OTHER AUTHORITIES

42 U.S.C. § 1985(2) ........................................................................................................1, 2, 3, 4

Federal Rule of Civil Procedure 60(b) ........................................................................................1, 2

In his Motion for Relief from Judgment, Plaintiff Brett Kimberlin identifies no

"extraordinary circumstances" that would justify relief under Federal Rule of Civil Procedure

60(b).  *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).  He simply uses the motion as a

platform for criticizing the reasoning in the Court's opinion of March 19, 2016.  Dkt. No. 133.

This is an improper use of Rule 60(b), and the motion should be denied for that reason alone.

In all events, Mr. Kimberlin's critiques of the Court's opinion are without merit.  The

Court rightly dismissed his federal claims with prejudice, both because he did not adequately

plead causes of action under 42 U.S.C. § 1985(2) and the civil RICO statute and because any

such claims are time-barred.

The Court therefore should deny the motion and the accompanying request to stay (Dkt.

Nos. 136, 137).

**I.      The Court Should Deny the Motion Because Kimberlin Has Made No Showing of
         Extraordinary Circumstances that Would Justify Relief Under Federal Rule of Civil
         Procedure 60(b).**

The Fourth Circuit has held that "Rule 60(b) does not authorize a motion merely for

reconsideration of a legal issue."  *United States v. Williams*, 674 F.2d 310, 312-13 (4th Cir.

1982).  Accordingly, "[w]here the motion is nothing more than a request that the district court

change its mind, . . . it is not authorized by Rule 60(b)."  *Id.*  That is plainly the case with regard

to the instant motion.  Mr. Kimberlin is quite candid about the fact that the motion is based on

his view that "this Court misapplied several key facts and failed to follow well-established legal

precedent."  Dkt. No. 137 at 1.  At this stage such arguments must be addressed (if at all) to the

Fourth Circuit, not to this Court.  *See Aikens*, 652 F.3d at 501 ("[I]f the reason asserted for the

Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied

the motion as merely an inappropriate substitute for an appeal." (quotation marks omitted)).

Moreover, Mr. Kimberlin has made no serious effort to meet the high bar that is required to obtain relief under Rule 60(b)(6).[1]  The Fourth Circuit has said that relief under this provision should be granted "in only extraordinary circumstances."  *Aikens*, 652 F.3d at 500 (internal quotation marks omitted).  Apart from a few rhetorical broadsides against the Court (e.g., "The Court has sided with the powerful over the powerless . . . ." (Dkt. 137 at 1)), Mr. Kimberlin's motion consists entirely of a rehashing of arguments he made (unsuccessfully) in his motion to dismiss (albeit supplemented in some cases with legal authorities he did not bother to cite the first time around).  The Court therefore should deny the motion (and the accompanying request to stay the judgment) as improper under Rule 60(b).

## II.     The Court Rightly Dismissed Mr. Kimberlin's Section 1985(2) Claim.

The Court rightly held that Mr. Kimberlin had not properly alleged a claim under 42 U.S.C. § 1985(2).  Mr. Kimberlin contends that this holding was erroneous because "[t]he statute does not require the actual harm to have occurred."  Dkt. No. 137 at 2.  This position is belied by the text of the statute, which provides that "the party ***so injured or deprived*** [as a result of the alleged intimidation] may have an action for the recovery of damages occasioned by ***such injury or deprivation***, against any one or more of the conspirators."  42 U.S.C. § 1985(2) (emphases added).

In support of his atextual reading of the statute, Mr. Kimberlin cites a number of opinions he failed to cite in his opposition to the motions to dismiss.  He relies principally upon *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970).  Dkt. 137 at 2.  The Court in *Adickes* noted that conspiracy requires proof of a meeting of the minds among the coconspirators, but the opinion

---

[1] Mr. Kimberlin does not base his motion on any of the grounds specified in Federal Rule of Civil Procedure 60(b)(1)-(5).  Nor does he cite any of these subparts of the rule.  The Court therefore should construe his motion for relief from judgment as resting on the catch-all provision of the rule, Rule 60(b)(6).

did address the statute's other requirements, namely the requirement that the plaintiff allege injury.[2]  Those courts that have addressed this issue uniformly have held that injury is a necessary element of a Section 1985(2) claim.  *See, e.g., Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1124 (10th Cir. 2007) ("The elements of a deterrence claim under section 1985(2) are (1) a conspiracy, (2) to deter testimony by force or intimidation, and (3) ***injury to the plaintiff***." (quotation marks omitted and emphasis added)); *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir. 1984) (recognizing that a Section 1985(2) claim requires an allegation of "***injury to the plaintiff***" (emphasis added)); *Glynn v. Impact Sci. & Tech., Inc.*, 807 F. Supp. 2d 391, 422 (D. Md. 2011) (holding that in order to prevail on a Section 1985(2) claim "a plaintiff must prove: (1) a conspiracy, (2) to deter testimony by force or intimidation, and (3) ***injury to the plaintiff***." (quotation marks omitted and emphasis added)), *aff'd sub nom. Glynn v. EDO Corp.*, 710 F.3d 209 (4th Cir. 2013).  Even if the statute itself did not require a showing of injury, Mr. Kimberlin still would need to show injury in order to establish Article III standing.  *See Peterson v. Nat'l Telecomms. & Info. Admin.*, 478 F.3d 626, 631 (4th Cir. 2007).  In light of the Court's holding

---

[2] Mr. Kimberlin also cites *Kush v. Rutledge*, 460 U.S. 719 (1983); *Chahal v. Paine Webber, Inc.*, 725 F.2d 20 (2d Cir. 1984); *Malley-Duff Assocs., Inc. v. Crown Life Insurance*, 792 F.2d 341 (3d Cir. 1986); and *Hoopes v. Nacrelli*, 512 F. Supp. 363 (E.D. Pa. 1981).  None of these opinions support his argument.  *Kush* simply held that intent was not an element of a Section 1985(2) claim; it did not address the injury element.  The Court in *Chahal* affirmatively recognized the injury element, noting that "[t]he essential allegations of a § 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) ***results in injury to the plaintiff***."  725 F.2d at 23 (emphasis added); *id.* at 24 (noting that the plaintiff had "allege[d] specific resulting injury").  The same is true of *Malley-Duff*.  792 F.2d at 356 ("We agree with the Second Circuit that the essential allegations of a 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results ***in injury to the plaintiffs***." (quotation marks and alteration omitted) (emphasis added)).  And *Hoopes*.  512 F. Supp. at 368 (noting that the statute provides a cause of action only to "the ***party so injured*** or deprived" as a result of witness intimidation (quotation marks omitted) (emphasis added)).

that Mr. Kimberlin has failed to adequately allege injury, his complaint is deficient for this reason as well.

Even setting the issue of injury aside, Mr. Kimberlin nonetheless failed to allege the other necessary elements of a Section 1985(2) claim against the H&W Defendants.[3]  He did not sufficiently allege that they agreed with others to take actions to deter Mr. Kimberlin from participating in the Blankenship matter.  *See* Mem. in Support of Mot. to Dismiss (Dkt. 58 at 24). Nor did he plausibly allege that the H&W Defendants used or conspired to use "force, intimidation, or threat[]" to accomplish the alleged deterrence.  *Scott v. Mountain Mission Sch., Inc.*, 809 F.2d 786 (4th Cir. 1987), 1987 WL 36169, at *2 (unpublished opinion) (per curiam) (internal quotation marks omitted).  His sole allegation in this regard was that he received a standard cease-and-desist letter from H&W.  This is too thin a reed on which to allege a civil rights conspiracy.  *See* Mem. in Support of Mot. to Dismiss (Dkt. 58 at 25).

## III.   The Court Properly Dismissed Mr. Kimberlin's Civil RICO and Section 1985(2) Claims as Untimely.

The gravamen of Kimberlin's argument regarding the Court's statute of limitations holding is the assertion that the defendants engaged in a "continuing offense" in their purported efforts to deter Mr. Kimberlin from testifying in the Blankenship matter.  Dkt. 137 at 6.  But as the Court rightly held, a plaintiff cannot salvage an otherwise time-barred claim simply by making vague allegations of an ongoing conspiracy.  *See* Dkt. No. 133 at 8.  Here there is no indication that the H&W Defendants engaged in any wrongful acts within the limitations period. The Court's dismissal with prejudice therefore was proper.

Mr. Kimberlin also argues that the Court erred by failing to take as true his assertion that he first became aware of his alleged injury in May 2012.  Dkt. 147 at 6.  But as the Court rightly

---

[3] The H&W Defendants include the law firm of Hunton & Williams LLP and attorneys John Woods, Richard Wyatt, and Robert Quackenboss.

noted, while it is generally required to accept allegations in a complaint as true, it "need not accept a declaration as fact when it is contradicted both by the Complaint and common sense." Dkt. No. 133 at 7; *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must "state a claim to relief that is plausible on its face").

### IV.   The Court Properly Dismissed Mr. Kimberlin's RICO Claim for Failure To State a Claim.

Mr. Kimberlin's charge that the Court improperly dismissed his civil RICO conspiracy claim because he did not adequately plead a substantive RICO claim likewise should fail.  Mr. Kimberlin made the same argument in the *National Bloggers* case, and the Court rightly rejected it:

> Because Kimberlin has failed to state a claim under § 1962(c), his "charge of conspiracy to violate RICO pursuant to § 1962(d) is also without merit." *Foster v. Wintergreen Real Estate Co.*, 363 Fed. Appx. 269, 275 (4th Cir. 2010); *see also GE Inv. Private Placement Partners II*, 247 F.3d 543, 551 (4th Cir. 2001) ("Because the pleadings do not state a substantive RICO claim under § 1962(c), Plaintiffs' RICO conspiracy claim [under § 1962(d)] fails as well."). The Court will therefore dismiss Kimberlin's § 1962(d) claim.

*Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 WL 1242763, at *3 n.2 (D. Md. Mar. 17, 2015).

### V.   Conclusion

For the reasons set forth above, the H&W Defendants request that Motion for Relief from Judgment and the accompanying request to stay the judgment be denied.

Dated:  April 28, 2016

Respectfully submitted,

/s/ John J. Buckley, Jr.
John J. Buckley, Jr. (Bar No. 06249)
Barrett J. Anderson (Bar No. 13900)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5051
Facsimile: (202) 434-5058
E-Mail: jbuckley@wc.com

*Counsel for Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2016, a copy of the foregoing Response of Defendants Hunton & Williams LLP, John Woods, Richard Wyatt, and Robert Quackenboss in Opposition to Plaintiff's Motions for Relief from Judgment and to Stay the Judgment was filed electronically with the Court's electronic filing system, which provided electronic notice to all counsel of record in this matter.  In addition, a copy of the foregoing response was sent by Federal Express to Plaintiff Brett Kimberlin at 8100 Beech Tree Road, Bethesda, MD 20817.

 /s/ John J. Buckley, Jr.
 John J. Buckley, Jr. (Bar No. 06249)