IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY -2  A 11: 24

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | |
|---|---|
| **BRETT KIMBERLIN,** | * |
| **Plaintiff,** | * |
| v. | * Case No.: GJH-15-723 |
| **HUNTON & WILLIAMS LLP, et al.,** | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

On March 29, 2016, the Court dismissed Plaintiff Brett Kimberlin's action against Defendants Hunton & Williams, LLP, United States Chamber of Commerce, Palantir Technologies, Berico Technologies, Mantech International, Stratio Information Technology, LLC, John Woods, Richard Wyatt, Robert Quackenboss, Greg Hoglund, Aaron Barr, Alex Karp, Matt Long, Nicholas Hallam, Matthew Steckman, Pat Ryan, Sam Kremin, "John Doe Chamber of Commerce Employees," Pacific Northwest National Laboratory, Bill Nickless, and William Hoge. ECF Nos. 133, 134. Plaintiff has filed a Motion for Relief from Judgment (ECF No. 137) and a Motion for Stay of Judgment (ECF No. 136). For the reasons stated below, Plaintiff's Motion for Relief from Judgment is DENIED, and Plaintiff's Motion for Stay of Judgment is DENIED, as moot.

## I.   MOTION FOR RELIEF FROM JUDGMENT

In his Motion for Relief from Judgment, Plaintiff argues that the Court applied the wrong statute,[1] incorrectly ruled on the statute of limitations, erred in denying discovery, failed to address the civil RICO claim, and did not liberally construe Plaintiff's pro se Complaint. *See generally* ECF No. 137. Under Federal Rule of Civil Procedure ("Rule") 60(b),

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is not a substitution for appellate review of a district court's decision. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *Roberts v. McKenzie*, No. DKC 12-2474, 2014 U.S. Dist. LEXIS 184339 (D. Md. Aug. 18, 2014). The decision to grant relief from judgment is within the Court's discretion. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993) ("We review denials of Rule 60(b) motions for abuse of discretion."). None of these factors are present or asserted here.

Additionally, "Rule 60(b)(6) requires movants to show 'extraordinary circumstances' justifying the reopening of final judgments," *Patton v. Maryland*, No. AW-09-2876, 2013 U.S. Dist. LEXIS 40126, *21 (D. Md. Mar. 22, 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 525, 534 (2005)), which Plaintiff does not show here. Plaintiff's motion "is nothing more than a request that the district court change its mind" and "is not authorized by Rule 60(b)." *United States v.*

---

[1] Plaintiff's basis for asserting that the Court applied the wrong statute is the apparent misnomer of the statute. Although the Court regrets the citation errors in its opinion, the Court applied 42 U.S.C. § 1985(2) throughout the applicable analysis.

*Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Accordingly, Plaintiff's Motion for Relief from Judgment is DENIED.

## II.  MOTION FOR STAY OF JUDGMENT

Under Rule 62(b)(4), a court "may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: . . . (4) under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4). Because the Court has denied the underlying Rule 60(b) motion, Plaintiff's Motion for Stay of Judgment is DENIED, as moot.

## III.  CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion for Relief from Judgment. Plaintiff's Motion for Stay of Judgment is DENIED, as moot. A separate Order shall follow.

Dated: _May 2_, 2016

GEORGE J. HAZEL
United States District Judge